UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
SECURITIES AND EXCHANGE           :
COMMISSION,                       :
                                  :
               Plaintiff,     :   Civil Action
                                  :   No. 05-11853-WGY
     v.                           :
                                  :
BIOPURE CORPORATION, THOMAS       :   **JURY TRIAL DEMANDED**
MOORE, HOWARD RICHMAN, and JANE   :
KOBER,                            :
                                  :
               Defendants.    :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**DEFENDANT JANE KOBER'S
ANSWER AND AFFIRMATIVE DEFENSES**

Defendant Jane Kober ("Defendant"), by her undersigned counsel, answers the Complaint, upon knowledge as to herself and her own acts and otherwise upon information and belief, as follows:

      1.     Defendant denies the allegations in paragraph 1 of the Complaint.

      2.     Defendant denies the allegations in paragraph 2 of the Complaint, except avers that Biopure submitted a biologics license application ("BLA") to the FDA in July 2002, and refers to the BLA for the complete terms and contents thereof.

      3.     Defendant denies the allegations in paragraph 3 of the Complaint, and refers to Biopure's FDA correspondence for the complete terms and contents thereof.

4. Defendant denies the allegations in paragraph 4 of the Complaint, except avers that Biopure's financial condition is presented in its SEC filings, and refers to those filings for the complete terms and contents thereof.

5. Defendant denies the allegations in paragraph 5 of the Complaint, and refers to Biopure's SEC filings and press releases for the complete terms and contents thereof, except avers, upon information and belief, that on August 1, 2003, the closing price of Biopure stock traded on Nasdaq was $7.30 per share.

6. Defendant denies the allegations in paragraph 6 of the Complaint, except avers, upon information and belief, that at various points during 2003, the closing price of Biopure stock traded on Nasdaq was below $3.00 per share.

7. Defendant denies the allegations in paragraph 7 of the Complaint.

8. Defendant denies the allegations in paragraph 8 of the Complaint.

9. Defendant avers that the Complaint speaks for itself and that no further answer is required as to paragraph 9 of the Complaint. To the extent a response is required, Defendant denies the allegations in paragraph 9 of the Complaint.

10. Defendant avers that the allegations in paragraph 10 of the Complaint are legal conclusions as to which no answer is required, except Defendant avers that Biopure Corporation's principal place of business is in this District. To the extent any further response is required, Defendant denies the allegations in paragraph 10 of the Complaint.

11. Defendant denies the allegations in paragraph 11 of the Complaint.

12. Defendant denies the allegations in paragraph 12 of the Complaint, except avers that Biopure is a Delaware corporation with headquarters in Cambridge,

Massachusetts, and that its common stock is registered with the Nasdaq Stock Exchange under the symbol "BPUR."

13. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13 of the Complaint, except avers, upon information and belief, that Thomas Moore was Biopure's President and Chief Executive Officer during a period of time until February 2004.

14. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 of the Complaint, except avers, upon information and belief, that Howard Richman was Biopure's Senior Vice President of Regulatory Affairs and Operations during a period of time until October 2003.

15. Defendant denies the allegations in paragraph 15 of the Complaint, except avers that she is currently Senior Vice President, General Counsel, and Secretary of Biopure; she joined Biopure in May 1998, after serving as outside corporate counsel to the company from 1986-87 and from 1990 until 1998; and that she is a resident of Bellport, New York.

16. Defendant avers that the allegations in paragraph 16 of the Complaint are legal conclusions as to which no answer is required, except avers that the FDA is an agency within the U.S. Department of Health and Human Services. To the extent any further response is required, Defendant denies the allegations in paragraph 16 of the Complaint.

17. Defendant avers that the allegations in paragraph 17 of the Complaint are legal conclusions as to which no answer is required, except avers, upon

information and belief, that the CBER is part of the FDA. To the extent any further response is required, Defendant denies the allegations in paragraph 17 of the Complaint.

