UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, )<br>)<br>Plaintiff, )<br>v.                                          )<br>)<br>BIOPURE CORPORATION, THOMAS MOORE, )<br>HOWARD RICHMAN and JANE KOBER,   )<br>)<br>Defendant.                          )<br>) | C.A. No. 02-10590-NG |

## ANSWER AND AFFIRMATIVE DEFENSES AND JURY DEMAND OF DEFENDANT THOMAS MOORE

Defendant Thomas Moore ("Moore") for his answer to the Complaint (the "Complaint") of Plaintiff the Securities and Exchange Commission ("SEC") states as follows:

1. Denies each and every allegation contained in paragraph 1 of the Complaint.

2. Denies each and every allegation contained in paragraph 2 of the Complaint, except Moore admits Defendant Biopure Corporation ("Biopure") submitted a biologics license application ("BLA") to the Food and Drug Administration ("FDA") in or about July, 2002 to which the Court respectfully is referred for its contents.

3. Denies each and every allegation contained in paragraph 3 of the Complaint and respectfully refers the Court to the Biopure/FDA correspondence for its contents.

4. Denies each and every allegation in paragraph 4 of the Complaint and respectfully refers the Court to Biopure's financial filings with the SEC for their contents.

5-8. Denies each and every allegation contained in paragraphs 5-8, inclusive, of the Complaint.

1

9-11. Denies each and every allegation contained in paragraphs 9-11, inclusive, of the Complaint, except Moore admits the SEC avers this Court has jurisdiction over the Claims in the Complaint.

12. Denies each and every allegation contained in paragraph 12 of the Complaint, except Moore admits Biopure is a Delaware Corporation with its headquarters in Cambridge, Massachusetts and that its common stock is registered under Section 12(g) of the Securities Exchange Act of 1934, 15 U.S.C. §78l(g) ("Exchange Act"), and trades on the NASDAQ Stock Exchange under the symbol "BPUR."

13. Admits each and every allegation contained in paragraph 13 of the Compliant, except Moore denies that he is a resident of Boston, Massachusetts and states that he is a resident of Princeton, New Jersey.

14. Denies knowledge or information sufficient to form a belief as to the truth of the allegations, or any of them, contained in paragraph 14 of the Complaint, except Moore admits Defendant Howard Richman ("Richman") was Senior Vice President of Regulatory Affairs and Operations at Biopure from Spring 2003 until on or about October, 2003 and that prior to that time he was Vice President of Regulatory Affairs and Compliance.

15. Denies knowledge or information sufficient to form a belief as to the truth of the allegations, or any of them, contained in paragraph 15 of the Complaint, except Moore admits Defendant Jane Kober ("Kober") was Senior Vice President, General Counsel and Secretary of Biopure during Moore's employment with Biopure.

16-20. Denies knowledge or information sufficient to form a belief as to the truth of the allegations, or any of them, contained in paragraphs 16-20, inclusive, of the Complaint.

21. Denies each and every allegation contained in paragraph 21 of the Complaint, except Moore admits Hemopure and Oxyglobin are Biopure products that are described in detail in Biopure submissions to the FDA to which the Court respectfully is referred for their contents.

22-24. Denies each and every allegation contained in paragraphs 22-24, inclusive, of the Complaint.

25. Denies each and every allegation contained in paragraph 25 of the Complaint and respectfully refers the Court to the BLA for its contents.

26-27. Denies each and every allegation contained in paragraphs 26 and 27 of the Complaint and respectfully refers the Court to Biopure's 2002 Annual Report for its contents.

28. Denies each and every allegation contained in paragraph 28 of the Complaint and respectfully refers the Court to the IND for its contents.

29. Denies knowledge or information sufficient to form a belief as to the truth of the allegations, or any of them, contained in paragraph 29 of the Complaint.

30. Denies each and every allegation contained in paragraph 30 of the Complaint, except Moore denies knowledge or information sufficient to form a belief as to the truth of the allegations, or any of them, concerning Kober.

31-32. Denies each and every allegation contained in paragraphs 31 and 32 of the Complaint, except Moore admits that on or about April 16 and 17, 2003 Biopure filed Amendment No. 1 to a Form S-3 and a Rule 424(b)(3) prospectus to which the Court respectfully is referred for their contents.

33.    Denies each and every allegation contained in paragraph 33-34, inclusive, of the Complaint.

35-36.   Denies each and every allegation contained in paragraphs 35 and 36 of the Complaint, except Moore admits Biopure filed with the SEC a Rule 424(b)(3) prospectus supplement on or about May 2, 2003 and a Rule 424(b)(3) prospectus supplement on or about May 5, 2003 to which the Court respectfully is referred for their contents.

38-43.   Denies each and every allegation contained in paragraphs 38-43, inclusive, of the Complaint, except Moore admits Biopure issued a press release on May 22, 2003 and filed a Form 8-K with the SEC on May 14, 2003 to which the Court respectfully is referred for their contents.

44-45.   Denies each and every allegation contained in paragraphs 44 and 45, except Moore admits he participated in a conference call on May 22, 2003 and the Court respectfully is referred to the transcript thereof for its contents.

