UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>                        Plaintiff,<br><br>     v.<br><br>BIOPURE CORPORATION, THOMAS MOORE, HOWARD RICHMAN and JANE KOBER,<br><br>                        Defendant. | CIVIL ACTION NO.<br><br>05-CA-11853-WGY |

## ANSWER, AFFIRMATIVE DEFENSES AND JURY DEMAND

Defendant Biopure Corporation ("Biopure") hereby answers the Complaint of the Securities and Exchange Commission as follows:

### Summary

1.     Biopure denies the allegations of Paragraph 1.

2.     Biopure denies the allegations of Paragraph 2, except Biopure admits it was founded in 1984 and that it has devoted resources toward developing an oxygen therapeutic designed to deliver oxygen intravenously; the product for human use is called Hemopure®; and Biopure submitted a biologics license application to the Food and Drug Administration ("FDA") in or about July 2002 for approval to use Hemopure in the treatment of orthopedic surgery patients ("BLA").

3.     Biopure denies the allegations of Paragraph 3 and refers to the communications between Biopure and FDA for the complete contents thereof.

4.     Biopure denies the allegations of Paragraph and refers to its periodic filings for the complete contents thereof.

5.    Biopure denies the allegations of Paragraph 5, except Biopure admits that it issued a press release dated August 1, 2003, and refers to that press release for the complete contents thereof, and refers to historical price information regarding its stock price.

6.    Biopure denies the allegations of Paragraph 6 and refers to historical price information regarding its stock price.

7.    Biopure denies the allegations of Paragraph 7.

8.    Biopure denies the allegations of Paragraph 8.  Biopure denies that the Commission is entitled to any of the remedies listed in Paragraph 8.

## Jurisdiction

9.    Paragraph 9 sets forth the statutory basis for this action to which no response is required.

10.    Paragraph 10 sets forth a conclusion of law to which no response is required.

11.    Biopure denies the allegations of Paragraph 11, except Biopure admits that from time to time it has used the mails or the means or instruments of transportation or communication in interstate commerce.  Further answering, Biopure denies liability under any of the theories set forth in this Complaint.

## The Defendants

12.    Biopure denies the allegations of Paragraph 12, except Biopure admits that it is a Delaware corporation, and a biopharmaceutical corporation with its headquarters in Cambridge, MA, and that Biopure's stock is registered with the NASDAQ Stock Exchange under the symbol "BPUR."

13.    Biopure denies the allegations of the first three sentences of Paragraph 12, except Biopure admits that Thomas Moore was Chief Executive Officer, President and a director of Biopure from July 2002 through February 2004 and that a company that employed Thomas Moore provided consulting services to Biopure

prior to his joining Biopure, but not from 1996-2002.  Biopure is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 13.

14.    Biopure denies the allegations of the first two sentences of Paragraph 14, except Biopure admits that Howard Richman was the Senior Vice President of Regulatory Affairs and Operations of Biopure from Spring 2003 until October 2003. Biopure is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 14.

15.    Biopure denies the allegations of Paragraph 15, except Biopure admits that Jane Kober is currently Senior Vice President, General Counsel and Secretary of Biopure; she joined Biopure in May 1998, after serving as outside corporate counsel to the company from 1986-87 and from 1990 until 1998; and that she is a resident of Bellport, New York.

**Allegations**

16.    Biopure denies the allegations of Paragraph 16 and refers to the United States Code and the Code of Federal Regulations regarding the FDA.

17.    Biopure denies the allegations of Paragraph 17 and refers to its periodic reports for the complete contents thereof and to the United States Code and the Code of Federal Regulations regarding the FDA.

18.    Biopure denies the allegations of Paragraph 18 and refers to United States Code and the Code of Federal Regulations regarding the FDA.

19.    Biopure denies the allegations of Paragraph 19 and refers to the United States Code and the Code of Federal Regulations regarding the FDA.

