UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION<br><br>     Plaintiff,<br><br>  v.<br><br>BIOPURE CORPORATION, THOMAS MOORE, HOWARD RICHMAN and JANE KOBER,<br><br>     Defendants. | Civil Action No. **05 CA 11853 WGY** |

## ANSWER AND JURY CLAIM OF HOWARD RICHMAN

Pursuant to Fed. R. Civ. P. 8(b), the Defendant Howard Richman ("Richman"), hereby answers the Complaint filed by the Securities and Exchange Commission ("Commission"), as follows:

  1.  Denied.

  2.  Richman denies the allegations contained in the third sentence of Paragraph 2 of the Complaint; otherwise, admitted.

  3.  Richman admits that Biopure received letters from the FDA in or about April, May and July 2003. The correspondence referenced in Paragraph 3 of the Complaint speaks for itself, and to the extent that the allegations contained in Paragraph 3 of the Complaint are inconsistent therewith, Richman denies them. Richman denies the remaining allegations contained in Paragraph 3 of the Complaint.

  4.  Richman is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 4 of the Complaint.

  5.  The documents referenced in Paragraph 5 of the Complaint speak for themselves, and to the extent that the allegations contained in Paragraph 5 of the Complaint are inconsistent

therewith, Richman denies them. Richman denies the remaining allegations contained in paragraph 5 of the Complaint.

6. Richman denies the allegations contained in the first sentence of Paragraph 6 of the Complaint. Richman is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in the second sentence of Paragraph 6 of the Complaint.

7. Denied.

8. Denied.

9. Richman admits that the Commission purports to bring this action pursuant to the cited sections. The remaining allegations in Paragraph 9 of the Complaint contain conclusions of law as to which no response is required.

10. Richman admits that the Complaint purports to base jurisdiction pursuant to the cited sections and admits that Biopure's principal place of business is in this District. The remaining allegations in Paragraph 10 of the Complaint contain conclusions of law as to which no response is required.

11. Denied.

12. Upon information and belief, Richman admits that Biopure is a Delaware corporation and a biopharmaceutical corporation with its headquarters in Cambridge, Massachusetts, and that Biopure's stock is registered with the NASDAQ Stock Exchange under the symbol "BPUR"; otherwise, denied.

13. Upon information and belief, Richman admits that Thomas Moore was Biopure's President and Chief Executive Officer during a period of time until February 2004; otherwise, Richman is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 13 of the Complaint.

14. Admitted.

15. Upon information and belief, admitted.

16. Upon information and belief, denied.

17. Richman is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 17 of the Complaint.

18. Upon information and belief, Richman admits that in order to market commercially a biologic in the United States, a company must first obtain FDA approval for each individual indication; otherwise, denied.

19. The allegations contained in the first sentence of Paragraph 19 of the Complaint contain conclusions of law as to which no response is required. Richman is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 19 of the Complaint.

20. Upon information and belief, denied.

21. Richman admits that Hemopure and Oxyglobin are Biopure products that are described in detail in Biopure submissions to the FDA, which submissions speak for themselves and Richman refers to those submissions for the complete terms and contents thereof. Richman is otherwise without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 21 of the Complaint.

22. Richman is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 22 of the Complaint.

23. Richman is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 23 of the Complaint.

NYC_218285_4/CFLEMING

24. Richman is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 24 of the Complaint.

25. Richman admits that on or about July 31, 2002, Biopure submitted a BLA to the FDA. The July 31 Hemopure BLA submission will speak for itself and, to the extent that the allegations contained in Paragraph 25 of the Complaint are inconsistent therewith, Richman denies them. Richman states that the remaining allegations in Paragraph 25 contain conclusions of law as to which no response is required.

26. The letter to Biopure shareholders, dated February 4, 2003, speaks for itself, and to the extent that the allegations contained in Paragraph 26 of the Complaint are inconsistent therewith, Richman denies them.

27. The letter to Biopure shareholders, dated February 4, 2003, speaks for itself, and to the extent that the allegations contained in Paragraph 27 of the Complaint are inconsistent therewith, Richman denies them.

28. Richman admits that on or about March 7, 2003 Biopure submitted an IND to the FDA. The March 7, 2003 trauma IND submission to the FDA speaks for itself, and to the extent that the allegations contained in Paragraph 28 of the Complaint are inconsistent therewith, Richman denies them.

29. Richman admits that on or about April 9, 2003, a representative of the FDA telephoned Richman and indicated that the FDA was placing the trauma IND on clinical hold. Richman denies the remaining allegations contained in paragraph 29 of the Complaint.

