UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>      Plaintiff,<br><br>      v.<br><br>BIOPURE CORPORATION, THOMAS MOORE, HOWARD RICHMAN, and JANE KOBER<br><br>      Defendants. | CIVIL ACTION<br>N0. 05-11853 - PBS |

## <u>DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR PROPOSED PRE-TRIAL PLAN</u>

### I. PRELIMINARY STATEMENT

Defendants Biopure Corporation ("Biopure" or the "Company"), its current general counsel and two former Biopure executives (respectively, Jane Kober, Thomas Moore and Howard Richman) (collectively, "Defendants") seek two things in scheduling this case: a prompt summary judgment ruling and a prompt trial of claims that survive, if any. While the summary judgment motion is pending, defendants intend to and, indeed, are already working to get ready for trial so that the motion will not delay the trial. This is not due to any lack of confidence in the motion; it is due to the need for a prompt resolution, either through Rule 56 or a trial, as a matter of fundamental fairness.

It is defendants who have been sued by a government agency, the Securities and Exchange Commission ("SEC), and accused of fraud. They want the opportunity to clear their

LITDOCS/621518.1

names promptly and they face economic duress just from the pendency of the action, as explained below. For its part, the plaintiff agency investigated the defendants for *more than two years* before the agency even filed this lawsuit. The SEC served fourteen subpoenas on the Company, its employees and directors, all requiring the production of documents and thirteen requiring testimony. The SEC then took testimony from thirteen Company employees and directors. The SEC also took testimony from four outside counsel to the Company and testimony from three witnesses employed by the Food and Drug Administration. That is a total of twenty witnesses, more than the Local Rules even permit for an entire civil action. *See* Local Rule 26.1(c) (permitting ten depositions per side). There was no limit to how many subpoenas they could serve. They had complete discretion.

Furthermore, the Company produced more than 37,000 pages of documents and the SEC has distilled that down over two years to the documents they deem important. Indeed, the record of this case primarily consists of two things: the Company's communications to and from the FDA and the Company's disclosures about those communications.

It is Defendants who have not had the tools of discovery available to them over the two year investigation. Any risk in moving quickly falls disproportionately on Defendants.

## II. DEFENDANTS INTEND TO MOVE FOR SUMMARY JUDGMENT

Defendants intend to move for summary judgment promptly. Indeed, that opportunity is secured by the Federal Rules of Civil Procedure. Federal Rule of Civil Procedure 56 allows the Defendants to move for summary judgment "at any time after the expiration of 20 days from the commencement of the action . . . ." -- a period which has already expired. See South Austin Coalition Community Council v. SBC Communications Inc., 274 F.3d 1168, 1171 (7th Cir. 2001) ("District courts may mitigate the expense of litigation by resolving motions for summary

judgment early in the case -- in advance of discovery, if appropriate, for summary judgment may be sought at any time.").

The plaintiff SEC cannot prevent the Defendants' from so moving. Complaining that the SEC needs more discovery prior to opposing summary judgment is both premature and misguided. It is premature because the motion has not been filed. It is misguided because the SEC has done more discovery than the Federal Rules of Civil Procedure and the Local Rules even permit for a civil action. Furthermore, there was no limit to their powers in the investigative phase. They went on and on for two years, only stopping when they chose.

Defendants are not saying that discovery needs to stop while the summary judgment motion is pending. Indeed, the Defendants have served three subpoenas on the FDA seeking discovery. Defendants intend to move forward with their trial preparations. (The SEC is mistaken when it asserts that Defendants served the three FDA subpoenas because the FDA discovery is needed before the Defendants move for summary judgment. Those subpoenas are part of Defendants' other preparations.)

### III. DEFENDANTS AND THE PUBLIC INTEREST WARRANT PROMPT RESOLUTION

Although this action began seven weeks ago, the SEC Staff has conducted its investigation leading to suit for more than two years. The Company and two of the individual defendants received Wells Notices in December 2003; that was announced publicly. The third individual, Ms. Kober, received a Wells Notice in April 2004 and that was also announced publicly. The filing of the lawsuit in September 2005 was also announced by the Company.

Biopure is a small, biopharmaceutical company trying to develop a potentially life-saving oxygen delivery product, capable of delivering oxygen intravenously to the body's tissues and organs. The Company's product for humans, called Hemopure, would be a first in class biologic

if approved for marketing in the United States. The Company has completed more than twenty two clinical (human) trials using the product, eighteen of those trials were reviewed and permitted to proceed by the FDA, and the Company has approval to market Hemopure for anemic surgery patients in South Africa. The Company also has approval for its veterinary product in both the United States and Europe. The United States Navy supports the product as treatment for injured trauma victims before they arrive at hospitals. Thus, there is a real public interest in Biopure's advancing its mission to develop this product.

There is also a financial interest, not just for the Company but also for its public shareholders. The Wells Notices and the suit had a depressing effect on the Company's public stock price. Because the Company does not yet have revenues to cover its development costs, it needs to raise additional capital in the public or private markets. As disclosed in its most recent Form 10-Q, "[t]he Company expects [its] funding to be sufficient to fund operations into March 2006 under the Company's current operating plan. Additional capital will be required to fund the Company's operations until the Company becomes profitable." Biopure Corporation Form 10-Q, filed September 9, 2005, p. 6 (See Exhibit A to Defendant's Memorandum of Law in Support of Joint Motion to Shorten Response Time To Requests For Admission And to Expedite Summary Judgment Hearing, filed October 31, 2005).

