UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | : |
| Plaintiff, | : Civ. A No. 05-11853-PBS |
| v. | : |
| BIOPURE CORPORATION,<br>THOMAS MOORE, HOWARD RICHMAN,<br>and JANE KOBER | : |
| Defendants. | : |

**SECURITIES AND EXCHANGE COMMISSION'S MOTION
FOR AN EXTENSION OF TIME TO FILE AN OPPOSITION TO
DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT
AND FOR EXPEDITED CONSIDERATION OF THIS MOTION**

Plaintiff Securities and Exchange Commission ("Commission"), pursuant to Fed. R. Civ. P. 1, 56 and Local Rule 7.1, respectfully moves that this Court set the deadline for the Commission to file an opposition to Defendants' Joint Motion for Partial Summary Judgment ("Motion") at April 14, 2006 (the date that summary judgment oppositions are due pursuant to the November 22, 2005 Scheduling Order entered by this Court) or, at the earliest, January 31, 2006. Earlier briefing and hearing of defendants' Motion -- while fact discovery is ongoing, while several discovery disputes are pending, and prior to any expert discovery -- would be a waste of judicial resources and would not further the just, speedy and inexpensive resolution of this action.

The Commission also respectfully requests expedited consideration of this request for an extension.

In support of its Motion, the Commission respectfully states as follows:

1.      On September 14, 2005, the Commission instituted this civil enforcement action against defendant Biopure and three Biopure executives for violations of the federal securities laws.  The Complaint charges that defendants engaged in a fraudulent scheme to misrepresent the status of Biopure's efforts to obtain FDA approval to test and market a product while simultaneously raising tens of millions of dollars from investors.

2.      On November 22, 2005, this Court held an initial status conference pursuant to Fed. R. Civ. P. 16(b) and Local Rule 16.1 .  During the initial status conference defendants sought an expedited pre-trial schedule and an expedited hearing of defendants' anticipated summary judgment motion.  Defendants had also sought an expedited pre-trial and summary judgment schedule in papers filed prior to the conference, including Defendants' Joint Motion to Shorten Response Time to Requests for Admission and To Expedite Summary Judgment Hearing (docket 27) and Defendants' Memorandum of Law in Support of Their Proposed Pre-Trial Plan (docket 38).

3.      This Court addressed defendants' request for expedited summary judgment briefing at the initial status conference.  Both in open court and in a written Order dated November 22, 2005 (docket 42), this Court indicated that it would hear summary judgment motions at the end of discovery and set the following schedule:

      a.      Motions for Summary Judgment due April 1, 2006,

      b.      Oppositions to Motions for Summary Judgment due April 14, 2006, and

      c.      Hearing on Motions for Summary Judgment on April 26, 2006 at 2:00 pm.

4.      On December 21, 2005, defendants filed a Joint Motion for Partial Summary

Judgment.

5.  Pursuant to Local Rule 7.1, the Commission's Opposition would be due on Wednesday, January 4, 2006.

6.  The Commission respectfully requests that the Court permit the Commission to file its Opposition to Defendants' Motion on April 14, 2006, the current deadline under the Scheduling Order in this case.  In the alternative, the Commission requests an extension to file its Opposition to Defendants' Motion until at least January 31, 2006.

7.  The requested extension is appropriate for at least four reasons.

8.  First, the discovery period has barely begun in this case and there is considerable discovery relevant to defendants' Motion that is currently pending.  For example, earlier this week, on December 19 and 20, defendants served responses to the Commission's written discovery requests that were incomplete and insufficient, including failing to admit or deny several Requests for Admission and failing to provide substantive answers to Interrogatories, instead referring the Commission to more than 6,400 pages of documents.  Commission counsel has begun conferring with defense counsel to attempt to resolve these discovery disputes without Court intervention.  However, it is too early to predict whether and when (especially in light of holiday season schedules) these discovery matters will be resolved or whether any party will seek judicial intervention to resolve these matters.  In addition, the Commission has sought production of certain categories of documents.  Counsel for Biopure has stated that he expects to produce some responsive documents by January 3, 2006, but that others will be produced after that date.  Furthermore, the Commission has noticed two depositions for mid-January that are relevant to

3

the defendants' Motion. Scheduling of these depositions has not yet been confirmed nor has counsel for Biopure yet confirmed that he represents one of the two witnesses. Commission counsel has agreed to refrain from effecting personal service on the witness as a courtesy while counsel for Biopure resolves his representation.

9. Briefing and deciding defendants' Motion prior to resolution of these discovery matters would be a waste of judicial resources. Defendants' responses to the Commission's written discovery requests and its production of documents will likely be relevant to the Commission's opposition to Defendants' Motion. Similarly, deposition testimony of the two witnesses whose depositions are pending will likely also be relevant to issues in defendants' Motion. The Commission also expects to depose other witnesses whose testimony may be relevant to the defendants' Motion. However, the Commission is attempting to resolve written discovery issues first before proceeding with further depositions. Accordingly, the Commission should be afforded the opportunity to complete ordinary discovery (which is proceeding at a fast pace) prior to briefing a summary judgment motion.

