UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
SECURITIES AND EXCHANGE            :
COMMISSION,                        :    **MOTION FOR LEAVE TO FILE
                                   :    THIS REPLY GRANTED BY
            Plaintiff,             :    ELECTRONIC ORDER DATED
                                   :    JANUARY 25, 2006**
      v.                           :
                                   :    Civil Action
BIOPURE CORPORATION, THOMAS        :    No. 05-11853-PBS
MOORE, HOWARD RICHMAN, and JANE    :
KOBER,                             :
                                   :
            Defendants.            :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
```

**REPLY MEMORANDUM OF LAW
IN SUPPORT OF DEFENDANTS' MOTION TO
<u>PRECLUDE FDA EVIDENCE FROM THE TRIAL OF THIS MATTER</u>**

Defendants Biopure Corporation, Thomas Moore, Howard Richman and Jane Kober ("Defendants"), respectfully submit this Reply Memorandum Of Law In Support Of Their Motion To Preclude FDA Evidence From The Trial Of This Matter.

\* \* \*

The FDA has voluntarily provided documents, testimony, off-the-record interviews and substantive assistance to the SEC for this investigation and litigation.

Whatever privileges and immunities the executive branch of government may assert in other settings, when a plaintiff agency chooses to file a civil action in a United States District Court with cooperation from a sister agency, the plaintiff agency is in no different a position than any other litigant.

Both agencies -- the SEC and the FDA -- have together opposed response to and compliance with Biopure's subpoenas.

Preclusion is based on this simple principle:  that a civil litigant cannot introduce evidence where its opponent has been precluded from adducing documents and testimony likely to lead to admissible evidence on the same subject matter.  Fairness requires nothing less.

That important principle has nothing to do with whether the SEC/FDA may be able to resist production in response to a subpoena in other contexts, where the SEC has not brought a civil action using FDA materials.

**Conclusion**

For these reasons, Defendants respectfully submit that the SEC should be precluded from introducing any FDA evidence in the trial of this matter.

Dated: January 25, 2006
       Boston, Massachusetts

Respectfully submitted,

/s/ Thomas J. Dougherty
Thomas J. Dougherty (BBO #132300)
Justin J. Daniels (BBO #656118)
Scott T. Lashway (BBO #655268)
SKADDEN, ARPS, SLATE,
    MEAGHER & FLOM LLP
One Beacon Street
Boston, Massachusetts 02108
(617) 573-4800
dougherty@skadden.com

Counsel for Defendant Jane Kober

/s/ Robert A. Buhlman
Robert A. Buhlman (BBO #554393)
Donald J. Savery (BBO #564975)
Michael D. Blanchard (BBO #636860)
BINGHAM MCCUTCHEN LLP
150 Federal Street
Boston, Massachusetts 02110
(617) 951-8000
robert.buhlman@bingham.com

Counsel for Defendant Biopure Corporation

/s/ John D. Hughes
John D. Hughes (BBO #243660)
Cathy A. Fleming (*pro hac vice*)
Mary P. Cormier (BBO #635756)
EDWARDS ANGELL PALMER &
    DODGE LLP
101 Federal Street
Boston, Massachusetts 02110
(617) 951-2225
jhughes@eapdlaw.com

Counsel for Defendant Howard Richman

/s/ Edward P. Leibensperger
Edward P. Leibensperger (BBO #292620)
Bobby R. Burchfield (*pro hac vice*)
Jason A. Levine (*pro hac vice*)
MCDERMOTT, WILL & EMERY LLP
28 State Street
Boston, Massachusetts 02109
(617) 535-4046
eleibensperger@mwe.com

Counsel for Defendant Thomas Moore

**CERTIFICATE OF SERVICE**

I, Justin J. Daniels, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on January 25, 2006.

Dated: January 25, 2006

/s/ Justin J. Daniels
Justin J. Daniels