UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
SECURITIES AND EXCHANGE          :
COMMISSION,                      :
                                 :
                    Plaintiff,   :        Civil Action
                                 :        No. 05-11853-PBS
              v.                 :
                                 :
BIOPURE CORPORATION, THOMAS      :
MOORE, HOWARD RICHMAN, and JANE  :
KOBER,                           :
                                 :
                    Defendants.  :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**NOTICE OF *AMICI CURIAE* SUBMISSIONS IN**
**YOUSUF V. SAMANTAR, NO. 05-5197 (D.C. CIR.)**

On February 14, 2006, the defendants in this action filed in Yousuf v.

Samantar, No. 05-5197 (D.C. Cir.) a Motion For Leave To Participate As Amici Curiae

And To File Brief Out Of Time In Support Of Appellants' Appeal For Reversal Of The

District Court with accompanying Brief Of Amici Curiae Biopure Corporation, Thomas

Moore, Howard Richman, Jane Kober And Richard Selden In Support Of Appellants'

Appeal For Reversal Of The District Court.  For the Court's information, we respectfully

attach as Exhibits 1 and 2 those respective submissions.

Dated  February 15, 2006
        Boston, Massachusetts

Respectfully submitted,

/s/ Thomas J. Dougherty
Thomas J. Dougherty (BBO #132300)
Justin J. Daniels (BBO #656118)
Scott T. Lashway (BBO #655268)
SKADDEN, ARPS, SLATE,
    MEAGHER & FLOM LLP
One Beacon Street
Boston, Massachusetts 02108
(617) 573-4800
dougherty@skadden.com

Counsel for Defendant Jane Kober

/s/ Robert A. Buhlman
Robert A. Buhlman (BBO #554393)
Donald J. Savery (BBO #564975)
Michael D. Blanchard (BBO #636860)
BINGHAM MCCUTCHEN LLP
150 Federal Street
Boston, Massachusetts 02110
(617) 951-8000
robert.buhlman@bingham.com

Counsel for Defendant Biopure
Corporation

/s/ John D. Hughes
John D. Hughes (BBO #243660)
Cathy A. Fleming (*pro hac vice*)
Mary P. Cormier (BBO #635756)
EDWARDS ANGELL PALMER &
    DODGE LLP
111 Huntington Avenue
Boston, Massachusetts 02199
(617) 951-2225
jhughes@eapdlaw.com

Counsel for Defendant Howard Richman

/s/ Edward P. Leibensperger
Edward P. Leibensperger (BBO #292620)
Bobby R. Burchfield (*pro hac vice*)
Jason A. Levine (*pro hac vice*)
MCDERMOTT, WILL & EMERY LLP
28 State Street
Boston, Massachusetts 02109
(617) 535-4046
eleibensperger@mwe.com

Counsel for Defendant Thomas Moore

## CERTIFICATE OF SERVICE

I, Scott T. Lashway, hereby certify that this document filed through the
ECF system will be sent electronically to the registered participants as identified on the
Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non
registered participants on February 15, 2006.

Dated:  February 15, 2006

/s/ Scott T. Lashway
Scott T. Lashway

# EXHIBIT 1

**ORAL ARGUMENT SCHEDULED FOR FEBRUARY 27, 2006**

UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT



No. 05-5197

BASHE ABDI YOUSUF, ET AL.,

*Appellants,*

v.

MOHAMED ALI SAMANTAR;
THE UNITED STATES DEPARTMENT OF STATE,

*Appellees.*

On Appeal From A Final Judgment Of
The United States District Court For The District Of Columbia

**MOTION FOR LEAVE TO PARTICIPATE AS AMICI CURIAE
AND TO FILE BRIEF OUT OF TIME IN SUPPORT OF APPELLANTS'
APPEAL FOR REVERSAL OF THE DISTRICT COURT**

David E. Carney
SKADDEN, ARPS, SLATE,
   MEAGHER & FLOM LLP
1440 New York Avenue, N.W.
Washington, D.C. 20005
(202) 371-7000

Counsel for Amici Curiae
Jane Kober and Richard Selden

Kenneth W. Salinger
EDWARDS ANGELL PALMER &
   DODGE LLP
111 Huntington Avenue
Boston, Massachusetts 02199
(617) 239-0561

Counsel for Amicus Curiae Howard
Richman

Stephen J. Crimmins
John J. Demsey
BINGHAM MCCUTCHEN LLP
1120 20th Street, N.W., Suite 800
Washington, D.C. 20036
(202) 778-6150

Counsel for Amicus Curiae
Biopure Corporation

Bobby R. Burchfield
Jason A. Levine
MCDERMOTT, WILL & EMERY LLP
600 13th Street, N.W.
Washington, D.C. 20005
(202) 756-8000

Counsel for Amicus Curiae Thomas
Moore

Biopure Corporation, Thomas Moore, Howard Richman, Jane Kober and Richard Selden (collectively "Amici"), hereby seek leave to participate as amici curiae in this appeal and to file a brief out of time because of the importance of an amicus brief on the particular issues raised herein and because these issues arose only recently in the context of court rulings.[1]

The proposed Amici are litigants in two actions involving motions to compel pending in the U.S. District Court for the District of Columbia, in which the federal agency subject to the subpoenas provided its materials and personnel in aid of another agency's claims against the party subpoenaing it, yet refuses to comply with lawful subpoenas seeking related materials. At a minimum, this Court should reserve that question, which is not presented by the appeal before it.

---

[1]    See S.E.C. v. Biopure Corp., Thomas Moore, Howard Richman and Jane Kober, Misc. Case No. 1:05-mc-00506-RWR-AK (D.D.C.); S.E.C. v. Richard Selden, 1:05-mc-00476-RMU (D.D.C.). Attached hereto as Exhibit A is a copy of the Magistrate Judge's January 20, 2006 Memorandum Opinion And Order in the Biopure matter, presently subject to motions for reconsideration. Also attached hereto as Exhibit B is a copy of the District Court's February 10, 2006 Order in the Selden matter, holding the action in abeyance pending the outcome of this appeal.

