UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | : | |
| Plaintiff, | : | Civ. A. No. 05-11853-PBS |
| v. | : | |
| BIOPURE CORPORATION,<br>THOMAS MOORE, HOWARD RICHMAN,<br>and JANE KOBER | : | |
| Defendants. | : | |

**SECURITIES AND EXCHANGE COMMISSION'S
RESPONSE TO DEFENDANTS' MOTION FOR RULE 16 CONFERENCE**

The Securities and Exchange Commission ("Commission") respectfully submits this Response to Defendants' Motion for Rule 16 Conference ("Motion"). The Commission does not object to a Rule 16(a) conference with the Court and takes no position as to whether a conference with the Court is necessary. As requested by the Court, the Commission will also submit a status report when the District of Columbia court resolves the motions pending before it.

The Commission respectfully submits this Response, however, to address several contentions in the defendants' Motion. For the most part, defendants' Motion simply rehashes the same dispute that this Court already resolved in denying defendants' motion to preclude FDA evidence from trial. In addition, however, defendants' Motion contains several inaccurate statements that the Commission respectfully seeks to correct.

**Argument**

**Defendants Still Have Not Complied With FDA's *Touhy* Regulations**

Defendants' plea to this Court is founded on a false premise -- that the defendants are unable to get discovery from the FDA. There are at least two simple solutions to defendants' purported lack of discovery from the FDA, both of which would comply with the FDA's Touhy regulations: (1) they could submit a request for testimony pursuant to 21 C.F.R. § 20.1; and (2) they could submit a more narrowly-tailored FOIA request. Defendants have done neither of these things.[1] Instead, defendants have chosen to litigate the validity of their Rule 45 subpoenas and apparently, to submit extremely broad FOIA requests that would necessarily be placed on the longest track for response.[2] Defendants have known for months that they have the option of seeking discovery pursuant to the Touhy regulations. There is no basis to penalize the Commission because of Defendants' strategic choice not to do so.

**Defendants Repeatedly Misstate the Relationship Between the FDA and the SEC**

Defendants' Motion also contains several incorrect statements and presumptions about FDA-related discovery in this action. Because the defendants continue to makes these statements in its filings with this Court, the Commission believes a response is appropriate.

First, defendants contend -- incorrectly -- that the Commission has supported the FDA's

---

[1] In their Motion, defendants seem to imply that the FDA Commissioner of Food and Drugs refused their request for testimony pursuant to 21 C.F.R. § 20.1. (Mot. at 15.) As far as the Commission is aware, the defendants have never made a request for testimony pursuant to that regulation.

[2] Despite Initial Disclosures, document requests and extensive briefing on this issue, defendants had never disclosed their FDA FOIA requests to the Commission prior to filing their Motion.

position in this litigation. (See, e.g., Mot. at 2, 12.) In truth, the Commission and the FDA are not working in concert. The only position taken by the Commission is that defendants' subpoenas were too broad. The Commission stands by this position. Among other things, defendants' subpoenas sought <u>every document</u> relating to Biopure's product with no limitation as to time or subject matter and sought documents that were unrelated to this action. <u>See, e.g.</u>, <u>Wyoming v. U.S. Department of Agriculture</u>, 208 F.R.D. 449, 452 (D.D.C. 2002) (holding that discovery can be limited based on the circumstances of the case and denying motion to compel production of documents by a non-party because, among other things, the documents were not relevant to the action). The Commission has not taken a position on the issue currently pending before the D.C. court (whether the FDA is subject to a Rule 45 subpoena in this action).

Second, defendants repeatedly contend -- incorrectly -- that the Commission has "unfettered access" to the FDA witnesses. (<u>See, e.g.</u>, Mot. at 3, 14.) In truth, the Commission did not and does not have "unfettered access" to the FDA. To obtain information from the FDA, the Commission was required to comply with FDA's regulations, just as the defendants are. The Commission complied with those regulations. The defendants have not.

Moreover, the Commission has produced to defendants every FDA document that it received and every transcript of testimony that it took. The Commission has also identified all FDA witnesses with relevant knowledge. (Indeed, the defendants have better knowledge of who the relevant FDA witnesses might be because defendants, not the Commission, were a party to the communications with the FDA at issue in this case.)

