UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>BIOPURE CORPORATION, THOMAS MOORE, HOWARD RICHMAN, and JANE KOBER,<br><br>Defendants. | Civil Action<br>No. 05-11853-PBS<br><br>**ORAL ARGUMENT REQUESTED** |

**BIOPURE CORPORATION'S STATUS REPORT AND
RENEWED MOTION FOR RULE 16 CONFERENCE
WITH REQUEST FOR EXPEDITED DISPOSITION OF THIS MOTION**

On February 9, 2006, this Court ruled that: "The parties shall inform the Court of the outcome of the proceedings in Washington, DC. At that point, the Court will hold a status conference." Biopure Corporation ("Biopure") submits this interim status report to relate the continuing refusal of FDA to comply with Defendants' discovery efforts and the predicament presented, and to urge Court intervention as soon as possible.

**STATUS SINCE FEBRUARY 9 RULING**

1. Biopure's motion for reconsideration of the D.C. Magistrate's denial of its motion to compel remains sub judice. It is unlikely that the D.C. Circuit Court would act in time to permit Defendants timely discovery of FDA in preparation for a May 8 trial date. The motion for reconsideration may not be decided until Bashe Abdi Yousuf, et al. v. Mohamed Ali Samantar and Department of State, No. 05-5157 (D.C. Cir.), a case raising related issues of federal agency susceptibility to subpoena, is decided. The Defendants here sought to file an *amicus* brief in Yousuf by motion dated February 14, 2006. The Department of Justice opposed

LITDOCS/633072.1

- 2 -

Defendants' *amicus* motion in that case (arguing that Yousuf does not involve subpoena to a sister agency of the plaintiff, as here, so disparity in trial preparation as between plaintiff and defendant is inapplicable there), and the Circuit Court denied the motion to file the *amicus* brief on February 24, 2006. Yousuf was argued February 27. Under D.C. Circuit decisional record-keeping statistics, two months, on average, pass between an argument and decision -- suggesting that Yousuf will not be decided by the D.C. Circuit until early May. A decision on its issue, even if it is favorable to Defendants' position here, will be of little value if too late to permit adequate trial preparation here.[1]

2. Yet, on February 24, 2006, in this case, *the SEC designated several FDA employees also as expert witnesses* from whom it plans to present trial testimony -- three of whom were previously sought to be deposed by Defendants and whose depositions the Government resists. See Ex. A attached hereto. By letter dated March 1, 2006, the SEC informed Defendants that its designation of these witnesses for expert trial testimony "does not give rise to any obligation on the Commission's part to make [them] available for testimony." See Ex. B attached hereto.

3. Despite Defendants' efforts over the past several months, none of those individuals -- Dr. Toby Silverman, Dr. Laurence Landow, Dr. Basil Golding, or Franklin Stephenson -- has been deposed by any of Defendants notwithstanding Defendants' subpoenas and Touhy requests. Three of those witnesses, Landow, Silverman and Stephenson, are the subjects of the subpoenas to which the FDA has so strenuously objected in the D.C. courts. When Defendants filed their Rule 16 motion on February 8, 2006, Defendants were concerned that they would not be in a position to prepare for trial and pursue discovery strategies. Now the

---

[1] An unfavorable ruling would put Defendants squarely before this Court, again, seeking that this Court invoke its inherent power to require the Government to provide appropriate and timely requested discovery in this case where the SEC -- with active concert and participation of the FDA -- chose to litigate in this Court.

- 2 -

problem is compounded by the SEC's identifying as trial witnesses the very same FDA personnel whom Defendants are attempting to depose, while the FDA prevents any discovery of those individuals.

4. The D.C. Magistrate ordered FDA and Biopure to "meet and confer" regarding the subpoenas, the FDA has refused to do so. See Ex. C attached hereto. Instead, the FDA has moved for reconsideration of the D.C. Court's Order.

