UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>BIOPURE CORPORATION, THOMAS MOORE, HOWARD RICHMAN, and JANE KOBER,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)  Civil Action No. 05-11853-PBS<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANT THOMAS A. MOORE'S MOTION FOR STAY
OF PROCEEDINGS AND CONTINUANCE OF TRIAL DATE**

For the Court's consideration at the scheduling conference to be held on March 16, 2006, defendant Thomas A. Moore requests that the Court (a) adjourn and re-schedule the trial date for October 2006 or as soon thereafter as the Court's schedule will permit, and (b) suspend all deadlines in the case for 60 days to allow final approval of the recently-announced settlements with defendants Biopure Corporation ("Biopure") and Jane Kober. In support hereof, Mr. Moore states as follows:

1. Mr. Moore understands, from publicly-available sources, that the SEC reached settlements in principle with Biopure and Ms. Kober on March 11, 2006. In Mr. Moore's view, this development supports a stay of proceedings and postponement of the current trial date for at least two reasons. First, the Commissioners of the SEC must ratify the settlements, and the settling parties have every incentive to suspend their pre-trial activities during this time. Indeed, these parties today requested a stay of proceedings pending ratification of the settlements by the

SEC. Second, in view of Biopure's impending settlement, Mr. Moore requires time for his counsel to assume the pre-trial activities and trial preparations previously being undertaken on behalf of all defendants by counsel for Biopure.

2. As explained by defendants in their joint requests for a scheduling conference, submitted on February 8 and March 3, 2006, discovery from the FDA that is necessary to the defense of this action will not be forthcoming in time for the current trial date of May 8, 2006. In Mr. Moore's view, this fact has made that trial date impracticable, because his defense would be unduly prejudiced if he were forced to try this matter without discovery from the FDA. This has long been Mr. Moore's position, and he has always intended to voice it to the Court during the upcoming scheduling conference. Mr. Moore further intends to propound his own separate, narrowly tailored discovery requests to the FDA, in lieu of the pending subpoenas issued by Biopure that the FDA currently is resisting.

3. The SEC, through counsel, has informed the undersigned that it is amenable to continuing the trial date, and has agreed to work with counsel to construct a new schedule for the Court's approval.

## CERTIFICATION

Pursuant to Local Rules 7.1(a)(2) and 37.1, the undersigned hereby certifies that he has conferred on behalf of Mr. Moore with counsel for the SEC to narrow the issues on the foregoing Motion.

        Respectfully submitted,

        /s/ Edward P. Leibensperger
        _____
        Edward P. Leibensperger (BBO# 292620)
        MCDERMOTT WILL & EMERY LLP
        28 State Street
        Boston, MA 02109-1775
        (617) 535-4000

        Bobby R. Burchfield (admitted *pro hac vice*)
        Jason A. Levine (admitted *pro hac vice*)
        MCDERMOTT WILL & EMERY LLP
        600 Thirteenth Street, NW
        Washington, D.C. 20005-3096
        (202) 756-8000

        *Attorneys for Defendant Thomas A. Moore*

Dated: March 15, 2006

3