18. Defendant avers that the allegations in paragraph 18 of the Complaint are legal conclusions as to which no answer is required. To the extent any further response is required, Defendant denies the allegations in paragraph 18 of the Complaint.

19. Defendant avers that the allegations in paragraph 19 of the Complaint are legal conclusions as to which no answer is required. To the extent any further response is required, Defendant denies the allegations in paragraph 19 of the Complaint.

20. Defendant avers that the allegations in paragraph 20 of the Complaint are legal conclusions as to which no answer is required. To the extent any further response is required, Defendant denies the allegations in paragraph 20 of the Complaint.

21. Defendant denies the allegations in paragraph 21 of the Complaint, except avers that descriptions of Hemopure and Oxyglobin are contained in Biopure's submissions to the FDA, and refers to those submissions for the complete terms and contents thereof.

22. Defendant denies the allegations in paragraph 22 of the Complaint.

23. Defendant denies the allegations in paragraph 23 of the Complaint, except avers that the allegations in the first sentence of paragraph 23 of the Complaint contain legal conclusions as to which no answer is required, and that Biopure's financial

condition is presented in its SEC filings, and refers to those filings for the complete terms and contents thereof.

   24. Defendant denies the allegations in paragraph 24 of the Complaint, and refers to Biopure's SEC filings for the complete terms and contents thereof.

   25. Defendant avers that the allegations in paragraph 25 of the Complaint are legal conclusions as to which no answer is required, and refers to Biopure's BLA for the complete terms and contents thereof. To the extent any further response is required, Defendant denies the allegations in paragraph 25 of the Complaint.

   26. Defendant denies the allegations in paragraph 26 of the Complaint, and refers to Biopure's 2002 Annual Report to shareholders for the complete terms and contents thereof.

   27. Defendant denies the allegations in paragraph 27 of the Complaint, and refers to Biopure's 2002 Annual Report to shareholders for the complete terms and contents thereof.

   28. Defendant denies the allegations in paragraph 28 of the Complaint, and refers to Biopure's IND for the complete terms and contents thereof.

   29. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29 of the Complaint.

   30. Defendant denies the allegations in paragraph 30 of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 30 of the Complaint.

   31. Defendant denies the allegations in paragraph 31 of the Complaint, and refers to Biopure's SEC filings for the complete terms and contents thereof.

32. Defendant denies the allegations in paragraph 32 of the Complaint, and refers to Biopure's SEC filings for the complete terms and contents thereof.

33. Defendant denies the allegations in paragraph 33 of the Complaint.

34. Defendant denies the allegations in paragraph 34 of the Complaint, and refers to Biopure's FDA correspondence for the complete terms and contents thereof.

35. Defendant denies the allegations in paragraph 35 of the Complaint, and refers to Biopure's SEC filings for the complete terms and contents thereof.

36. Defendant denies the allegations in paragraph 36 of the Complaint.

37. Defendant denies the allegations in paragraph 37 of the Complaint, and refers to Biopure's FDA correspondence for the complete terms and contents thereof.

38. Defendant denies the allegations in paragraph 38 of the Complaint, and refers to Biopure's SEC filings for the complete terms and contents thereof.

39. Defendant denies the allegations in paragraph 39 of the Complaint, and refers to Biopure's SEC filings for the complete terms and contents thereof.

40. Defendant denies the allegations in paragraph 40 of the Complaint.

41. Defendant denies the allegations in paragraph 41 of the Complaint, and refers to Biopure's press releases for the complete terms and contents thereof.

42. Defendant denies the allegations in paragraph 42 of the Complaint, and refers to Biopure's press releases for the complete terms and contents thereof.

43. Defendant denies the allegations in paragraph 43 of the Complaint.

44. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 44 of the Complaint, and refers to the transcripts of Biopure's conference calls for the complete terms and contents thereof.

45. Defendant denies the allegations in paragraph 45 of the Complaint.

46. Defendant denies the allegations in paragraph 46 of the Complaint, and refers to Biopure's FDA correspondence for the complete terms and contents thereof.