46-48.   Denies each and every allegation contained in paragraphs 46-48, inclusive, of the Complaint, except Moore admits the FDA sent two (2) letters to Biopure, each dated May 30, 2003, to which the Court respectfully is referred for their contents.

49-55.   Denies each and every allegation contained in paragraphs 49-55, inclusive, of the Complaint, except Moore admits that Biopure issued a press release on May 30, 2003 and that he participated in an investor call on May 30, 2003, and the Court respectfully is referred to the press release and the transcript of the call for their contents.

56-60.   Denies each and every allegation contained in paragraphs 56-60, inclusive, of the Complaint, except Moore admits Biopure filed with the SEC a Form 10-Q on or about June 16, 2003, a Form S-3 on or about June 19, 2003, an Amendment for the Form S-3 on or about July 2,

2003 and a Rule 424(b)(3) prospectus on or about July 3, 2003 to which the Court respectfully is referred for their contents.

61-66. Denies each and every allegation contained in paragraphs 61-66, inclusive, of the Complaint, except Moore admits Biopure filed with the SEC a Form 8-K on or about July 17, 2003 and a Rule 424(b)(5) prospectus supplement on or about July 18, 2003 to which the Court respectfully is referred for their contents.

67-75. Denies each and every allegation contained in paragraphs 67-75, inclusive, of the Complaint, except Moore admits Biopure received two (2) letters from the FDA on or about July 30, 2003 to which the Court respectfully is referred for their contents.

76-80. Denies each and every allegation contained in paragraphs 76-80, inclusive, of the Complaint, except Moore admits Biopure on or about August 1, 2003 issued a press release and filed a Form 8-K with the SEC to which the Court respectfully is referred for their contents.

81-89. Denies each and every allegation contained in paragraphs 81-89, inclusive, of the Complaint, except Moore admits that Biopure issued a press release on or about August 21, 2003, filed a Form 8-K with the SEC on or about September 15, 2003 and filed a Form S-3 with the SEC on or about August 22, 2003 and that Moore participated in an investor call on or about August 21, 2003, and the Court respectfully is referred to the press release, the filings with the SEC and the transcript of the call for their contents.

90-101. Denies each and every allegation contained in paragraphs 90-101, inclusive, of the Complaint, except Moore admits Biopure filed with the SEC two (2) Forms 424(b)(3) on or about September 12 and September 15, 2003 respectively and a Form 10-Q on or about September 15, 2003 and that it issued a press release on or about October 30, 2003, to which the Court respectfully is referred for their contents.

102-104. Denies each and every allegation contained in paragraphs 102-104, inclusive, of the Complaint, except Moore admits Biopure issued press releases on or about December 11 and 24, 2003 and filed a Form 8-K with the SEC on or about December 24, 2003, to which the Court respectfully is referred for their contents.

105-106. Denies each and every allegation contained in paragraph 105-106, inclusive, of the Complaint.

## FIRST CLAIM

105.    Incorporates his responses to paragraphs 1-106 of the Complaint, as set forth above.

108-110. Denies each and every allegation contained in paragraphs 108-110, inclusive, of the Complaint.

## SECOND CLAIM

111.    Incorporates his responses to paragraphs 1-110 of the Complaint, as set forth above.

112-114. Denies each and every allegation contained in paragraphs 112-114, inclusive, of the Complaint.

## THIRD CLAIM

115.    Incorporates his responses to paragraphs 1-114 of the Complaint, as set forth above.

116-117. Denies each and every allegation contained in paragraphs 116-117, inclusive, of the Complaint.

## FOURTH CLAIM

118.   Incorporates his responses to paragraphs 1-117 of the Complaint, as set forth above.

119-121.   Denies each and every allegation contained in paragraphs 119-121, inclusive, of the Complaint.

## FIFTH CLAIM

122.   Incorporates his responses to paragraphs 1-121 of the Complaint, as set forth above.

123-124.   Denies each and every allegation contained in paragraphs 123-124, inclusive, of the Complaint.

## **AFFIRMATIVE DEFENSES**

### FIRST AFFIRMATIVE DEFENSE

125.   The Complaint, and each claim for relief, fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

126.   No misrepresentation, or false or misleading statement or omission was made by or on behalf of Moore that directly or indirectly:  (a) involved any material fact; (b) was relied upon by market participants, including investors; (c) caused or contributed to any loss or damage incurred by market participants, including investors; (d) was made in connection with the purchase or sale of any security by any market participant, including investors; (e) was made with any requisite level of scienter or intent to deceive; or (f) would operate as a fraud or deceit upon anyone.

## THIRD AFFIRMATIVE DEFENSE

127. Moore did not employ any device, scheme or artifice to defraud, including any that directly or indirectly: (a) involved any material fact; (b) was relied upon by market participants, including investors; (c) caused or contributed to any loss or damage incurred by market participants, including investors; (d) was made in connection with the purchase or sale of any security by any market participant, including investors; (e) was made with any requisite level of scienter or intent to deceive; or (f) would operate as a fraud or deceit upon anyone.