20.    Biopure denies the allegations of Paragraph 20 and refers to the United States Code and the Code of Federal Regulations regarding FDA.

21.    Biopure denies the allegations of Paragraph 21 and refers to its periodic reports and submissions to the FDA for the complete contents thereof.

LITDOCS/618178.1

22.    Biopure denies the allegation of Paragraph 22.

23.    Biopure states that the first sentence of Paragraph 23 states a conclusion of law to which no response is required.  Biopure denies the allegations in the remainder of Paragraph 23, except Biopure admits that it was founded in 1984 and that information about its finances is set forth in its periodic filings and refers to those periodic filings for the complete contents thereof.

24.    Biopure denies the allegations of Paragraph 24, except Biopure admits that it made a filing of the type listed on the date listed and refers to that filing for the complete contents thereof.

25.    Biopure denies the allegations of Paragraph 25, except Biopure admits that it submitted the BLA on or about July 31, 2002.

26.    Biopure denies the allegations of Paragraph 26, except Biopure admits that it issued a letter to shareholders that was contained in Biopure's 2002 Annual Report to Shareholders dated February 4, 2003, partially quoted in Paragraph 26, and refers to the 2002 Annual Report to Shareholders which contains the Company's 2002 Form 10-K for the complete contents thereof.

27.    Biopure denies the allegations of Paragraph 27, except Biopure admits that the February 4, 2003 letter was included in the 2002 Annual Report to Shareholders and Biopure refers to the 2002 Annual Report to Shareholders which contains the Company's 2002 Form 10-K for the complete contents thereof.

28.    Biopure denies the allegations of Paragraph 28.

29.    Biopure denies the allegations of Paragraph 29 and refers to its communications with the FDA for the complete contents thereof.

30.    Biopure refers to and incorporates by reference here the answers of Defendants Moore, Richman and Kober.

31.    Biopure denies the allegations of Paragraph 31, except Biopure admits that it made filings of the type listed on the dates listed and refers to those filings

- 4 -

for the complete contents thereof. Biopure refers to and incorporates by reference here the answers of Defendants Moore, Richman and Kober.

32. Biopure denies the allegations of Paragraph 32 and refers to the referenced filings for the complete contents thereof.

33. Biopure denies the allegations of Paragraph 33.

34. Biopure denies the allegations of Paragraph 34, except Biopure admits that it received a letter from the FDA stamped April 25, 2003, and refers to the letter for the complete contents thereof.

35. Biopure denies the allegations of Paragraph 35, except Biopure admits that it made filings of the types listed on the dates listed and refers to those filings for the contents thereof. Biopure refers to and incorporates by reference here the answers of Defendants Moore, Richman and Kober.

36. Biopure denies the allegations of Paragraph 36.

37. Biopure denies the allegations of Paragraph 37, except Biopure admits that it made a submission to the FDA dated May 12, 2003 and Biopure refers to the submission for the complete contents thereof. Biopure refers to and incorporates by reference here the answers of Moore, Richman and Kober.

38. Biopure denies the allegations of Paragraph 38, except Biopure admits that it made a filing of the type listed on the date listed and refers to that filing for the complete contents thereof. Biopure refers to and incorporates by reference here the answers of Moore, Richman and Kober.

39. Biopure denies the allegations of Paragraph 39, except Biopure admits that it made a filing of the type listed on the date listed and refers to that filing for the complete contents thereof.

40. Biopure denies the allegations of Paragraph 40.

LITDOCS/618178.1

41.    Biopure denies the allegations of Paragraph 41, except Biopure admits that it issued a press release dated May 22, 2003 and made a filing of the type listed and refers to that press release and that filing for the complete contents thereof.

42.    Biopure denies the allegations of Paragraph 42, except Biopure admits that it issued a press release dated May 22, 2003 and refers to that press release for the complete contents thereof.

43.    Biopure denies the allegations of Paragraph 43.

44.    Biopure denies the allegations of Paragraph 44, except Biopure refers to the entire transcript of investor calls for the complete contents thereof.