30. Richman is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 30 of the Complaint.

31.     Richman denies the allegations contained in Paragraph 31 that refer specifically to him.  Richman is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 31 of the Complaint.

32.     The documents referenced in Paragraph 32 of the Complaint speak for themselves, and to the extent that the allegations contained in Paragraph 32 of the Complaint are inconsistent therewith, Richman denies them.

33.     Denied.

34.     Richman admits that the FDA sent a letter to Biopure, addressed to Richman, dated April 25, 2003.  The April 25, 2003 letter referenced in Paragraph 34 of the Complaint speaks for itself, and to the extent that the allegations contained in Paragraph 34 of the Complaint are inconsistent therewith, Richman denies them.  Richman is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 34 of the Complaint.

35.     Richman denies the allegations contained in Paragraph 35 of the Complaint that refer specifically to him.  The May 6, 2003 prospectus supplement speaks for itself, and to the extent that the allegations contained in Paragraph 35 of the Complaint are inconsistent therewith, Richman denies them.  Richman is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 35 of the Complaint.

36.     Denied.

37.     Richman admits that on or about May 12, 2003, he participated in the drafting and signed a letter to the FDA, which responded to the FDA's April 25, 2003 letter.  Richman admits that Moore participated in drafting this letter.  Richman is without sufficient knowledge or

information to form a belief as to the truth of the remaining allegations contained in Paragraph 37 of the Complaint.

38. Richman is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 38 of the Complaint.

39. The May 14, 2003 Form 8K speaks for itself, and to the extent that the allegations contained in Paragraph 39 of the Complaint are inconsistent therewith, Richman denies them.

40. Denied.

41. Richman admits that he generally read the final drafts of Biopure's press releases to provide comments from a regulatory perspective. Richman denies the remaining allegations contained in Paragraph 41 of the Complaint that refer specifically to him. Richman is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 41 of the Complaint pertaining to Defendants Moore and Kober.

42. The May 22, 2003 Press Release speaks for itself, and to the extent that the allegations contained in Paragraph 42 of the Complaint are inconsistent therewith, Richman denies them.

43. Denied.

44. Richman admits that on May 22, 2003, he and Defendant Moore participated in a conference call. The transcript of the May 22, 2003 conference call speaks for itself, and to the extent that the allegations contained in Paragraph 44 of the Complaint are inconsistent therewith, Richman denies them.

45. Denied.

46. Richman admits that on or about May 30, 2003 the FDA sent two letters to Biopure addressed to Richman. The two letters referenced in Paragraph 46 of the Complaint

speak for themselves, and to the extent that the allegations contained in Paragraph 46 of the Complaint are inconsistent therewith, Richman denies them.

47.   The letter referenced in Paragraph 47 of the Complaint speaks for itself, and to the extent that the allegations contained in Paragraph 47 of the Complaint are inconsistent therewith, Richman denies them.

48.   Richman admits the allegations in Paragraph 48 of the Complaint that specifically refer to him.  Richman is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 48 that pertain to Defendants Moore and Kober.

49.   Richman admits that he read the final drafts of Biopure's press releases to provide comments from a regulatory perspective.  Richman denies the remaining allegations contained in Paragraph 49 of the Complaint that refer specifically to him.  Richman is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 49 of the Complaint pertaining to Defendants Moore and Kober.

.   50.   The May 30, 2003 Press Release speaks for itself, and to the extent that the allegations contained in Paragraph 50 of the Complaint are inconsistent therewith, Richman denies them.

51.   Denied.

52.   The May 30, 2003 Press Release speaks for itself, and to the extent that the allegations contained in Paragraph 52 of the Complaint are inconsistent therewith, Richman denies them.

53.   Richman admits that he and Defendant Moore participated in a conference call on May 30, 2003.  Richman states that the transcript of the May 30, 2003 conference call speaks for

itself, and that to the extent that the allegations contained in Paragraph 53 of the Complaint are inconsistent therewith, Richman denies them.

54. The transcript of the May 30, 2003 conference call speaks for itself, and to the extent that the allegations contained in Paragraph 54 of the Complaint are inconsistent therewith, Richman denies them.

55. Denied.

56. Richman denies the allegations contained in Paragraph 56 of the Complaint that refer specifically to him. Richman is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 56 of the Complaint pertaining to Defendants Moore and Kober. The June 16, 2003 Form 10-Q referenced in Paragraph 56 of the Complaint speaks for itself, and to the extent that the allegations contained in Paragraph 56 of the Complaint are inconsistent therewith, Richman denies them.