When the Company raises capital at a stock price depressed by the pendency of this action and the cloud and uncertainty of fraud charges, it harms the Company's existing shareholders because there is greater dilution; the Company has to sell more shares at lower prices in order to raise the capital needed.

The individual Defendants have also suffered injury associated with the threatened and now asserted SEC enforcement action. By joining this motion, they have raised their voices to ask this Court for prompt justice.

If the case is not entirely disposed of through summary judgment, justice requires that an expedited discovery and trial timeline ensues. As indicated in the proposed schedule, Defendants are prepared to depose the Food and Drug Administration employees in November or December, while pursuing their motion for summary judgment, and finish fact discovery by the end of February 2006 if it is necessary. Defendants request that if the case moves forward to trial, that the trial begin as early as March 2006, assuming the Court's schedule permits. Defendants believe that this is enough time to finish the pertinent depositions and expert discovery before trial.

The overarching purpose of the Federal Rules of Civil Procedure is "to secure the just, speedy, and inexpensive determination of every action." Fed. R. Civ. P. 1. Moreover, the court has the responsibility of managing "the discovery process to facilitate prompt and efficient resolution of the lawsuit." Crawford-El v. Britton, 523 U.S. 574, 599 (1988). To this end, "Rule 26 vests the trial judge with broad discretion to tailor discovery narrowly and to dictate the sequence of discovery." Id. at 598; See also Patterson v. Avery Dennison Corp., 281 F.3d 676, 681 (7th Cir. 2002) (stating "[d]istrict courts have broad discretion in matters relating to discovery."). Federal Rules of Civil Procedure 26(b), (c), and (d) provide the court with discretion to control the sequence, scope, and timing of discovery. For example, this court may consider whether the "burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery

in resolving the issues." Fed. R. Civ. P. 26(b). This Court is thus empowered to expedite litigation and sequence pre-trial activities when justice so requires. Here, for all of the reasons stated herein, justice requires a prompt hearing on summary judgment, and, if necessary, a prompt trial as early as March of 2006.

## IV. THE SEC WILL NOT BE PREJUDICED BY THIS SCHEDULE

The SEC has in effect completed its discovery in this action by virtue of its lengthy investigation, which began as early as September 2003. The SEC took testimony under oath from numerous witnesses in this action, including each of the individual Defendants, whom the SEC surprisingly claims it needs to depose again. During the course of its investigation, the SEC received thousands of pages of documents from both parties to this action and relevant non-parties (including the FDA and the Company's FDA-regulatory counsel). It is difficult to conceive just what discovery the SEC needs to prosecute this action given the breadth of the pre-litigation investigation the SEC conducted.

As for the SEC's contention that it may have to depose "several dozen witnesses" identified on Defendants' initial disclosures, that is premature and misleading. Twenty of those on Defendants' lists are the twenty whom the SEC already deposed. Defendants listed individuals "likely" to have discoverable information, as required by Fed. R. Civ. P. 26(a)(1), many of whom duplicate information. Furthermore, Local Rule 26.1(C) only allows for ten depositions per side. The SEC's concern is over-blown. The parties can and will work to accommodate an expedited deposition schedule.

If any claims survive summary judgment, the proposed schedule for completion of fact discovery and trial should not prejudice the SEC, as they have in essence been taking discovery for the last two years. The Defendants, who have not had the ability to take such discovery

during the SEC investigation, are nevertheless confident the proposed timeline will allow them adequate opportunity to uncover pertinent facts and present their case as early as March 2006. If the Defendants are willing and able to abide by the expedited schedule, in light of what is at stake for the Company and the individuals, then the SEC should be able to as well.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court adopt their Joint Statement and Discovery Plan and the Schedule set forth therein.

Dated: November 17, 2005
       Boston, Massachusetts

Respectfully submitted,

**JANE KOBER,**

By her attorneys,

/s/ Thomas J. Dougherty
Thomas J. Dougherty BBO #132300
Justin J. Daniels BBO #656118
Scott T. Lashway BBO #655268
Skadden, Arps, Slate,
  Meagher & Flom LLP
One Beacon Street
Boston, MA 02108
(617) 573-4800

**HOWARD RICHMAN,**

By his attorneys,

/s/ John D. Hughes
John D. Hughes BBO #243660
Cathy A. Fleming (*pro hac vice*)
Mary P. Cormier BBO #635756
Edwards & Angell, LLP
101 Federal Street
Boston, MA 02110
617-951-2225

**BIOPURE CORPORATION,**

By its attorneys,

/s/ Robert A. Buhlman
Robert A. Buhlman, BBO #554393
Anthony E. Fuller, BBO #633246
Michael D. Blanchard, BBO #636860
Bingham McCutchen LLP
150 Federal Street
Boston, MA 02110-1726
(617) 951-8000

**THOMAS MOORE,**

By his attorneys,

/s/ Edward P. Leibensperger
Edward P. Leibensperger BBO#292620
McDermott, Will & Emery
28 State Street
Boston, MA 02109-1775
(617) 654-8611