10. Second, defendant Biopure has commenced motion practice in this action in the United States District Court for the District of Columbia. Specifically, Biopure issued three subpoenas in that district to the Food and Drug Administration ("FDA"). The FDA objected to the subpoenas. On December 9, 2005, Biopure filed a motion in federal court in the District of Columbia seeking to overcome the FDA's objections. Briefing of that motion is underway, but has not yet been completed. Nor has that court indicated when it will hear the motion. Briefing and deciding a defendants' summary judgment motion in this case prior to the resolution of the

discovery dispute between Biopure and the FDA would also be a waste of judicial resources.

11.  Third, this Court has scheduled expert discovery in this case for the period from mid-February to mid-April 2006.  Counsel for the Commission expects that expert opinion may be relevant to issues raised by defendants' Motion.  Thus, briefing and deciding a motion for summary judgment prior to expert discovery would be a further waste of judicial resources.

12.  Finally, even if defendants' Motion were granted -- and it should not be -- partial summary judgment would not dispose of the Commission's case or even alter it considerably. This is because defendants' motion addresses only one press release, which was one of more than 20 public utterances that are described in the Complaint.  Thus, there are few (if any) resources that would be conserved by briefing and hearing defendants' Motion prior to the scheduled hearing date of April 26, 2005.[1]

13.  Counsel for the Commission conferred with defense counsel in an attempt to

---

[1] Even though defendants' Motion addresses only press release in the alleged scheme, responding to defendants' Motion will nonetheless require the Commission to address many of the fundamental substantive claims in this case.  For example, in its opposition brief, the Commission would expect to address, among other things, that the press release failed to disclose that Biopure had received a complete response letter from the FDA; that the press release was misleadingly optimistic; that Biopure had received two detailed letters from the FDA that constituted a major setback in its effort to gain FDA approval for Hemopure and the reasons why those letters were a major setback; that the press release was inconsistent with the seriousness and number of deficiencies identified by the FDA and the amount of time it would take Biopure to respond; that Biopure's references in the press release to 30 days remaining in the review cycle misled investors about the amount of time that the FDA would have to respond -- six months -- once Biopure responded to all deficiencies in the letter; that the press release stated that the FDA had not requested additional clinical trials when, in truth, the FDA was not allowing additional trials; and that the press release failed to disclose anything about the clinical hold.  Each of these important facts continues to be the subject on ongoing discovery.  Deviating from the current summary judgment schedule now would simply mean that the Court would be deciding defendants' Motion on an incomplete record.

narrow the issues presented in this Motion. Counsel for defendant Biopure, who spoke for all counsel, would not agree to an extension beyond January 17. Counsel for defendant Kober stated his preference for a deadline of January 13. Counsel for defendant Richman would not agree to an extension past "mid-January." Counsel for defendant Moore was traveling and not reachable. Finally, on the request for expedited consideration of this request for an extension, counsel fo Biopure stated that he would respond to this motion by Friday, December 30, 2005.[2]

WHEREFORE, the Commission respectfully requests that this Court expedite its consideration of this motion and that this Court enter an order requiring the Commission to file its opposition to defendants' Joint Motion for Partial Summary Judgment by April 14, 2006, or in the alternative, that the Court set a deadline for the Commission's opposition of no earlier than January 31, 2006.

Dated: December 23, 2005        Respectfully submitted,
       Boston, Massachusetts

                                      /s/ Ian D. Roffman
                                      Ian D. Roffman (BBO# 637564)
                                      R. Daniel O'Connor (BBO# 634207)
                                      Ellen Bober Moynihan (BBO# 567598)
                                      ATTORNEYS FOR PLAINTIFF
                                      SECURITIES AND EXCHANGE COMMISSION
                                      73 Tremont Street, 6th Floor
                                      Boston, Massachusetts 02108
                                      (617) 573-8900, ext. 8987 (Roffman)

---

[2] Commission counsel is mindful that this motion is filed late on December 23rd before a holiday weekend. The Commission filed this motion at the earliest possible time after receiving defendants' summary judgment motion (after 5:00 pm on Wednesday, December 21) and after conferring with defense counsel to attempt to avoid the necessity of bringing this Motion (on Thursday, December 22 and Friday, December 23).

**Certification Pursuant to Local Rule 7.1**

  I, Ian D. Roffman, certify that I conferred with counsel for defendants concerning the subject matter of this motion in a good faith effort to resolve or narrow the issues.

Dated: December 23, 2005

             /s/ Ian D. Roffman
             Ian D. Roffman

             *Electronically Served*