Dated:  February 14, 2006
      Washington, D.C.

David E. Carney
SKADDEN, ARPS, SLATE,
    MEAGHER & FLOM LLP
1440 New York Avenue, N.W.
Washington, D.C. 20005
(202) 371-7000

Counsel for Amici Curiae
Jane Kober and Richard Selden

Kenneth W. Salinger
EDWARDS ANGELL PALMER &
    DODGE LLP
111 Huntington Avenue
Boston, Massachusetts 02199
(617) 239-0561

Counsel for Amicus Curiae
Howard Richman

Respectfully submitted,

Stephen J. Crimmins
John J. Demsey
BINGHAM MCCUTCHEN LLP
Suite 800
1120 20th Street, N.W.
Washington, D.C. 20036
(202) 778-6150

Counsel for Amicus Curiae
Biopure Corporation

Bobby R. Burchfield
Jason A. Levine
MCDERMOTT, WILL & EMERY
LLP
600 13th Street, N.W.
Washington, D.C. 20005
(202) 756-8000

Counsel for Amicus Curiae
Thomas Moore

## CERTIFICATE OF SERVICE

I, David E. Carney, hereby certify that I caused an original and 4 copies of the foregoing to be filed with the Court by dispatching the brief via hand delivery to the Clerk of the Court, U.S. Court of Appeals for the District of Columbia Circuit, 333 Constitutional Avenue, N.W., Washington, D.C. 20001.

I further certify that I served 2 copies of the foregoing on the following counsel via the method indicated:

Via Hand Delivery
Douglas N. Letter
H. Thomas Byron, III
U.S. Department of Justice
Civil Division, Appellate Staff
950 Pennsylvania Avenue, N.W.
Washington, D.C. 20530

Via Hand Delivery
Rupa Bhattacharyya
U.S. Department of Justice
Civil Division, Federal Programs Branch
950 Pennsylvania Avenue, N.W.
Washington, D.C. 20530

Via Hand Delivery
Robert R. Vieth
Tara M. Lee
Cooley Godward LLP
One Freedom Square
Reston Town Center
11951 Freedom Drive
Reston, VA 20190

Via Hand Delivery
Michael Shane
Jennifer L. Zachary
U.S. Department of Health
  and Human Services
Office of the General Counsel
5600 Fishers Lane
Rockville, MD 20857

Via Overnight Delivery
Michael Traynor
Cooley Godward LLP
101 California Street, 5th Floor
San Francisco, CA 94111

Via Hand Delivery
Harvey J. Volzer
Shaughnessy, Volzer & Gagner, P.C.
1101 15th Street, N.W., Suite 202
Washington, D.C. 20005

<u>Via Hand Delivery</u>
Marina Utgoff Braswell
Kenneth Wainstein
Claire Whitaker
U.S. Attorney's Office
Judiciary Center Building
555 4th Street, N.W.
Washington, D.C.  20530

<u>Via Hand Delivery</u>
Julian Henry Spirer
Fred B. Goldberg
Spirer & Goldberg, P.C.
7101 Wisconsin Avenue, Suite 1201
Bethesda, MD  20814

<u>Via Hand Delivery</u>
Meredith Fuchs
The National Security Archive
2130 H Street, NW
Gelman Suite 701
Washington, D.C.  20037

<u>Via Overnight Delivery</u>
John Stewart Mills
Law Offices of Mills & Carlin
865 May Street
Jacksonville, FL 32204

<u>Via Hand Delivery</u>
Frank C. Huntington
Ian D. Roffman
U.S. Securities and Exchange
    Commission
Boston District Office
73 Tremont Street, 6th Floor
Boston, MA  02108

<u>Via Hand Delivery</u>
Kate Abbott Martin
Center for National Security Studies
1120 19th Street, NW, Suite 800
Washington, D.C.  20036

<u>Via Overnight Delivery</u>
Sayre Weaver
The Educational Fund To Stop Gun
    Violence
401 South Harbor Boulevard, #F189
La Habra, CA  90631

Dated:  February 14, 2006

David E. Carney

4

## ADDENDUM

## CERTIFICATE AS TO PARTIES

Except for the following, all parties, intervenors, and other amici appearing before the District Court and in this Court are listed in the Brief of Appellants.

Amicus Curiae Biopure Corporation has no parent corporation and no publicly held company owns 10% or more of its stock.

Amicus Curiae Thomas Moore is the former President and Chief Executive Officer of Biopure Corporation.

Amicus Curiae Howard Richman is the former Senior Vice President of Regulatory Affairs and Operations of Biopure Corporation.

Amicus Curiae Jane Kober is the General Counsel of Biopure Corporation.

Amicus Curiae Richard Selden is the former President and Chief Executive Officer of Transkaryotic Therapies, Inc.

## Corporate Disclosure Statement

Amicus Curiae Biopure Corporation, a Delaware corporation, hereby states that it is a publicly traded biotechnology company, that it has no parent corporation and that no publicly held company owns 10% or more of its stock.

# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| SECURITIES AND EXCHANGE | ) | |
| COMMISSION, | ) | |
| Plaintiff, | ) | |
|  | ) | Miscellaneous 05-00506 (RWR/AK) |
| v. | ) | |
|  | ) | |
| BIOPURE CORPORATION, *et al.*, | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

Pending before the Court is Defendant Biopure Corporation's Motion to Compel FDA

Compliance with Federal Subpoenas ("Motion to Compel") [1]; Plaintiff Securities and

Exchange Commission's ("SEC") Response thereto ("Response")[4]; Non-Party Respondent

United States Food and Drug Administration's (hereinafter "Respondent" or "FDA")

[consolidated] Motion to Quash Subpoenas Duces Tecum and Opposition to Motion to Compel

("Motion to Quash") [5/6]; Defendant Biopure Corporation's Reply Memorandum of Law in

Further Support of the Motion to Compel and in Opposition to the Motion to Quash

("Opposition") [7/8]; the SEC's Surreply [no docket number assigned]; and the Reply by the

Food and Drug Administration ("Reply") [11].[1]  Defendant Biopure Corporation ("Defendant" or

---

[1]Biopure Corporation contests the Securities and Exchange Commission's standing to challenge the Motion to Compel or enforcement of the subpoenas, on grounds that the SEC "claims no interest or privilege in the FDA documents at issue . . . ." Motion to Compel at 16 (emphasis in original). *See Washington v. Thurgood Marshall Acad.*, 230 F.R.D. 18, 21 (D.D.C. 2005)("A party generally lacks standing to challenge a subpoena issued to a third-party absent a claim of privilege, proprietary interests, or personal interest in the subpoenaed matter.") (citations omitted). The Court notes that this dispute centers around the arguments made by Biopure Corporation in its Motion to Compel and by the FDA in it Motion to Quash. The arguments in the SEC's Response and its Surreply are encompassed within the FDA's pleadings and thus, the Court permitted the filing of

"Biopure") moves to compel the FDA to comply with three subpoenas served on the FDA by

Biopure. *See* Motion to Compel Exhibits A-C (copies of the three subpoenas). The subpoenaed

discovery is sought in connection with Biopure's defense in a federal, civil enforcement action

pending in the United States District Court for the District of Massachusetts.[2]  For the reasons

set forth herein, Defendant's Motion to Compel is denied and Respondent FDA's Motion to

Quash is granted.  An appropriate Order accompanies this Memorandum Opinion.

## I. Background

_____On November 4, 2005, Biopure served upon the FDA and one of its divisions, the Center

for Biologics Evaluation and Review ("CBER"), three subpoenas seeking the production of

business records and the depositions of the FDA and CBER record-keepers, as well as the

deposition of Lawrence Landow, an employee of CBER.  By Letter dated November 15, 2005,

counsel for the FDA objected to the Biopure subpoenas on grounds that the subpoenas:

(1) could not be used to obtain discovery from FDA because the United States is not a person
within the meaning of Rule 45 and cannot be served with a third- party subpoena; (2) did not
comply with the FDA's *Touhy* regulations governing requests for FDA testimony; (3) requested
documents containing "proprietary, trade secret, . . . and/or agency deliberative process
information" that is not subject to release; (4) were unduly burdensome, over[ly] broad, and
would require an unreasonable commitment of agency resources; (5) were unduly burdensome
in that they requested documents that may be maintained by agencies other than the FDA; (6)
were unduly burdensome in that they requested documents that were already in Biopure's
possession; (7) were unduly burdensome in that they requested "completed response letters"
sent to entities other than Biopure, . . . ; and (8) did not give the FDA a reasonable time to
respond.

*See* November 15, 2005 Letter attached as Motion to Compel Exhibit E.  FDA's counsel

_____

such documents without specifically addressing the SEC's standing to object.

[2]Biopure indicates that trial in that matter is set to commence on May 8, 2006. Motion to
Compel at 3.

indicated that Plaintiff Securities and Exchange Commission ("SEC") had requested permission

to release to Biopure documents that were obtained from the FDA by the SEC. The SEC has

now confirmed that "transcripts of [deposition] testimony [by FDA witnesses] and copies of all

documents released to the SEC by FDA have already been provided by the SEC to Biopure and

the other defendants." Response at 1-2.

On December 9, 2005, Biopure filed the instant Motion to Compel. On December 23,

2005, the SEC filed its response and non-party FDA responded by filing a consolidated

opposition and motion to quash (together referred to as the "Motion to Quash"). The Motion to

Compel and Motion to Quash have now been fully briefed and are ripe for determination by this

Court.[3]

## II. The FDA Challenges the Subpoenas
## A. Applicability of Fed. R. Civ. P. 45

Respondent FDA's foremost challenge to enforcement of the subpoenas is based on its

argument that Fed. R. Civ. P. 45 does not authorize subpoenas, or subpoena enforcement

proceedings, against non-party federal agencies or employees because under Rule 45, a

subpoena may only be directed to a "person" and that term does not include federal agencies or

its employees.[4] *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64 (1989) ( "[T]he term

'person' does not include the sovereign, [and] statutes employing the [word] are ordinarily

---

[3]Biopure requested an expedited oral hearing on the Motion to Compel but the Court determined that a hearing is unnecessary.

[4]Rule 45 provides, in relevant part, that: "Every subpoena shall . . . command each person to whom it is directed to attend and give testimony or produce and permit inspection and copying of designated books, documents or tangible things in the possession, custody or control of that person, . . . " Fed. R. Civ. P. 45(a)(1)(C).

construed to exclude [the government].") (internal quotations omitted). *See also Vermont Agency of Natural Res. v. United States ex rel. Stevens*, 529 U.S. 765, 780 (2000) ("[W]e must apply . . . our longstanding interpretive presumption that 'person' does not include the sovereign.")