Third, defendants contend -- incorrectly -- that the Commission had "extensive informal off the record" access to "key FDA personnel." (<u>See, e.g.</u>, Mot. at 4.) In truth, the Commission

did not have extensive, off the record access to key FDA personnel. The Commission staff had four brief conversations with FDA witnesses, three in 2003 and one in April 2005 (all were during the investigation that led to this action.) The Commission identified these witnesses in its Initial Disclosures and disclosed these conversations to defendants. There is nothing inappropriate about speaking with witnesses during an investigation and then disclosing them to the defendants. Moreover, the defendants' attempt to draw a nefarious inference from the fact that the Commission staff politely thanked the FDA is silly.[3]

Fourth, defendants imply -- without basis -- that the Commission somehow duped the defendants into participating in an expedited discovery schedule. (See Mot. at 5, 12.) In truth, the expedited discovery schedule in this case exists because the defendants asked for it and for no other reason.

Moreover, defendants were fully aware of the FDA objections to their subpoenas before they proposed the expedited schedule. On November 2, 2005, before the Commission received copies of the FDA subpoenas, counsel for the Commission informed counsel for Biopure about the existence of Touhy regulations governing the circumstances under which FDA employees are permitted to give testimony. On November 4, the Commission sent defendants' counsel a letter stating that defendants' proposed schedule was unrealistic. That same day in a face-to-face conversation, counsel for the Commission also told Biopure's counsel that the FDA subpoenas appeared too broad. On November 15, the FDA objected to defendant Biopure's subpoenas in

---

[3] In their Motion, defendants quote a "thank you" from the Commission staff's letter to the FDA. Defendants, however, inserted the parenthetical phrase "(a key FDA witness)" that does not exist in the original letter sent by the Commission staff. Compare Motion at 4 with Exhibit C to Defendants' Motion.

writing because, among other things, defendant Biopure did not comply with FDA's Touhy regulations.

Two days later, on November 17, 2005, defendants filed a memorandum with this Court in support of defendants' proposed expedited discovery schedule. With full knowledge that they had not complied with the Touhy regulations and that the FDA objected to the subpoenas, Defendants expressly and voluntarily assumed the risk of expedited discovery: "Any risk in moving quickly falls disproportionately on Defendants." See Docket 38 at 2.

The defendants should not be permitted to now claim that the Commission is somehow to blame for the purported predicament that defendants put themselves into.

Fifth, the defendants ask -- without citation to any authority -- that this Court order the Commission to compel FDA to comply with defendants' subpoenas. (Mot. at 9-10.) The Commission is not aware of any statute or regulation that gives the Commission authority to compel the FDA to produce documents or witnesses. The Commission has sought information from the FDA pursuant to the FDA's Touhy regulations and has already provided all of the information it received to defendants.

In addition, defendants have persistently kept the Commission out of its discovery discussions with the FDA. Defendants have not included the Commission in any conversation with the FDA and despite being responsive to document requests, defendants have not provided the Commission with copies of any correspondence with the FDA. (In contrast, the Commission has produced its correspondence with the FDA to the defendants.) Indeed, neither the defendants nor the FDA included the Commission on correspondence about scheduling a meeting to discuss discovery in response to the District of Columbia court's order. In most instances, the first time

5

the Commission becomes aware of the status of the dispute between defendants and the FDA is when the defendants attach exhibits to their various motions filed in this Court or in the District of Columbia.

Nevertheless, pending the outcome of the litigation in the District of Columbia, the Commission would welcome this Court's review of the scope of the defendants' subpoenas.

Finally, defendants persist in contending -- incorrectly -- that the Commission is "blocking" defendants access to the FDA.  (See, e.g., Mot. at 10.)  Although they continue to make this accusation, defendants have not -- and cannot -- identify a single fact to support this assertion.

## Conclusion

For these reasons, although the Commission does not object to participating in a status conference with the Court, defendants' Motion should be denied to the extent defendants seek any additional relief from this Court.

Dated: February 22, 2006                    Respectfully submitted,
      Boston, Massachusetts

    /s/ Ian D. Roffman
Ian D. Roffman (BBO# 637564)
R. Daniel O'Connor (BBO# 634207)
Ellen Bober Moynihan (BBO# 567598)
ATTORNEYS FOR PLAINTIFF
SECURITIES AND EXCHANGE COMMISSION
73 Tremont Street, 6th Floor
Boston, Massachusetts 02108
(617) 573-8900, ext. 8987 (Roffman)

*Electronically Served*