5. The SEC has argued that it has successfully collected FDA documents, taken ex parte testimony, and interviews of key FDA witnesses using the FDA's internal "Touhy" procedures. See SEC Response To Defendants' Motion For Rule 16 Conference, Docket Entry No. 91, at 3. The investigation transcripts demonstrate that the FDA witnesses appeared voluntarily for the SEC and without subpoena. See 12/17/03 F. Stephenson Tr. at 4:

> Q   As we discussed before going on the record, your testimony is not pursuant to subpoena. Accordingly, you should understand that your appearance here is voluntary. Do you understand that you need not answer any question and that you may leave at any time you wish?
>
> A   I understand that.

6. Yet, Defendants asserted their FOIA rights (in 2004), Touhy rights (in 2004 per 21 C.F.R. § 20, and in 2005 per 21 C.F.R. § 20.2(a)) and their Rule 45 rights (in 2005).[2]

7. The FDA has not produced to Defendants a single witness or document and claims it cannot even begin to respond until 2009. See Decl. of Joanne Binkley (Dec. 20, 2005) (attached as Ex. V to Defendants' Memorandum Of Law In Support Of Their Motion For Rule 16 Conference (Feb. 8, 2006), Docket Entry No. 79), ¶ 35.

---

[2] Oct. 18, 2004 Request, No. 04015817 ("Touhy 1"); July 13, 2005 Request, No. 05009356 ("Touhy 2"); Nov. 2, 2005 Subpoena on FDA Keeper of Records ("Touhy 3"); Nov. 2, 2005 Subpoena on CBER Keeper of Records ("Touhy 4"); Nov. 2, 2005 Subpoena on Lawrence Landow ("Touhy 5"); Jan. 11, 2006 Subpoena on Toby Silverman ("Touhy 6"); Jan. 11, 2006 Subpoena on Franklin Stephenson ("Touhy 7"). With respect to the subpoenas, the FDA is required by its own regulations to treat them as "Touhy" requests to the extent they call for the production of documents. 21 C.F.R. § 20.2(a). It has not done so.

- 4 -

8.      In contrast, the SEC received its first sets of FDA documents within 9 days of request.

9.      Biopure respectfully urges the Court to hold a case management conference to address this situation -- <u>not</u> in order to relitigate matters before the D.C. District Court, but to address the prejudice suffered by Defendants in this case and to sort out how to proceed here.

WHEREFORE, Biopure respectfully requests that the Court convene a Rule 16 conference as soon as practicable to address the issues raised in this Motion.

## REQUEST FOR ORAL ARGUMENT

Pursuant to Local Rule 7.1(D), Biopure respectfully requests a hearing on this motion at the Court's earliest convenience.

## CERTIFICATION UNDER LOCAL RULES 7.1.(a)(2) AND 37.1

The undersigned hereby certify that counsel to Biopure conferred with counsel for the SEC to narrow the issues on the Motion. Counsel to the SEC does not assent to the relief requested in this Motion.

Dated  March 3, 2006  
         Boston, Massachusetts                Respectfully submitted,

                                                      /s/ Robert A. Buhlman  
                                                      Robert A. Buhlman (BBO #554393)  
                                                      Donald J. Savery (BBO #564975)  
                                                      Michael D. Blanchard (BBO #636860)  
                                                      BINGHAM MCCUTCHEN LLP  
                                                      150 Federal Street  
                                                      Boston, Massachusetts 02110  
                                                      (617) 951-8000  
                                                      robert.buhlman@bingham.com

## **CERTIFICATE OF SERVICE**

        I, Nicole Rizzo, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on March 3, 2006.

Dated: March 3, 2006                  /s/ Nicole Rizzo
                                                            Nicole Rizzo

# Exhibit A

Case 1:05-cv-11853-PBS    Document 95-2    Filed 03/03/2006    Page 1 of 2



**UNITED STATES
SECURITIES AND EXCHANGE COMMISSION**

BOSTON DISTRICT OFFICE
33 ARCH STREET
23RD FLOOR
BOSTON, MA 02110-1424
PHONE: 617-424-5900
FACSIMILE: 617-573-4590

R. DANIEL O'CONNOR
PHONE: 617-573-8979
EMAIL: OCONNORD@SEC.GOV

February 23, 2006

**Via Overnight Courier**

Robert A. Buhlman
Bingham McCutchen LLP
150 Federal Street
Boston, MA 02110-1726

Edward P. Leibensperger
McDermott, Will & Emery
28 State Street
Boston, MA 02109-1775

John D. Hughes
Edwards Angell Palmer & Dodge LLP
101 Federal Street
Boston, MA 02110

Thomas J. Dougherty
Skadden, Arps, Slate,
Meagher & Flom LLP
One Beacon Street
Boston, Massachusetts 02108

Re:    SEC v. Biopure, Civ. A. No. 05-11853-PBS (D. Mass.)