47. Defendant denies the allegations in paragraph 47 of the Complaint, and refers to Biopure's FDA correspondence for the complete terms and contents thereof.

48. Defendant denies the allegations in paragraph 48 of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations in the first clause of paragraph 48 of the Complaint, and avers that Defendant received a copy of a letter from the FDA on or about May 30, 2003, and refers to the letter for the complete terms and contents thereof.

49. Defendant denies the allegations in paragraph 49 of the Complaint, and refers to Biopure's press releases and the transcripts of Biopure's conference calls for the complete terms and contents thereof.

50. Defendant denies the allegations in paragraph 50 of the Complaint, and refers to Biopure's press releases for the complete terms and contents thereof.

51. Defendant denies the allegations in paragraph 51 of the Complaint.

52. Defendant denies the allegations in paragraph 52 of the Complaint, and refers to Biopure's press releases for the complete terms and contents thereof.

53. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 53 of the Complaint, and refers to the transcripts of Biopure's conference calls for the complete terms and contents thereof.

54. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 54 of the Complaint, and refers to the transcripts of Biopure's conference calls for the complete terms and contents thereof.

55. Defendant denies the allegations in paragraph 55 of the Complaint.

56. Defendant denies the allegations in paragraph 56 of the Complaint, and refers to Biopure's SEC filings for the complete terms and contents thereof.

57. Defendant denies the allegations in paragraph 57 of the Complaint, and refers to Biopure's SEC filings for the complete terms and contents thereof.

58. Defendant denies the allegations in paragraph 58 of the Complaint, and refers to Biopure's SEC filings for the complete terms and contents thereof.

59. Defendant denies the allegations in paragraph 59 of the Complaint, and refers to Biopure's SEC filings for the complete terms and contents thereof.

60. Defendant denies the allegations in paragraph 60 of the Complaint.

61. Defendant denies the allegations in paragraph 61 of the Complaint, and refers to Biopure's FDA correspondence for the complete terms and contents thereof.

62. Defendant denies the allegations in paragraph 62 of the Complaint, and refers to Biopure's SEC filings for the complete terms and contents thereof.

63. Defendant denies the allegations in paragraph 63 of the Complaint, and refers to Biopure's SEC filings for the complete terms and contents thereof.

64. Defendant denies the allegations in paragraph 64 of the Complaint.

65. Defendant denies the allegations in paragraph 65 of the Complaint, and refers to Biopure's SEC filings for the complete terms and contents thereof.

66. Defendant denies the allegations in paragraph 66 of the Complaint.

67. Defendant denies the allegations in paragraph 67 of the Complaint, and refers to Biopure's FDA correspondence for the complete terms and contents thereof.

68. Defendant denies the allegations in paragraph 68 of the Complaint.

69. Defendant denies the allegations in paragraph 69 of the Complaint, and refers to Biopure's FDA correspondence for the complete terms and contents thereof.

70. Defendant denies the allegations in paragraph 70 of the Complaint, and refers to Biopure's FDA correspondence for the complete terms and contents thereof.

71. Defendant denies the allegations in paragraph 71 of the Complaint, and refers to Biopure's FDA correspondence for the complete terms and contents thereof.

72. Defendant denies the allegations in paragraph 72 of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the first clause of the second sentence of paragraph 72 of the Complaint.

73. Defendant denies the allegations in paragraph 73 of the Complaint.

74. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 74 of the Complaint.

75. Defendant denies the allegations in paragraph 75 of the Complaint, except avers that Defendant communicated with Biopure's outside counsel on or about July 31, 2003.

76. Defendant denies the allegations in paragraph 76 of the Complaint, and refers to Biopure's SEC filings and press releases for the complete terms and contents thereof.

77. Defendant denies the allegations in paragraph 77 of the Complaint, and refers to Biopure's press releases for the complete terms and contents thereof.