## FOURTH AFFIRMATIVE DEFENSE

128. Moore did not engage in any act, practice, course of business or transaction that operated as a fraud or deceit, including any that directly or indirectly: (a) involved any material fact; (b) was relied upon by market participants, including investors; (c) caused or contributed to any loss or damage incurred by market participants, including investors; (d) was made in connection with the purchase or sale of any security by any market participant, including investors; or (e) was made with any requisite level of scienter or intent to deceive.

## FIFTH AFFIRMATIVE DEFENSE

129. Moore did not obtain any money or property by any means that directly or indirectly: (a) involved in any way any untrue statement of material fact or omission to state material facts necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; (b) was relied upon by market participants, including investors; (c) caused or contributed to any loss or damage incurred by market participants, including investors; (d) was made in connection with the purchase or sale of any security by any market participant, including investors; (e) was made with any requisite level of scienter or intent to deceive; or (f) would operate as a fraud or deceit upon anyone.

## SIXTH AFFIRMATIVE DEFENSE

130. The statements alleged in the Complaint to have been made (or omitted), if any were in fact made (or omitted), had a basis in fact or reasonable basis.

## SEVENTH AFFIRMATIVE DEFENSE

131. The claims in the Complaint are barred because Moore at all times acted in good faith, exercised reasonable due diligence, and because Moore had after reasonable investigation, reasonable grounds to believe and did believe, at the time such statements were made (if any), that such statements were true and/or not misleading.

## EIGHTH AFFIRMATIVE DEFENSE

132. The Complaint, and each claim for relief, fails to plead fraud with sufficient particularity.

## NINTH AFFIRMATIVE DEFENSE

133. Moore complied faithfully with all duties of disclosure to which he was subject, if any, and breached no duty of disclosure applicable to him.

## TENTH AFFIRMATIVE DEFENSE

134. The business judgment rule protects Moore's alleged actions or failures to act and, thus, bars the claims in the Complaint.

## ELEVENTH AFFIRMATIVE DEFENSE

135. The claims against Moore for aiding and abetting violations of the securities laws fails as a matter of law, because Biopure did not violate any applicable law or statute; or, to the extent Biopure's conduct did violate some law or statute, Moore did not know or was not reckless in not knowing that Biopure's conduct constituted such violation.

## TWELFTH AFFIRMATIVE DEFENSE

136. If anyone suffered loss or damages, which Moore denies, that loss or damages resulted from causes other than any alleged act or omission by Moore.

## THIRTEENTH AFFIRMATIVE DEFENSE

137. The fraud-on-the-market theory is not a basis of liability with respect to any of the claims in this action.

## FOURTEENTH AFFIRMATIVE DEFENSE

138. The SEC's claims are barred, in whole or in part, because Biopure's public statements, registration statement/prospectus, prospectus supplements, and annual and quarterly filings with the SEC, sufficiently bespoke caution.

## FIFTEENTH AFFIRMATIVE DEFENSE

139. The SEC's claims are barred, in whole or in part, by applicable statutes of limitation and/or the doctrines of laches, and/or estoppel, and/or unclean hands and/or waiver.

## SIXTEENTH AFFIRMATIVE DEFENSE

140. The statements alleged in the Complaint to have been made, if any in fact were made, were forward-looking statements protected by applicable safe harbor provisions.

## SEVENTEENTH AFFIRMATIVE DEFENSE

141. Moore is not liable as a controlling person within the meaning of Section 20(a) of the Exchange Act, or any rule or regulation promulgated thereunder, because he acted in good faith and did not directly or indirectly induce any acts or failures to act allegedly constituting a primary violation of any statute, or any rule or regulation promulgated thereunder.

## EIGHTEENTH AFFIRMATIVE DEFENSE

142. The claims in the Complaint are barred, in whole or in part, because there was no culpable participation.

## NINETEENTH AFFIRMATIVE DEFENSE

143. The balance of equities in this case favors Moore over the SEC.

## TWENTIETH AFFIRMATIVE DEFENSE

144. Moore is entitled to payment of its attorneys' fees by the SEC pursuant to § 11(e) of the Securities Act of 1933, 15 U.S.C. § 77k(e).

## TWENTY FIRST AFFIRMATIVE DEFENSE

145. Moore hereby gives notice that he intends to rely upon such other and further defenses as may become available or apparent during pretrial proceedings in this action and hereby reserves his rights to amend his answer and assert all such defenses.

## **REQUEST FOR TRIAL BY JURY**

146. Moore hereby requests a trial by jury on all such matters that may be so tried.

## **PRAYERS FOR RELIEF**

WHEREFORE, Defendant Thomas Moore respectfully requests that this Court:

1. Enter judgment in his favor dismissing the Complaint with prejudice;

2. Award him his costs and attorneys' fees in defending this action; and

3. Grant him such other and further relief as may be just and appropriate.


Dated: Boston, Massachusetts
       October 11, 2005

DECHERT LLP

By: _____
    Bernard J. Bonn III (BBO #049140)
    Erica L. Hovani (BBO #655030)
200 Clarendon Street, 27th Fl
Boston, MA 02116
(617) 728-7100

ATTORNEYS FOR DEFENDANT