45.    Biopure denies the allegations of Paragraph 45.

46.    Biopure denies the allegations of Paragraph 46, except Biopure admits that it received two letters from FDA stamped May 30, 2003 and Biopure refers to the letters for the complete contents thereof.

47.    Biopure denies the allegations of Paragraph 47, except Biopure admits that it received two letters from FDA stamped May 30, 2003 and Biopure refers to the letters for the complete contents thereof.

48.    Biopure refers to and incorporates by reference here the answers of Moore, Richman and Kober.

49.    Biopure denies the allegations of the first sentence of Paragraph 49, except Biopure admits that it issued a press release dated May 30, 2003 and refers to that press release for the complete contents thereof.  Biopure refers to and incorporates by reference here the answers of Moore, Richman and Kober.

50.    Biopure denies the allegations of the first sentence of Paragraph 50, except Biopure admits that it issued a press release dated May 30, 2003 and refers to that press release for the complete contents thereof.

51.    Biopure denies the allegations of Paragraph 51.

52.    Biopure denies the allegations of Paragraph 52.

LITDOCS/618178.1

53.    Biopure denies the allegations of Paragraph 53, except Biopure refers to the entire transcripts of investor calls for the complete contents thereof.

54.    Biopure denies the allegations of Paragraph 54, except Biopure refers to the entire transcripts of investor calls for the complete contents thereof.

55.    Biopure denies the allegations of Paragraph 55.

56.    Biopure denies the allegations of Paragraph 56, except Biopure admits that it made a filing of the type listed on the date listed and refers to the filing for the complete contents thereof.  Biopure refers to and incorporates by reference here the answers of Moore, Richman and Kober.

57.    Biopure denies the allegations of Paragraph 57, except Biopure admits that it made filings of the type listed on the dates listed and refers to the filings for the complete contents thereof.

58.    Biopure refers to and incorporates by reference here the answers of Moore, Richman and Kober.

59.    Biopure denies the allegations of Paragraph 59, except Biopure admits that it made filings of the type listed and refers to the filings for the complete contents thereof.  Biopure refers to and incorporates by reference here the answers of Moore, Richman and Kober.

60.    Biopure denies the allegations of Paragraph 60.

61.    Biopure denies the allegations in Paragraph 61, except Biopure admits that it made a submission to FDA dated July 2, 2003 and Biopure refers to the submission for the complete contents thereof.  Biopure refers to and incorporates by reference here the answers of Moore, Richman and Kober.

62.    Biopure denies the allegations of Paragraph 62, except Biopure admits that it made a filing of the type listed on the date listed and refers to that filing for the complete contents thereof.  Biopure refers to and incorporates by reference here the answers of Moore and Kober.

LITDOCS/618178.1

63.     Biopure denies the allegations of Paragraph 63, except Biopure admits that it made a filing of the type listed on the date listed and refers to that filing for the complete contents thereof.

64.     Biopure denies the allegations of Paragraph 64.

65.     Biopure denies the allegations of Paragraph 65, except Biopure admits that it made a filing of the type listed on the date listed and refers to that filing for the complete contents thereof.  Biopure refers to and incorporates by reference here the answers of Richman, Moore and Kober.

66.     Biopure denies the allegations of Paragraph 66.

67.     Biopure denies the allegations of Paragraph 67, except Biopure admits that it received two letters from FDA stamped July 30, 2003 and Biopure refers to those two letters for the complete contents thereof.

68.     Biopure denies the allegations of Paragraph 68.

69.     Biopure denies the allegations of Paragraph 69, except Biopure admits that it received two letters from FDA stamped July 30, 2003 and Biopure refers to those two letters for the complete contents thereof.

70.     Biopure denies the allegations of Paragraph 70, except Biopure admits that it received two letters from FDA stamped July 30, 2003 and Biopure refers to those two letters for the complete contents thereof.