57. Richman is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 57 of the Complaint.

58. Richman denies the allegations contained in Paragraph 58 of the Complaint that refer specifically to him. Richman is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 58 of the Complaint pertaining to Defendants Moore and Kober.

59. The documents referenced in Paragraph 59 of the Complaint speak for themselves, and to the extent that the allegations contained in Paragraph 59 of the Complaint are inconsistent therewith, Richman denies them.

60. Denied.

61. Richman admits that on or about July 2, 2003 Biopure submitted a letter to the FDA. The July 2, 2003 letter referenced at Paragraph 61 of the Complaint speaks for itself, and to the extent that the allegations contained in Paragraph 61 of the Complaint are inconsistent therewith, Richman denies them. Richman admits the allegations contained in the second sentence of Paragraph 61 of the Complaint.

62. Richman is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 62 of the Complaint.

63. The document referenced in Paragraph 63 of the Complaint speaks for itself, and to the extent that the allegations contained in Paragraph 63 of the Complaint are inconsistent therewith, Richman denies them.

64. Denied.

65. Richman denies the allegations contained in Paragraph 65 of the Complaint that refer specifically to him. Richman is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 65 of the Complaint pertaining to Defendants Moore and Kober.

66. Denied.

67. Denied.

68. Denied.

69. Denied.

70. Denied.

71. Denied.

72. Denied.

73. Denied.

74. Denied.

75. Richman denies the allegations contained in Paragraph 75 of the Complaint that refer specifically to him.  Richman is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 75 of the Complaint.

76. Richman admits that he participated in reviewing the August 1 Press Release referred to in Paragraph 76 of the Complaint.  Richman denies the remaining allegations that refer specifically to him.  Richman is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 76 of the Complaint.

77. The August 1 Press Release referenced in Paragraph 77 of the Complaint speaks for itself, and to the extent that the allegations contained in Paragraph 77 of the Complaint are inconsistent therewith, Richman denies them.

78. Richman is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 78 of the Complaint.

79. Denied.

80. Richman is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 80 of the Complaint.

81. Richman admits that he generally read the final drafts of Biopure's press releases to provide comments from a regulatory perspective.  Richman denies the remaining allegations contained in Paragraph 81 of the Complaint that refer specifically to him.  Richman is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 81 of the Complaint.

82. The August 21 Press Release referenced in Paragraph 82 of the Complaint speaks for itself, and to the extent that the allegations contained in Paragraph 82 of the Complaint are inconsistent therewith, Richman denies them.

83. Denied.

84. Richman admits that he and Defendant Moore participated in a conference call on August 21, 2003. Richman states that the transcript of the August 21 conference call referenced in Paragraph 84 of the Complaint speaks for itself, and that to the extent that the allegations contained in Paragraph 84 of the Complaint are inconsistent therewith, Richman denies them.

85. The transcript of the August 21 conference call referenced in Paragraph 85 of the Complaint speaks for itself, and to the extent that the allegations contained in Paragraph 85 of the Complaint are inconsistent therewith, Richman denies them.

86. Denied.

87. Richman denies the allegations contained in Paragraph 87 of the Complaint that refer specifically to him. Richman is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 87 of the Complaint pertaining to Defendants Moore and Kober. Richman admits the remaining allegations contained in Paragraph 81 of the complaint.

88. The document referenced in Paragraph 88 of the Complaint speaks for itself, and to the extent that the allegations contained in Paragraph 88 of the Complaint are inconsistent therewith, Richman denies them.

89. Denied.

90. Richman denies the allegations contained in Paragraph 90 of the Complaint that refer specifically to him. Richman is without sufficient knowledge or information to form a

belief as to the truth of the remaining allegations contained in Paragraph 90 of the Complaint.

91. The document referenced in Paragraph 91 of the Complaint speaks for itself, and to the extent that the allegations contained in Paragraph 91 of the Complaint are inconsistent therewith, Richman denies them.

92. Richman is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 92 of the Complaint.

93. Richman denies the allegations contained in Paragraph 93 of the Complaint that refer specifically to him. Richman is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 93 of the Complaint pertaining to Defendants Moore and Kober. The document referenced in Paragraph 93 of the Complaint speaks for itself, and that to the extent that the allegations in Paragraph 93 of the Complaint are inconsistent therewith, Richman denies them.

94. Upon information and belief, Richman admits the allegations contained in paragraph 94 of the Complaint.

95. Richman admits that he reviewed the document referenced at Paragraph 95 of the Complaint from a regulatory perspective. Richman is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 95 of the Complaint pertaining to Defendants Moore and Kober. The document referenced in Paragraph 95 of the Complaint speaks for itself, and that to the extent that the allegations in Paragraph 95 of the Complaint are inconsistent therewith, Richman denies them.