Defendant Biopure challenges the FDA's assertion that Rule 45 does not authorize subpoenas against federal agencies, relying heavily on *Houston Bus. Journal, Inc. v. Office of the Comptroller, Dep't of Treasury*, 86 F.3d 1208, 1212 (D.C. Cir. 1996), wherein the Court of Appeals for the D.C. Circuit stated that: "A federal-court litigant . . . can seek to obtain the production of documents from a federal agency by means of a federal subpoena." The Court of Appeals further noted that to the extent that a federal agency's regulation "may be to the contrary, it conflicts with Federal Rule of Civil Procedure 45 and exceeds the [agency's] authority under the Housekeeping Statute [also referred to as *Touhy* regulations]."[5] *Id.*

In *Houston Bus. Journal*, a private company sought to compel the Office of the Comptroller to comply with subpoenas issued in connection with a state court libel action in which the company was a defendant. The Comptroller refused to comply with the subpoenas, citing its regulations governing the testimony of agency employees enacted under "*Touhy* regulations," codified at 5 U.S.C. §301. The D.C. Circuit affirmed the District Court's denial of the motion to compel, holding that because the underlying litigation was in state court, the district court did not have jurisdiction to issue the subpoena. It is that context in which the Court of Appeals engaged in its discourse on the [differences between procedures available to

---

[5] *See Touhy v. Ragen*, 340 U.S. 462, 467 (1951) (holding that federal agencies, in the interest of internal administration, may promulgate regulations governing an agency's procedures for producing documents and testimony under certain circumstances.)

state court and] federal court litigants seeking documents from a non-party government agency.

The FDA notes that the *Houston Business Journal* case did "not involve the questions of whether Rule 45's reference to 'person' included the government, so the Court's statement about that issue was dicta." Reply at 8. Respondent further alleges that the dicta from *Houston Bus. Journal* cited by Biopure is superceded by the holdings in *Vermont Agency of Natural Resources, supra.* at 781 (courts should presume that "person" excludes the government absent an "affirmative showing of statutory intent to the contrary") and *Al Fayed v. CIA*, 229 F.3d 272, 312-13 (D.C. Cir. 2000) (where the D.C. Circuit affirmed the district court's order quashing a subpoena issued under a statute similar in effect to Rule 45 because there was no "affirmative evidence to disturb the presumption that 'person' excludes the sovereign.")

*See also Linder v. Calero-Portocarrero*, 251 F.3d 178, 181 (D.C. Cir. 2001) ("Although our past decisions have assumed that 'person' in Rule 45 included the federal government, we have never expressly so held and our assumption may need to be reexamined in light of *Al Fayed*) and *AlohaCare, Inc. v. Haw. Dep't of Human Servs.* (*In re: Subpoena Duces Tecum to Tommy G. Thompson*), Misc. No. 04-498 (D.D.C. June 28, 2005) (an unreported case in which the Honorable Colleen Kollar-Kotelly noted that, in *Linder, id.* at 180, the D.C. Circuit "dropped significant hints that the federal government [is] outside the purview of Rule 45[,]" and she thus concluded [Memorandum Opinion at 9] that the term "person" in Rule 45 does not include the federal government.) Biopure's reliance on dicta from *Houston Business Journal* is not persuasive in light of the D.C. Circuit's language in *Al Fayed* and *Linder*, and the *AlohaCare* case.

Biopure also cites Fed. R. Civ. P. 30(b)(6) in support of its contention that a

governmental agency is subject to a subpoena. That contention was discussed and dismissed in

*AlohaCare, id.*, where that Court held that [t]here is a clear distinction between Rule 30 and
Rule 45 that Aloha Care has ignored; Rule 30 and Rule 45, drafted over three decades apart,
serve vastly different purposes. Rule 45 deals with subpoenas exclusively, while Rule 30 deals
with subpoenas in the limited context of their application to oral depositions. * * * Rule
30(b)(6) simply establishes a discrete procedure for a narrow circumstance in which a party
seeks testimony from an organizational entity, and obliges that party to identify the natural
person who will testify. The Rule applies to both a party ("notice") and to non-party
("subpoena") depositions. . . . If the Government is a party, Rule 30(b)(6) certainly applies to it;
however, when it is not a party, the availability of a subpoena is governed by Rule 45. If Rule
45 was intended to extend to the federal government, the Judicial Conference and Congress had
ample opportunity to amend the Rule in conformity with the language of Rule 30. Given both
the lack of clear expression of such an intent and the governing rules of statutory construction,
the Court rejects AlohaCare's request for it to judicially amend the Federal Rules of Civil
Procedure and instead emphasizes the clear distinction between the scope of the twin Rules.

In addition to United States District Court Judge Kollar-Kotelly's decision in

*AlohaCare*, several other judges from this Court have recently addressed whether, as a matter of

interpretation, the word "person" in Fed. R. Civ. P. 45 includes the federal government, and all

have concluded that it does not. *See Yousuf. v. Samantar*, Misc. No. 05-110, 2005 U.S. Dist.

LEXIS 8488, at *14 (D.D.C. May 3, 2005) (where the Honorable Reggie Walton found that "a

federal government agency is not a 'person' within the meaning of Rule 45 and thus [a court]

cannot enforce a Rule 45 subpoena served on such an agency.")[6] *See also United States ex rel.*

*Taylor v. Gabelli*, Misc. No. 04-534, 2005 U.S. Dist. LEXIS 8489, at *7 (D.D.C. May 2, 2005)

(wherein the Honorable Richard Leon held that "the term 'person' in Rule 45, in the absence of

a satisfactory basis to override this interpretive presumption [that 'person' excludes the

sovereign], does not include the federal government"); *Lerner v. District of Columbia*, Civil

---

[6]This decision has been appealed. *See* 2005 U.S. App. LEXIS 21043 (D.C. Cir. Sept. 26,
2005).

Action No. 00-1590, 2005 U.S. Dist. LEXIS 10154, at *17 (D.D.C. Jan. 7, 2005) (where the

Honorable Gladys Kessler found that the Court lacked jurisdiction to subpoena two federal

agencies because "the 'requisite affirmative indications' that the term 'person' in Rule 45

includes the federal government [we]re absent"); and *Truex v. Allstate Ins. Co.*, Misc. No. 05-

439, 2006 U.S. Dist. LEXIS 424, at *11 (D.D.C. Jan. 1, 2006) ("In response to *Al Fayed* and

*Linder*, the District Court has re-examined the assumption that Rule 45 applies to the federal

government and held that 'person' as used in Rule 45 does not include the federal agencies.")