Dear Counsel:

Enclosed please find, pursuant to Federal Rule of Civil Procedure 26(a)(2), a report from Dr. Edward L. Snyder, M.D., F.A.C.P.. The Commission has retained Dr. Snyder to provide expert testimony in this case on the topics identified in his report. Note also that the Commission may present evidence at trial under Rule 702 of the Federal Rules of Evidence from Dr. Toby Silverman, Dr. Laurence Landow, Dr. Basil Golding, and/or Mr. Franklin Stephenson.

Very Truly Yours,

R. Daniel O'Connor

Enclosure

# Exhibit B

Case 1:05-cv-11853-PBS   Document 95-3   Filed 03/03/2006   Page 1 of 2



**UNITED STATES
SECURITIES AND EXCHANGE COMMISSION**
BOSTON DISTRICT OFFICE
33 ARCH STREET
23ʳᴰ FLOOR
BOSTON, MA 02110-1424
PHONE: 617-573-8900
FACSIMILE: 617-573-4950

R. DANIEL O'CONNOR
PHONE: 617-573-8979
EMAIL: OCONNORD@SEC.GOV

March 1, 2006

**Via Email (don.savery@bingham.com)**

Donald J. Savery
Bingham McCutchen, LLP
150 Federal Street
Boston, MA 02101

Re: SEC v. Biopure, Civ. A. No. 05-11853-PBS

Dear Don:

I am writing in response to your letter of February 28, 2006. Dr. Snyder is available for deposition in Boston on March 27, 2006. He is not available on any other day during the week of March 27, 2005.

With respect to the FDA witnesses, if you wish to take their depositions, you will need to address the issue with the FDA. As we have informed your colleagues, since November 2005, you will need to submit a request for their testimony to the FDA pursuant to 21 C.F.R. § 20.1. The fact that the Commission has provided notice that certain FDA employees may provide testimony at trial pursuant to Federal Rule of Evidence 702 does not give rise to any obligation on the Commission's part to make the third-party witnesses available for testimony.

With respect to your request for communications with our testifying expert, we will contact you to discuss a mutual agreement as to how we will proceed.

Very Truly Yours,

/s/R. Daniel O'Connor

cc: Edward P. Leibensperger, Esq. (counsel for defendant Moore)
Thomas J. Dougherty, Esq. (counsel for defendant Kober)
John D. Hughes, Esq. (counsel for defendant Richman)

# Exhibit C

**DEPARTMENT OF HEALTH & HUMAN SERVICES**   Office of the General Counsel

Office of the Chief Counsel
Food and Drug Administration
5600 Fishers Lane, GCF-1
Rockville, MD 20857

February 2, 2006

**VIA FACSIMILE AND**
**FEDEX (617-951-8736)**

Donald Savery
Bingham McCutchen LLP
150 Federal Street
Boston MA 02110

Re:   Securities and Exchange Commission v. Biopure Corp., et al.,
       Civil Action No. 05-11853-PBS

Dear Mr. Savery:

Yesterday, FDA received notice of your motion to reconsider and set aside Magistrate Kay's January 20 Order. Your motion for reconsideration makes it clear that Biopure is still seeking full compliance with its subpoenas, even though the court held that they were not enforceable against FDA. As your motion brings the parties back to court in any event, and the agency believes that the January 20 Order directing the parties to meet and confer is inconsistent with the underlying holding, we believe that it is in the interests of all to await the court's ruling. As such the meeting scheduled for February 6 has been cancelled.

Sincerely,

Michael Shane
Associate Chief Counsel
Office of Chief Counsel
U.S. Food and Drug Administration

cc:   AUSA Claire Whitaker

TOTAL P.02