9

78. Defendant denies the allegations in paragraph 78 of the Complaint, except avers, upon information and belief, that on July 31, 2003, the closing price of Biopure stock traded on Nasdaq was $5.97 per share and on that August 1, 2003, the closing price of Biopure stock traded on Nasdaq was $7.30 per share.

79. Defendant denies the allegations in paragraph 79 of the Complaint.

80. Defendant denies the allegations in paragraph 80 of the Complaint, except avers that Defendant corresponded with Biopure's outside counsel in August 2003 and refers to that correspondence for the complete terms and contents thereof.

81. Defendant denies the allegations in paragraph 81 of the Complaint, and refers to Biopure's SEC filings and press releases for the complete terms and contents thereof.

82. Defendant denies the allegations in paragraph 82 of the Complaint, and refers to Biopure's press releases for the complete terms and contents thereof.

83. Defendant denies the allegations in paragraph 83 of the Complaint.

84. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 84 of the Complaint, and refers to the transcripts of Biopure's conference calls for the complete terms and contents thereof.

85. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 85 of the Complaint, and refers to the transcripts of Biopure's conference calls for the complete terms and contents thereof.

86. Defendant denies the allegations in paragraph 86 of the Complaint.

87. Defendant denies the allegations in paragraph 87 of the Complaint, and refers to Biopure's SEC filings for the complete terms and contents thereof.

88. Defendant denies the allegations in paragraph 88 of the Complaint, and refers to Biopure's SEC filings for the complete terms and contents thereof.

89. Defendant denies the allegations in paragraph 89 of the Complaint.

90. Defendant denies the allegations in paragraph 90 of the Complaint, except avers, upon information and belief, that Biopure's outside counsel communicated with FDA staff in late August 2003.

91. Defendant denies the allegations in paragraph 91 of the Complaint, and refers to Biopure's SEC filings for the complete terms and contents thereof.

92. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 92 of the Complaint, except avers, upon information and belief, that on September 12, 2003, the closing price of Biopure stock traded on Nasdaq was $8.00 per share and that on September 15, 2003, the closing price of Biopure stock traded on Nasdaq was $7.48 per share.

93. Defendant denies the allegations in paragraph 93 of the Complaint, and refers to Biopure's SEC filings for the complete terms and contents thereof.

94. Defendant denies the allegations in paragraph 94 of the Complaint, and refers to Biopure's SEC filings for the complete terms and contents thereof.

95. Defendant denies the allegations in paragraph 95 of the Complaint, and refers to Biopure's SEC filings for the complete terms and contents thereof.

96. Defendant denies the allegations in paragraph 96 of the Complaint, and refers to Biopure's SEC filings for the complete terms and contents thereof.

97. Defendant denies the allegations in paragraph 97 of the Complaint.

98. Defendant denies the allegations in paragraph 98 of the Complaint, and refers to Biopure's SEC filings and press releases for the complete terms and contents thereof.

99. Defendant denies the allegations in paragraph 99 of the Complaint, and refers to Biopure's press releases for the complete terms and contents thereof.

100. Defendant denies the allegations in paragraph 100 of the Complaint.

101. Defendant denies the allegations in paragraph 101 of the Complaint, except avers, upon information and belief, that on October 30, 2003, the closing price of Biopure stock traded on Nasdaq was $3.68 per share and that on October 29, 2003, the closing price of Biopure stock traded on Nasdaq was $6.05 per share.

102. Defendant denies the allegations in paragraph 102 of the Complaint, and refers to Biopure's SEC filings and press releases for the complete terms and contents thereof.

103. Defendant denies the allegations in paragraph 103 of the Complaint.

104. Defendant denies the allegations in paragraph 104 of the Complaint, and refers to Biopure's SEC filings and press releases for the complete terms and contents thereof, except avers, upon information and belief, that on December 26, 2003, the closing price of Biopure stock traded on Nasdaq was $2.43 per share, on December 29, 2003, the closing price of Biopure stock traded on Nasdaq was $2.33 per share, and on December 24, 2003, the closing price of Biopure stock traded on Nasdaq was $2.82 per share.