71.     Biopure denies the allegations of Paragraph 71, except Biopure admits that it received two letters from FDA stamped July 30, 2003 and Biopure refers to those two letters for the complete contents thereof.

72.     Biopure refers to and incorporates by reference here the answers of Moore, Richman and Kober.

73.     Biopure denies the allegations of Paragraph 73.

74.     Biopure denies the allegations in Paragraph 74.

LITDOCS/618178.1

75.    Biopure denies the allegations of Paragraph 75, except Biopure admits that on or about July 31, 2003 it communicated with outside counsel.

76.    Biopure denies the allegations of Paragraph 76, except Biopure admits that it issued a press release dated August 1, 2003 and made a filing of the type listed and refers to that press release and that filing for the complete contents thereof.  Biopure refers to and incorporates by reference here the answers of Moore, Richman and Kober.

77.    Biopure denies the allegations of Paragraph 77, except Biopure admits that it issued a press release dated August 1, 2003 and refers to that press release for the complete contents thereof.

78.    Biopure denies the allegations of paragraph 78, except Biopure admits that the August 1 Press Release was issued on the morning of August 1, 2003 and refers to historical price information regarding its stock price.

79.    Biopure denies the allegations of Paragraph 79.

80.    Biopure denies the allegations of Paragraph 80, except Biopure admits that it communicated with outside counsel in August 2003.

81.    Biopure denies the allegations of Paragraph 81, except Biopure admits that it issued a press release dated August 21, 2003 and made a filing of the type listed and refers to that press release and that filing for the complete contents thereof.  Biopure refers to and incorporates by reference here the answers of Moore, Richman and Kober.

82.    Biopure denies the allegations of Paragraph 82, except Biopure admits that it issued a press release dated August 21, 2003 and refers to that press release for the complete contents thereof.

83.    Biopure denies the allegations of Paragraph 83.

84.    Biopure denies the allegations of Paragraph 84, except Biopure refers to the entire transcripts of investor calls for the complete contents thereof.

LITDOCS/618178.1

85.     Biopure denies the allegations of Paragraph 85, except Biopure refers to the entire transcripts of investor calls for the complete contents thereof.

86.     Biopure denies the allegations of Paragraph 86.

87.     Biopure denies the allegations of Paragraph 87, except Biopure admits that it made filings of the types listed on the dates listed and refers to those filings for the complete contents thereof.

88.     Biopure denies the allegations of Paragraph 88, except Biopure admits that it made filings of the types listed on the dates listed and refers to those filings for the complete contents thereof.

89.     Biopure denies the allegations of Paragraph 89.

90.     Biopure denies the allegations of Paragraph 90, except Biopure admits that it communicated with outside counsel in August 2003.

91.     Biopure denies the allegations of Paragraph 91.

92.     Biopure denies the allegations of Paragraph 92 and Biopure refers to historical price information regarding its stock price.

93.     Biopure denies the allegations of Paragraph 93, except Biopure admits that it made a filing of the type listed on the date listed and refers to that filing for the complete contents thereof.

94.     Biopure denies the allegations of Paragraph 94, except Biopure admits that it made a filing of the type listed on the date listed and refers to that filing for the complete contents thereof.  Biopure refers to and incorporates by reference here the answers of Moore, Richman and Kober.

95.     Biopure denies the allegations of Paragraph 95, except Biopure admits that it made a filing of the type listed on the date listed and refers to that filing for the complete contents thereof.  Biopure refers to and incorporates by reference here the answers of Moore and Kober to the remaining allegations of Paragraph 95.

- 10 -

96.    Biopure denies the allegations of Paragraph 96, except Biopure admits that it made a filing of the type listed on the date listed and refers to that filing for the complete contents thereof.

97.    Biopure denies the allegations of Paragraph 97.

98.    Biopure denies the allegations of Paragraph 98, except Biopure admits that it issued a press release dated October 30, 2003 and made a filing of the type listed and refers to that press release and that filing for the complete contents thereof.  Biopure refers to and incorporates by reference here the answers of Moore and Kober.