96. The September 15 Form 10-Q referenced in Paragraph 96 of the Complaint speaks for itself, and that to the extent that the allegations in Paragraph 96 of the Complaint are inconsistent therewith, Richman denies them.

97.   Denied.

98.   Richman is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 98 of the Complaint.

99.   The October 30 Press Release referenced in Paragraph 99 of the Complaint speaks for itself, and that to the extent that the allegations in Paragraph 99 of the Complaint are inconsistent therewith, Richman denies them.

100.   Denied.

101.   Denied.

102.   The December 11, 2003 Press Release speaks for itself, and that to the extent that the allegations contained in Paragraph 102 of the Complaint are inconsistent therewith, Richman denies them.

103.   Richman denies the allegations contained in Paragraph 103 of the Complaint that refer specifically to him.  Richman is without sufficient knowledge or information to form a belief as to the truth of the allegations that pertain to Defendants Moore and Kober contained in Paragraph 103 of the Complaint.

104.   The December 24, 2003 Press Release speaks for itself, and to the extent that the allegations contained in Paragraph 104 of the Complaint are inconsistent therewith, Richman denies them.  Richman is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 104 of the Complaint.

105.   Denied.

106.   Paragraph 106 of the Complaint contains conclusions of law as to which no response is required.  To the extent that any facts are alleged in Paragraph 106, Richman denies them.

## FIRST CLAIM

(Violation of Exchange Act Section 10(b) and Exchange Act
Rule 10b-5 Against All Defendants)

107.    Richman repeats and realleges his responses to the Complaint contained in paragraphs 1 through 106 of this Answer as if set forth fully herein.

108.    Denied.

109.    Denied.

110.    Denied.

## SECOND CLAIM

(Violation of Securities Act Section 17(a) Against All Defendants)

111.    Richman repeats and realleges his responses to the Complaint contained in paragraphs 1 through 110 of this Answer as if set forth fully herein.

112.    Denied.

113.    Denied.

114.    Denied.

## THIRD CLAIM

(Violation of Exchange Act Section 13(b) and Exchange Act
Rules 12b-20 Against Defendant Biopure)

115.    Richman repeats and realleges his responses to the Complaint contained in paragraphs 1 through 114 of this Answer as if set forth fully herein.

116. Paragraph 116 of the Complaint contains conclusions of law as to which no response is required. To the extent that any facts are alleged in Paragraph 116, Richman denies them.

117. Denied.

## FOURTH CLAIM

(Aiding and Abetting Biopure's Violations of Exchange Act Section 13(a) and Exchange Act Rules 12b-20, 13a-11 and 13a-13 Against Defendants Moore, Richman and Kober)

118. Richman repeats and realleges his responses to the Complaint contained in paragraphs 1 through 117 of this Answer as if set forth fully herein.

119. Paragraph 119 of the Complaint contains conclusions of law as to which no response is required. To the extent that any facts are alleged in Paragraph 119, Richman denies them.

120. Denied.

121. Denied.

## FIFTH CLAIM

(Violation of Exchange Act Rule 13A-14 Against Defendant Moore)

122. Richman repeats and realleges his responses to the Complaint contained in paragraphs 1 through 121 of this Answer as if set forth fully herein.

123. Paragraph 123 of the Complaint contains conclusions of law as to which no response is required. To the extent that any facts are alleged in Paragraph 123, Richman denies them.

124. Upon information and belief, Richman denies the allegations contained in paragraph 124 of the Complaint.

Pursuant to Fed. R. Civ. P. 8(c), Richman sets forth the following Affirmative Defenses to the Complaint:

**First Affirmative Defense**

The Complaint, and each claim for relief, fails to state a claim upon which relief may be granted as to Richman.

**Second Affirmative Defense**

No misrepresentation, or false or misleading statement or omission was made by or on behalf of Richman that directly or indirectly: (a) involved any material fact; (b) was relied upon by market participants, including investors; (c) caused or contributed to any loss or damage incurred by market participants, including investors; (d) was made in connection with the purchase or sale of any security by any market participant, including investors; (e) was made with any requisite level of scienter or intent to deceive; or (f) would operate as a fraud or deceit upon anyone.

**Third Affirmative Defense**

Richman did not employ any device, scheme or artifice to defraud, including any that directly or indirectly: (a) involved any material fact; (b) was relied upon by market participants, including investors; (c) caused or contributed to any loss or damage incurred by market participants, including investors; (d) was made in connection with the purchase or sale of any security by any market participant, including investors; (e) was made with any requisite level of scienter or intent to deceive; or (f) would operate as a fraud or deceit upon anyone.