*See generally Chen v. Ho*, 368 F. Supp.2d 97,98 (D.D.C. 2005) ("[W]hen a federal agency,

pursuant to so-called *Touhy* regulations, prohibits its employees from responding to a *subpoena*

*ad testificandum* without agency approval and declines to grant that approval . . . , the requesting

party must then proceed under the APA, and a federal court will review the agency's decision  . .

..") (citation omitted).

In footnote 5 of its Opposition, Biopure cites two cases from this District Court, which

allegedly counter the impact of the aforementioned recent decisions. *See Providian Financial*

*Corp. Securities Litigation*, 222 F.R.D. 22 (D.D.C. 2004), and *Ho v. United States*, 374 F.

Supp.2d 82 (D.D.C. 2005).   It does not appear however that the governmental parties in these

two cases raised the argument that they were not persons within the meaning of Rule 45.  *See*

*Providian, supra.*(summarizing relevancy and privilege based objections made by the

Comptroller of the Currency) and *Ho v. United States,* 374 F. Supp.2d 82, (D.D.C. 2005)

(accepting the Department of Homeland Security's argument that it could not be compelled to

respond to the plaintiff's Rule 45 subpoena because the agency had enacted valid *Touhy*

regulations).

Biopure attempts to distinguish the recent decisions from this Court, cited by FDA, by noting that "in contrast to the litigation here, in none of these cases was the federal government the plaintiff." Motion to Compel at 6.  Biopure does not cite any cases to support this proposition; instead, it asserts that the FDA has provided "active assistance" to the SEC, and accordingly, "under the particular circumstances of this case, any claim that the FDA should not be required to comply with a federal subpoena, issued out of court whose jurisdiction was invoked by the federal government with the cooperation of the FDA, is frivolous and should be rejected." Motion to Compel at 9.  The FDA argues that Biopure's suggestion that, in cases brought by one federal agency, the entire federal government and all of its agencies are to be treated as parties to the litigation for purposes of discovery, is unsupported by any authority.[7]

Following the Court of Appeals' reasoning in *Al Fayed, supra.* and the recent cases from this Court determining that the Government is not a party subject to the subpoena power of Rule 45, and finding no support for Biopure's proposition that because the SEC [Government] is a party, then other branches of the Government such as the FDA should also be treated as a party, the Court finds that the word "person" in Rule 45 does not apply to the FDA, and accordingly Biopure's subpoenas are not enforceable against the FDA.

---

[7]The FDA proffers that it has located one case from this district holding that different agencies should be subject to discovery in a case brought by a single agency. *See United States v. AT&T*, 461 F. Supp. 1314 (D.D.C. 1978). FDA explains that the *AT&T* case is inapposite because it involved "unique" circumstances and "peculiar facts, which involve[d] massive and wide-ranging allegations, and . . . many departments and their evidence," such that the government could not "claim to be merely the Department of Justice." *Id.* at 1334. The court in *AT&T* cautioned that its holding should be limited to that particular case because if not so confined, it "might encourage other litigants in other cases to rummage through the files of the entire government, and so paralyze both the work of numerous agencies and that of the court." *Id.* The FDA contends that because this case deals with issues within the purview of the SEC, an independent agency, it should not be subjected to discovery which would paralyze the FDA and keep it from performing its functions.

## B. *Touhy* Regulations

Even assuming *arguendo* that the FDA is treated as a "person" under Rule 45, Biopure

has not complied with the FDA's *Touhy* regulations in crafting its subpoena requests. The FDA

asserts that "[c]ounsel for Biopure was informed that Biopure's third-party subpoenas did not

constitute a proper request for testimony pursuant to the FDA's Touhy's regulations." Motion

to Quash at 6; *see* 21 C.F.R. §20.1. "In order to obtain the testimony of the FDA records

custodians, Biopure must submit a written request to the Commissioner of Food and Drugs."

*Id.* There is no evidence in the record before this Court that Biopure has complied with the

FDA's *Touhy* regulations in its efforts to obtain the testimony of FDA employees. The FDA

further asserts that "[e]ven if Biopure's subpoenas could be construed as a valid request for

FDA documents, . . ., it will be approximately three years before FDA will be able to begin its

search for responsive documents . . . ." Motion to Quash at 7; *see* Declaration of Joanne

Binkley, ¶35, attached as Exhibit 1. The FDA has suggested that Biopure "convert its subpoenas

into a request for documents pursuant to FOIA," with the understanding that a narrowing of the

request will "expedite production of the documents." Motion to Quash at 6-7; Binkley Decl. at

¶36.[8]    Biopure alleges that the FDA's refusal to provide testimony is particularly unfair in light

of the FDA's providing documents and testimony to the SEC pursuant to a "blanket

authorization" enabling FDA employees to share information with the SEC. Reply at 18. The

---

[8]Biopure states that "[p]ursuant to FDA regulations, service of the subpoenas automatically
triggers the FOIA process." Opposition at 5 n.8, citing 21 C.F.R.§20.2(a). The FDA suggests that
as an alternative to granting the Motion to Quash, the Court should enter an order directing the
parties to confer for the purpose of narrowing the scope of Biopure's request and allowing the FDA
a reasonable amount of time to respond, and requiring Biopure to pay the costs associated with
document production. FDA Reply at 21.

FDA contradicts this allegation, noting that it provided documents to the SEC through its

"regulations permitting the inter-agency disclosure of documents, 21 C.F.R. §20.85" and

furthermore, "unlike Biopure, the SEC complied with FDA's Touhy regulations in order to

obtain testimony from FDA employees." Motion to Quash at 16.   Moreover, the documents

that were given to the SEC by the FDA have also been provided to Biopure.  There is no

indication that Biopure has complied with the FDA's *Touhy* regulations in an effort to obtain

discovery and accordingly, Biopure's Motion to Compel should also be denied on those grounds

and the FDA's Motion to Quash should be granted.