105. Defendant denies the allegations in paragraph 105 of the Complaint, except avers that Biopure raised capital in 2003, and refers to Biopure's SEC filings for the complete terms and contents thereof.

106. Defendant denies the allegations in paragraph 106 of the Complaint.

107. Defendant repeats and realleges her answers to paragraphs 1-106 of the Complaint as if fully set forth herein.

108. Defendant denies the allegations in paragraph 108 of the Complaint.

109. Defendant denies the allegations in paragraph 109 of the Complaint.

110. Defendant denies the allegations in paragraph 110 of the Complaint.

111. Defendant repeats and realleges her answers to paragraphs 1-110 of the Complaint as if fully set forth herein.

112. Defendant denies the allegations in paragraph 112 of the Complaint.

113. Defendant denies the allegations in paragraph 113 of the Complaint.

114. Defendant denies the allegations in paragraph 114 of the Complaint.

115. Defendant repeats and realleges her answers to paragraphs 1-114 of the Complaint as if fully set forth herein.

116. Defendant avers that the allegations in paragraph 116 of the Complaint are legal conclusions as to which no answer is required. To the extent any further response is required, Defendant denies the allegations in paragraph 116 of the Complaint.

117. Defendant denies the allegations in paragraph 117 of the Complaint.

118. Defendant repeats and realleges her answers to paragraphs 1-117 of the Complaint as if fully set forth herein.

119. Defendant avers that the allegations in paragraph 119 of the Complaint are legal conclusions as to which no answer is required. To the extent any further response is required, Defendant denies the allegations in paragraph 119 of the Complaint.

120. Defendant denies the allegations in paragraph 120 of the Complaint.

121. Defendant denies the allegations in paragraph 121 of the Complaint.

122. Defendant repeats and realleges her answers to paragraphs 1-121 of the Complaint as if fully set forth herein.

123. Defendant avers that the allegations in paragraph 123 of the Complaint are legal conclusions as to which no answer is required. To the extent any further response is required, Defendant denies the allegations in paragraph 123 of the Complaint.

124. Defendant denies the allegations in paragraph 124 of the Complaint.

FURTHER, Defendant denies the allegations in the unnumbered paragraph of the Complaint beginning with the word "WHEREFORE" (including subparagraphs "I." through "IV." thereof) and denies that Plaintiff is entitled to any relief whatsoever. Defendant therefore requests that the Complaint be dismissed with prejudice in its entirety.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint, and each claim for relief, fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

No misrepresentation, or false or misleading statement or omission was made by or on behalf of Defendant that directly or indirectly: (a) involved any material fact; (b) was relied upon by market participants, including investors; (c) caused or contributed to any loss or damage incurred by market participants, including investors; (d) was made in connection with the purchase or sale of any security by any market participant, including investors; (e) was made with any requisite level of scienter or intent to deceive; or (f) would operate as a fraud or deceit upon anyone.

### THIRD AFFIRMATIVE DEFENSE

Defendant did not employ any device, scheme or artifice to defraud, including any that directly or indirectly: (a) involved any material fact; (b) was relied upon by market participants, including investors; (c) caused or contributed to any loss or damage incurred by market participants, including investors; (d) was made in connection with the purchase or sale of any security by any market participant, including investors; (e) was made with any requisite level of scienter or intent to deceive; or (f) would operate as a fraud or deceit upon anyone.

### FOURTH AFFIRMATIVE DEFENSE

Defendant did not engage in any act, practice, course of business or transaction that operated as a fraud or deceit, including any that directly or indirectly: (a)

involved any material fact; (b) was relied upon by market participants, including investors; (c) caused or contributed to any loss or damage incurred by market participants, including investors; (d) was made in connection with the purchase or sale of any security by any market participant, including investors; or (e) was made with any requisite level of scienter or intent to deceive.