99.    Biopure denies the allegations of Paragraph 99, except Biopure admits that it issued a press release dated October 30, 2003 and refers to that press release for the complete contents thereof.

100.    Biopure denies the allegations of Paragraph 100.

101.    Biopure denies the allegations of Paragraph 101 and refers to historical price information regarding its stock price.

102.    Biopure denies the allegations of Paragraph 102, except Biopure admits that it issued a press release dated December 11, 2003 and made a filing of the type listed and refers to that press release and that filing for the complete contents thereof.

103.    Biopure refers to and incorporates by reference here the answers of Moore, Richman and Kober.  Biopure denies that Mr. Richman participated in drafting, reviewing and/or approving the December 11, 2003 press release.

104.    Biopure denies the allegations of Paragraph 104, except Biopure admits it issued a press release dated December 24, 2003 and made a filing of the type listed and refers to that press release and that filing for the complete contents thereof.  Biopure refers to historical price information regarding its stock price.

105.    Biopure denies the allegations of Paragraph 105.

LITDOCS/618178.1

106.  Biopure denies the allegations of Paragraph 106.

107.  Biopure repeats and realleges its answers to Paragraphs 1-106 of the Complaint as if fully set forth herein.

108.  Biopure denies the allegations of Paragraph 108.

109.  Biopure denies the allegations of Paragraph 109.

110.  Biopure denies the allegations of Paragraph 110.

111.  Biopure repeats and realleges its answers to Paragraphs 1-111 of the Complaint as if fully set forth herein.

112.  Biopure denies the allegations of Paragraph 112.

113.  Biopure denies the allegations of Paragraph 113.

114.  Biopure denies the allegations of Paragraph 114.

115.  Biopure repeats and realleges its answers to Paragraphs 1-115 of the Complaint as if fully set forth herein.

116.  The allegations of Paragraph 116 state a conclusion of law to which no response is required.

117.  Biopure denies the allegations of Paragraph 117.

118.  Biopure repeats and realleges its answers to Paragraphs 1-118 of the Complaint as if fully set forth herein.

119.  The allegations of Paragraph 119 state a conclusion of law to which no response is required.

120.  Biopure denies the allegations of Paragraph 120.

121.  Biopure denies the allegations of Paragraph 121.

122.  Biopure repeats and realleges its answers to Paragraphs 1-122 of the Complaint as if fully set forth herein.

123.  The allegations of Paragraph 123 state a conclusion of law to which no response is required.

124.  Biopure denies the allegations of Paragraph 124.

LITDOCS/618178.1

Biopure denies that Plaintiff is entitled to any of the listed relief sought and Biopure seeks dismissal with prejudice of all claims against it.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint, and each claim for relief, fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

No misrepresentation, or false or misleading statement or omission was made by or on behalf of Defendant that directly or indirectly:  (a) involved any material fact; (b) was relied upon by market participants, including investors; (c) caused or contributed to any loss or damage incurred by market participants, including investors; (d) was made in connection with the purchase or sale of any security by any market participant, including investors; (e) was made with any requisite level of scienter or intent to deceive; or (f) would operate as a fraud or deceit upon anyone.

### THIRD AFFIRMATIVE DEFENSE

Defendant did not employ any device, scheme or artifice to defraud, including any that directly or indirectly:  (a) involved any material fact; (b) was relied upon by market participants, including investors; (c) caused or contributed to any loss or damage incurred by market participants, including investors; (d) was made in connection with the purchase or sale of any security by any market participant, including investors; (e) was made with any requisite level of scienter or intent to deceive; or (f) would operate as a fraud or deceit upon anyone.