**Fourth Affirmative Defense**

Richman did not engage in any act, practice, course of business or transaction that operated as a fraud or deceit, including any that directly or indirectly:  (a) involved any material fact; (b) was relied upon by market participants, including investors; (c) caused or contributed to any loss or damage incurred by market participants, including investors; (d) was made in connection with the purchase or sale of any security by any market participant, including investors; or (e) was made with any requisite level of scienter or intent to deceive.

### Fifth Affirmative Defense

Richman did not obtain any money or property by any means that directly or indirectly:  (a) involved in any way any untrue statement of material fact or omission to state material facts necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; (b) was relied upon by market participants, including investors; (c) caused or contributed to any loss or damage incurred by market participants, including investors; (d) was made in connection with the purchase or sale of any security by any market participant, including investors; (e) was made with any requisite level of scienter or intent to deceive; or (f) would operate as a fraud or deceit upon anyone.

### Sixth Affirmative Defense

The statements alleged in the Complaint to have been made (or omitted), if any were in fact made (or omitted), had a basis in fact or reasonable basis.

### Seventh Affirmative Defense

The Commission's claims are barred because Richman at all times acted in good faith, exercised reasonable due diligence, and because defendant Richman had after reasonable investigation,

reasonable grounds to believe and did believe, at the time such statements were made (if any), that such statements were true and/or not misleading.

### Eighth Affirmative Defense

The Complaint, and each claim for relief, fails to plead fraud with sufficient particularity.

### Ninth Affirmative Defense

Richman complied faithfully with all duties of disclosure to which he was subject, if any, and breached no duty of disclosure applicable to him.

### Tenth Affirmative Defense

The Commission's claim against defendant Richman for aiding and abetting violations of the securities laws fails as a matter of law because Biopure did not violate any applicable law or statute; or, to the extent Biopure's conduct did violate some law or statute, Richman did not know or was not reckless in not knowing that Biopure's conduct constituted such violation.

### Eleventh Affirmative Defense

If anyone suffered loss or damages, which Richman specifically denies, that loss or damages resulted from causes other than any alleged act or omission by Richman.

### Twelfth Affirmative Defense

The fraud-on-the-market theory is not a basis of liability with respect to any of the claims in this action.

### Thirteenth Affirmative Defense

The statements alleged in the Complaint to have been made, if any were in fact made, were forward-looking statements protected by applicable safe harbor provisions.

### Fourteenth Affirmative Defense

The Commission's claims are barred, in whole or in part, because Biopure's public statements, registration statement/prospectus, prospectus supplements, and annual and quarterly filings with the SEC, sufficiently bespoke caution.

### Fifteenth Affirmative Defense

The Commission's claims are barred, in whole or in part, by applicable statutes of limitation and/or the doctrines of laches, and/or estoppel, and/or unclean hands and/or waiver.

### Sixteenth Affirmative Defense

The Commission's claims are barred, in whole or in part, because there was no culpable participation.

### Seventeenth Affirmative Defense

Richman is entitled to payment of its attorneys' fees by Plaintiff pursuant to § 11(e) of the Securities Act of 1933, 15 U.S.C. § 77k(e).

### Eighteenth Affirmative Defense

Richman hereby gives notice that he intends to rely upon such other and further defenses as may become available or apparent during pretrial proceedings in this action and hereby reserves his rights to amend his answer and assert all such defenses.

### Nineteenth Affirmative Defense

The Complaint fails to give requisite and specific notice of the violations of law alleged.

## REQUEST FOR TRIAL BY JURY

Richman hereby requests a trial by jury on all such matters that may be so tried.

## PRAYER FOR RELIEF

WHEREFORE, Defendant Howard Richman respectfully requests that this Court:

(a)   dismiss the Complaint against him in its entirety;

(b)   deny any request for injunctive relief;

(c)   award costs and reasonable attorneys' fees to Richman pursuant to § 11(e) of the Securities Act of 1933, 15 U.S.C. § 77k(e); and

(d)   order such other and further relief as the Court deems appropriate.

**HOWARD RICHMAN,
By his attorneys**,

Dated:  October 11, 2005

/s/ John D. Hughes
John D. Hughes (BBO No. 243660)
Cathy Fleming (*pro hac vice* - pending)
Mary Patricia Cormier (BBO. No. 635756)
**EDWARDS & ANGELL, LLP**
101 Federal Street
Boston, Massachusetts 02110
Tel. (617) 439-4444
Fax. (617) 439-4170