DATED: January 20, 2006                    _____

                                           ALAN KAY
                                           UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>            Plaintiff,<br><br>            v.<br><br>BIOPURE CORPORATION, *et al.*,<br>            Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Miscellaneous 05-00506 (RWR/AK)

## **ORDER**

Upon consideration of Defendant Biopure Corporation's Motion to Compel FDA Compliance with Federal Subpoenas ("Motion to Compel") [1], and Non-Party Respondent United States Food and Drug Administration's [consolidated] Motion to Quash Subpoenas Duces Tecum and Opposition to Motion to Compel ("Motion to Quash") [5/6], and the documents associated with both motions, in support and in opposition thereto, for the reasons set forth in detail in the accompanying Memorandum Opinion, it is this 20th day of January, 2006,

ORDERED that Biopure's Motion to Compel [1] is DENIED, and it is further,

ORDERED that the FDA's Motion to Quash [5/6] is GRANTED, and it is further

ORDERED that pursuant to the FDA's suggestion that the Court enter an order directing the parties to confer for the purpose of narrowing the scope of Biopure's requests and allowing the FDA a reasonable amount of time to respond, and directing the Biopure shall assume the costs associated with the requests, the parties are directed to meet and confer at a mutually convenient place and time, to make a good faith effort to effect a resolution of this dispute.

ALAN KAY
UNITED STATES MAGISTRATE JUDGE

# EXHIBIT B

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| SECURITIES EXCHANGE COMMISSION, | : | | |
| | : | | |
| | : | | |
| Plaintiff, | : | Civil Action No.: | 05mc476 (RMU) |
| | : | | |
| v. | : | | |
| | : | | |
| RICHARD SELDEN, | : | | |
| | : | | |
| Defendant. | : | | |

## ORDER

### HOLDING CASE IN ABEYANCE PENDING D.C. CIRCUIT RULING

On February 27, 2006, the Court of Appeals for the District of Columbia Circuit will hear the appeal of the district court's ruling in *Yousuf v. Samantar*, 2005 WL 1523385 (D.D.C. May 03, 2005). That appeal raises questions central to the issues presented before this court in the instant case. The court rules that it is in the best interests of justice to hold this case in abeyance pending a ruling by the D.C. Circuit in *Yousuf*. It is therefore this 10th day of February 2006 hereby

**ORDERED** that this case be held in abeyance pending a ruling by the D.C. Circuit in *Yousuf*, and it is

**FURTHER ORDERED** that the parties file supplemental memoranda to the court within 15 days of the D.C. Circuit's ruling and address the applicability of the holding in that case to the case at bar.

**SO ORDERED.**

RICARDO M. URBINA
United States District Judge

EXHIBIT 2

ORAL ARGUMENT SCHEDULED FOR FEBRUARY 27, 2006

UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT



UNITED STATES COURT OF APPE
FOR DISTRICT OF COLUMBIA CIRC.

FEB 1 4 2006

RECEIVED

No. 05-5197

BASHE ABDI YOUSUF, ET AL.,

*Appellants,*

v.

MOHAMED ALI SAMANTAR;
THE UNITED STATES DEPARTMENT OF STATE,

*Appellees.*

On Appeal From A Final Judgment Of
The United States District Court For The District Of Columbia

**BRIEF OF AMICI CURIAE
BIOPURE CORPORATION, THOMAS MOORE, HOWARD
RICHMAN, JANE KOBER AND RICHARD SELDEN IN SUPPORT OF
APPELLANTS' APPEAL FOR REVERSAL OF THE DISTRICT COURT**

David E. Carney
SKADDEN, ARPS, SLATE,
    MEAGHER & FLOM LLP
1440 New York Avenue, N.W.
Washington, D.C. 20005
(202) 371-7000

Counsel for Amici Curiae
Jane Kober and Richard Selden

Kenneth W. Salinger
EDWARDS ANGELL PALMER &
    DODGE LLP
111 Huntington Avenue
Boston, Massachusetts 02199
(617) 239-0561

Counsel for Amicus Curiae Howard
Richman

Stephen J. Crimmins
John J. Demsey
BINGHAM MCCUTCHEN LLP
1120 20th Street, N.W., Suite 800
Washington, D.C. 20036
(202) 778-6150

Counsel for Amicus Curiae
Biopure Corporation

Bobby R. Burchfield
Jason A. Levine
MCDERMOTT, WILL & EMERY LLP
600 13th Street, N.W.
Washington, D.C. 20005
(202) 756-8000

Counsel for Amicus Curiae Thomas
Moore

# CERTIFICATE AS TO PARTIES, RULINGS, AND RELATED CASES

## Parties and Amici

Except for the following, all parties, intervenors, and other <u>amici</u> appearing before the District Court and in this Court are listed in the Brief of Appellants.

<u>Amicus Curiae</u> Biopure Corporation has no parent corporation and no publicly held company owns 10% or more of its stock.

<u>Amicus Curiae</u> Thomas Moore is the former President and Chief Executive Officer of Biopure Corporation.

<u>Amicus Curiae</u> Howard Richman is the former Senior Vice President of Regulatory Affairs and Operations of Biopure Corporation.

<u>Amicus Curiae</u> Jane Kober is the General Counsel of Biopure Corporation.

<u>Amicus Curiae</u> Richard Selden is the former President and Chief Executive Officer of Transkaryotic Therapies, Inc.