### FIFTH AFFIRMATIVE DEFENSE

Defendant did not obtain any money or property by any means that directly or indirectly: (a) involved in any way any untrue statement of material fact or omission to state material facts necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; (b) was relied upon by market participants, including investors; (c) caused or contributed to any loss or damage incurred by market participants, including investors; (d) was made in connection with the purchase or sale of any security by any market participant, including investors; (e) was made with any requisite level of scienter or intent to deceive; or (f) would operate as a fraud or deceit upon anyone.

### SIXTH AFFIRMATIVE DEFENSE

The statements alleged in the Complaint to have been made (or omitted), if any were in fact made (or omitted), had a basis in fact or reasonable basis.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because Defendant at all times acted in good faith, exercised reasonable due diligence, and because Defendant had after reasonable investigation, reasonable grounds to believe and did believe, at the time such statements were made (if any), that such statements were true and/or not misleading.

## EIGHTH AFFIRMATIVE DEFENSE

The Complaint, and each claim for relief, fails to plead fraud with sufficient particularity.

## NINTH AFFIRMATIVE DEFENSE

Defendant complied faithfully with all duties of disclosure to which she was subject, if any, and breached no duty of disclosure applicable to her.

## TENTH AFFIRMATIVE DEFENSE

The business judgment rule protects Defendant's alleged actions or failures to act and, thus, bars Plaintiff's claims.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims against Defendant for aiding and abetting violations of the securities laws fails as a matter of law because Biopure did not violate any applicable law or statute; or, to the extent Biopure's conduct did violate some law or statute, Defendant did not know or was not reckless in not knowing that Biopure's conduct constituted such violation.

## TWELFTH AFFIRMATIVE DEFENSE

If anyone suffered loss or damages, which Defendant denies, that loss or damages resulted from causes other than any alleged act or omission by Defendant.

## THIRTEENTH AFFIRMATIVE DEFENSE

The fraud-on-the-market theory is not a basis of liability with respect to any of the claims in this action.

### FOURTEENTH AFFIRMATIVE DEFENSE

The statements alleged in the Complaint to have been made, if any were in fact made, were forward-looking statements protected by applicable safe harbor provisions.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Biopure's public statements, registration statement/prospectus, prospectus supplements, and annual and quarterly filings with the SEC, sufficiently bespoke caution.

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by applicable statutes of limitation and/or the doctrines of laches, and/or estoppel, and/or unclean hands and/or waiver.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Defendant is not liable as a controlling person within the meaning of Section 20(a) of the Exchange Act, or any rule or regulation promulgated thereunder, because she acted in good faith and did not directly or indirectly induce any acts or failures to act allegedly constituting a primary violation of any statute, or any rule or regulation promulgated thereunder.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because there was no culpable participation.

NINETEENTH AFFIRMATIVE DEFENSE

Defendant is entitled to payment of her attorneys' fees by Plaintiff pursuant to § 11(e) of the Securities Act of 1933, 15 U.S.C. § 77k(e).

TWENTIETH AFFIRMATIVE DEFENSE

Defendant hereby gives notice that she intends to rely upon such other and further defenses as may become available or apparent during pretrial proceedings in this action and hereby reserves her rights to amend her answer and assert all such defenses.

WHEREFORE, Defendant respectfully requests that this Court:

(1) Deny any and all relief requested by Plaintiff;

(2) Dismiss the Complaint with prejudice and enter judgment in favor of Defendant on all Counts of the Complaint;

(3) Award Defendant her attorneys' fees and costs incurred in the defense of this action; and

(4) Award Defendant such further relief as the Court deems just and proper.

**JURY DEMAND**

Defendant demands a trial by jury on all issues so triable.

Dated: October 11, 2005
Boston, Massachusetts

Respectfully submitted,

  /s/ Thomas J. Dougherty
Thomas J. Dougherty (BBO #132300)
Justin J. Daniels (BBO #656118)
Scott T. Lashway (BBO #655268)
SKADDEN, ARPS, SLATE,
   MEAGHER & FLOM LLP
One Beacon Street
Boston, Massachusetts 02108
(617) 573-4800

Counsel for Defendant
Jane Kober