- 13 -

## FOURTH AFFIRMATIVE DEFENSE

Defendant did not engage in any act, practice, course of business or transaction that operated as a fraud or deceit, including any that directly or indirectly:  (a) involved any material fact; (b) was relied upon by market participants, including investors; (c) caused or contributed to any loss or damage incurred by market participants, including investors; (d) was made in connection with the purchase or sale of any security by any market participant, including investors; or (e) was made with any requisite level of scienter or intent to deceive.

## FIFTH AFFIRMATIVE DEFENSE

Defendant did not obtain any money or property by any means that directly or indirectly:  (a) involved in any way any untrue statement of material fact or omission to state material facts necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; (b) was relied upon by market participants, including investors; (c) caused or contributed to any loss or damage incurred by market participants, including investors; (d) was made in connection with the purchase or sale of any security by any market participant, including investors; (e) was made with any requisite level of scienter or intent to deceive; or (f) would operate as a fraud or deceit upon anyone.

## SIXTH AFFIRMATIVE DEFENSE

The statements alleged in the Complaint to have been made (or omitted), if any were in fact made (or omitted), had a basis in fact or a reasonable basis.

LITDOCS/618178.1

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because Defendant at all times acted in good faith, exercised reasonable due diligence, and because Defendant had after reasonable investigation, reasonable grounds to believe and did believe, at the time such statements were made (if any), that such statements were true and/or not misleading.

## EIGHTH AFFIRMATIVE DEFENSE

The Complaint, and each claim for relief, fails to plead fraud with sufficient particularity.

## NINTH AFFIRMATIVE DEFENSE

Defendant complied faithfully with all duties of disclosure to which the Company was subject, if any, and breached no duty of disclosure applicable to him.

## TENTH AFFIRMATIVE DEFENSE

The business judgment rule protects Defendants' alleged actions or failures to act and, thus, bars Plaintiff's claims.

## ELEVENTH AFFIRMATIVE DEFENSE

If anyone suffered loss or damages, which Defendant denies, that loss or damages resulted from causes other than any alleged act or omission by Defendant.

## TWELFTH AFFIRMATIVE DEFENSE

The fraud-on-the-market theory is not a basis of liability with respect to any of the claims in this action.

LITDOCS/618178.1

## THIRTEENTH AFFIRMATIVE DEFENSE

The statements alleged in the Complaint to have been made, if any were in fact made, were forward-looking statements protected by applicable safe harbor provisions.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Biopure's public statements, registration statement/prospectus, prospectus supplements, and annual and quarterly filings with the SEC, sufficiently bespoke caution.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by applicable statutes of limitation and/or the doctrines of laches, and/or estoppel, and/or unclean hands and/or waiver.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because there was no culpable participation.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Defendant is entitled to payment of its attorneys' fees by Plaintiff pursuant to § 11(e) of the Securities Act of 1933, 15 U.S.C. § 77k(e).

LITDOCS/618178.1

## EIGHTEENTH AFFIRMATIVE DEFENSE

Defendant hereby gives notice that it intends to rely upon such other and further defenses as may become available or apparent during pretrial proceedings in this action and hereby reserves its rights to amend its answer and assert all such defenses.

## PRAYERS FOR RELIEF

WHEREFORE, Defendant Biopure respectfully requests that this Court:

1. Enter judgment in its favor dismissing the Complaint and all of its claims with prejudice;

2. Award Biopure its costs and attorneys' fees in defending this action; and

3. Grant Biopure such other and further relief as may be just and appropriate.

## DEMAND FOR JURY TRIAL

Biopure hereby demands a jury on all issues so triable.

BIOPURE CORPORATION,

By its attorneys,

/s/ Anthony E. Fuller
Robert A. Buhlman, BBO #554393
Anthony E. Fuller, BBO #633246
Michael D. Blanchard, BBO #636860
**BINGHAM MCCUTCHEN LLP**
150 Federal Street
Boston, MA 02110-1726
(617) 951-8000

Dated: October 11, 2005

- 17 -

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by hand on October 11, 2005.

/s/ Anthony E. Fuller
Anthony E. Fuller

- 18 -