Each of the <u>Amici Curiae</u> has an interest in securing a fair trial in actions pending in the United States District Court for the District of Massachusetts styled, respectively, <u>S.E.C. v. Biopure Corp., Thomas Moore, Howard Richman and Jane Kober</u>, Civ. No. 05-11853-PBS (D. Mass., filed Sept. 14, 2005) and <u>S.E.C. v. Richard Selden</u>, Civ. No. 05-11805-NG (D. Mass., filed

Sept. 1, 2005), in which they are named as defendants, respectively. This appeal addresses important issues relating to questions arising in those actions.

The <u>Amici</u> <u>Curiae</u> seek authority to file this brief through their Motion For Leave submitted herewith.

### Rulings Under Review

References to the rulings at issue appear in the Brief of Appellants.

### Related Cases

References to all related cases known to <u>Amici</u> appear in the Brief of Appellants.

### Circuit Rule 29(d) Certificate

<u>Amici</u> are aware of the Brief Of Amici Curiae The Educational Fund To Stop Gun Violence, And The National Security Archive. This separate <u>amicus</u> brief is necessary because of the importance of an <u>amicus</u> brief on the particular issues raised herein and because these issues arose only recently in the context of court rulings.

### Corporate Disclosure Statement

<u>Amicus</u> <u>Curiae</u> Biopure Corporation, a Delaware corporation, hereby states that it is a publicly traded biotechnology company, that it has no parent corporation and that no publicly held company owns 10% or more of its stock.

Dated: February 14, 2006

David E. Carney

# **TABLE OF CONTENTS**

PAGE

Certificate as to Parties, Rulings, and Related Cases ...................................................... i

Table of Authorities ................................................................................................... iv

Pertinent Statutes and Regulations ............................................................................. 1

ARGUMENT ............................................................................................................ 1

Conclusion ............................................................................................................... 3

Certificate of Compliance ......................................................................................... 5

Certificate of Service ................................................................................................ 5

# TABLE OF AUTHORITIES

PAGE(S)

<u>Harbury v. Deutch</u>, 233 F.3d 596 (D.C. Cir. 2000), <u>rev'd on other grounds sub nom.</u>, <u>Christopher v. Harbury</u>, 536 U.S. 403 (2002) ..................... 3

<u>McLelland v. Andrus</u>, 606 F.2d 1278 (D.C. Cir. 1979)............................................. 3

Rule 29, Circuit Rules of the United States Court of Appeals for the District of Columbia Circuit........................................ 1

Rule 29, Federal Rules of Appellate Procedure ......................................................... 1

Rule 45, Federal Rules of Civil Procedure........................................................ 2, 3, 4

Rules Enabling Act, 28 U.S.C. § 2072(b) ................................................................. 3

<u>Touhy v. Ragen,</u> 340 U.S. 462 (1951) ...................................................................... 2

There are no authorities upon which we chiefly rely.

## PERTINENT STATUTES AND REGULATIONS

All applicable statutes, etc., are contained in the Brief of Appellants.

## ARGUMENT

Pursuant to Rule 29 of the Federal Rules of Appellate Procedure and Circuit Rule 29 of the United States Court of Appeals for the District of Columbia Circuit, Biopure Corporation, Thomas Moore, Howard Richman, Jane Kober and Richard Selden (collectively, "Amici"), respectfully submit this Brief In Support Of Appellants' Appeal For Reversal Of The District Court.

Amici are the named defendants in securities fraud enforcement actions brought by the U.S. Securities and Exchange Commission ("SEC"). See S.E.C. v. Biopure Corp., Thomas Moore, Howard Richman and Jane Kober, Civ. No. 05-11853-PBS (D. Mass., filed Sept. 14, 2005); S.E.C. v. Richard Selden, Civ. No. 05-11805-NG (D. Mass., filed Sept. 1, 2005). The SEC claims in each case that Amici misled investors concerning their respective product's review and approval status before the U.S. Food and Drug Administration ("FDA").

In October and November 2005, certain Amici served subpoenas on the FDA, which had worked with the SEC during the SEC's investigations leading up to the SEC's above-captioned lawsuits. During the SEC's investigations -- which lasted several years -- the FDA provided the SEC access to FDA employees, documents and files. The SEC allowed FDA counsel -- as opposed to the witness's

counsel -- to be present for and to participate in <u>voluntary</u> testimony given by FDA employees. Despite the FDA's active cooperation with the SEC in preparing the SEC's case against <u>Amici</u>, the FDA refused to provide <u>any</u> information to <u>Amici</u> themselves in response to <u>Amici</u>'s subpoenas. The FDA argued that despite its provision of information to its sister agency, which information is being actively used <u>against</u> <u>Amici</u>, the FDA is immune from subpoena from <u>Amici</u> themselves because the FDA is not a "person" under Rule 45 of the Federal Rules of Civil Procedure.

Amici are presently litigating that issue in the District Court and affirmatively do <u>not</u> seek resolution of their particular matters here. However, as <u>Amici</u> pursue their rights in District Court, and ultimately to this Court if need be, <u>Amici</u> have a strong interest to point out the potential impact that a decision in the appeal before this Court may have on other cases, should this Court fashion a rule which (inadvertently or otherwise) could be applied to cases such as <u>Amici</u>'s, in which: (1) the government <u>itself</u> invoked the Federal Rules of Civil Procedure by bringing suit; (2) the federal agency being subpoenaed provided its materials and personnel in aid of the government's claims against the defendants, yet refuses to comply with subpoenas from the defendants themselves seeking related discovery; and (3) the procedures under <u>Touhy v. Ragen</u>, 340 U.S. 462 (1951), provide no

relief in litigation, both because of the <u>years</u> it would take for the subject agency to respond and because of the "arbitrary and capricious" standard of review.

A holding by this Court that the Rules Enabling Act, 28 U.S.C. § 2072(b), or Rule 45, generally authorizes civil litigants to subpoena federal agencies, would suit all settings.  But a rule protecting the government from federal court subpoenas, if fashioned too broadly, could raise serious questions of fairness, and deny litigants due process in settings other than that before the Court on the present appeal.  See <u>McLelland v. Andrus</u>, 606 F.2d 1278, 1286 (D.C. Cir. 1979) ("[D]iscovery must be granted if in the particular situation a refusal to do so would so prejudice a party as to deny him due process.").

> "[T]he right to sue and defend in the courts," the Supreme Court long ago said, "is the alternative of force.  In an organized society it is the right conservative of all other rights, and lies at the foundation of orderly government.  It is one of the highest and most essential privileges of citizenship."  The right not only protects the ability to get into court . . . but also ensures that such access be "<u>adequate, effective, and meaningful</u>."

<u>Harbury v. Deutch</u>, 233 F.3d 596, 607 (D.C. Cir. 2000) (federal government cover-up of information to party could constitute denial of constitutional right to access to the courts) (citations omitted) (emphasis added), <u>rev'd on other grounds sub nom.</u>, <u>Christopher v. Harbury</u>, 536 U.S. 403 (2002).  If this Court affirms the District Court, <u>Amici</u> respectfully submit that any holding not be so broad as to allow such an unfair, and potentially unconstitutional, result.

## **Conclusion**

The <u>Amici</u> respectfully request that any ruling by this Court on the facts of the appeal not permit an agency of the federal government to avoid Rule 45 discovery where the federal government itself is the plaintiff, and especially where the agency subject to the subpoenas has provided materials or testimony for use in the government's suit against the party subpoenaing that agency for related materials and testimony. At a minimum, this Court should reserve that question, which is not presented by the appeal before it.

Dated: February 14, 2006
      Washington, D.C.

Respectfully submitted,

David E. Carney
SKADDEN, ARPS, SLATE,
    MEAGHER & FLOM LLP
1440 New York Avenue, N.W.
Washington, D.C. 20005
(202) 371-7000

Counsel for Amici Curiae
Jane Kober and Richard Selden

Stephen J. Crimmins *with permission dec*
John J. Demsey
BINGHAM MCCUTCHEN LLP
Suite 800
1120 20th Street, N.W.
Washington, D.C. 20036
(202) 778-6150

Counsel for Amicus Curiae
Biopure Corporation

Kenneth W. Salinger *with permission dec*
EDWARDS ANGELL PALMER &
    DODGE LLP
111 Huntington Avenue
Boston, Massachusetts 02199
(617) 239-0561

Counsel for Amicus Curiae
Howard Richman

Bobby R. Burchfield *with permission dec*
Jason A. Levine
MCDERMOTT, WILL & EMERY
LLP
600 13th Street, N.W.
Washington, D.C. 20005
(202) 756-8000

Counsel for Amicus Curiae
Thomas Moore

## CERTIFICATE OF COMPLIANCE

I, David E. Carney, hereby certify that this brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because this brief contains 802 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii) and that this brief complies with the typeface limitation of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface (Times New Roman, 14 point) using Microsoft Word 2003.

Dated: February 14, 2006

David E. Carney

## CERTIFICATE OF SERVICE

I, David E. Carney, hereby certify that I caused an original and 14 copies of the foregoing to be filed with the Court by dispatching the brief via hand delivery to the Clerk of the Court, U.S. Court of Appeals for the District of Columbia Circuit, 333 Constitutional Avenue, N.W., Washington, D.C. 20001.

I further certify that I served 2 copies of the foregoing on the following counsel via the method indicated:

Via Hand Delivery
Douglas N. Letter
H. Thomas Byron, III
U.S. Department of Justice
Civil Division, Appellate Staff
950 Pennsylvania Avenue, N.W.
Washington, D.C. 20530

Via Hand Delivery
Rupa Bhattacharyya
U.S. Department of Justice
Civil Division, Federal Programs Branch
950 Pennsylvania Avenue, N.W.
Washington, D.C. 20530

Via Hand Delivery
Robert R. Vieth
Tara M. Lee
Cooley Godward LLP
One Freedom Square
Reston Town Center
11951 Freedom Drive
Reston, VA 20190

Via Hand Delivery
Michael Shane
Jennifer L. Zachary
U.S. Department of Health
   and Human Services
Office of the General Counsel
5600 Fishers Lane
Rockville, MD 20857

Via Overnight Delivery
Michael Traynor
Cooley Godward LLP
101 California Street, 5th Floor
San Francisco, CA 94111

Via Hand Delivery
Marina Utgoff Braswell
Kenneth Wainstein
Claire Whitaker
U.S. Attorney's Office
Judiciary Center Building
555 4th Street, N.W.
Washington, D.C. 20530

Via Hand Delivery
Julian Henry Spirer
Fred B. Goldberg
Spirer & Goldberg, P.C.
7101 Wisconsin Avenue, Suite 1201
Bethesda, MD 20814

Via Hand Delivery
Meredith Fuchs
The National Security Archive
2130 H Street, NW
Gelman Suite 701
Washington, D.C. 20037

Via Overnight Delivery
John Stewart Mills
Law Offices of Mills & Carlin
865 May Street
Jacksonville, FL 32204

Via Hand Delivery
Harvey J. Volzer
Shaughnessy, Volzer & Gagner, P.C.
1101 15th Street, N.W., Suite 202
Washington, D.C. 20005

Via Hand Delivery
Frank C. Huntington
Ian D. Roffman
U.S. States Securities and Exchange
    Commission
Boston District Office
73 Tremont Street, 6th Floor
Boston, MA 02108

Via Hand Delivery
Kate Abbott Martin
Center for National Security Studies
1120 19th Street, NW, Suite 800
Washington, D.C. 20036

Via Overnight Delivery
Sayre Weaver
The Educational Fund To Stop Gun
    Violence
401 South Harbor Boulevard, #F189
La Habra, CA 90631

Dated: February 14, 2006

David E. Carney