UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, </br></br>Plaintiff, </br></br>v. </br></br>BIOPURE CORPORATION, THOMAS MOORE, HOWARD RICHMAN, and JANE KOBER, </br></br>Defendants. | Civil Action No. 05-11853-PBS |

## DEFENDANT THOMAS MOORE'S STATUS REPORT ON DOCUMENT AND DEPOSITION DISCOVERY FROM THE FDA

During the scheduling conference held on March 16, 2006, the Court admonished the SEC that, upon the submission by defendants of proper *Touhy* requests for documents and depositions, the FDA should "immediately" comply with them, subject to possible contempt sanctions and serious negative ramifications for the SEC's case at trial. To advise the Court on the progress of his efforts to obtain document and deposition discovery from the FDA, defendant Thomas Moore submits this Status Report. In sum, although Mr. Moore submitted a proper *Touhy* request on March 24, 2006, the FDA has not yet produced a single document, provided a firm timetable for production, or advised when (or whether) it will make any of its requested witnesses available for deposition.

1.  Mr. Moore submitted a *Touhy* request on March 24, for: (a) the production of nine narrow categories of FDA documents, many of which were identified by internal FDA reference numbers; and (b) the depositions of four FDA witnesses who were deeply involved in the review and approval process for Hemopure – Mr. Franklin Stephenson, and Drs. Toby Silverman,

Laurence Landow, and Abdu Alayash. (Ex. A). The FDA acknowledged the receipt of Mr. Moore's *Touhy* request by letter dated March 30. (Ex. B). On April 24, Mr. Moore provided the FDA with additional explanation for the need to depose Dr. Alayash, as suggested by SEC counsel Ian Roffman. (Ex. C).

2. Solely as a precaution, with advance notice to the FDA's counsel, in the event that the U.S. District Court for the District of Columbia ultimately rules that the FDA *is* amenable to civil subpoenas, Mr. Moore simultaneously served subpoenas on the FDA that seek the same documents and testimony set forth in his *Touhy* request. Mr. Moore also served subpoenas on the prospective FDA witnesses. The FDA has not complied with the subpoenas.

3. By agreement of the parties, Mr. Roffman arranged to coordinate with FDA on behalf of Mr. Moore and co-defendant Howard Richman (who served his own separate *Touhy* request). On March 27, Mr. Roffman reported that the FDA hoped to provide detailed information about its ability and timeframe to respond to Mr. Moore's document requests by the end of March. A week later, Mr. Roffman stated that the document collection "would probably be completed by mid-April." Then on May 3, he advised us that the FDA was continuing to collect and review documents. On May 15, Mr. Roffman indicated that the FDA had collected *some* responsive documents and was reviewing them for possible production by July 1, 2006 (the Court-imposed deadline).

4. In the meantime, on April 21, 2006, the SEC submitted its own inter-agency *Touhy* request to the FDA, on behalf of Messrs. Moore and Richman, in an effort to receive a quicker response as a sister agency. (Ex. D). The SEC, however, *omitted* two of Mr. Moore's document requests: (a) for FDA-SEC communications about the defendants; and (b) about inter-agency cooperation in enforcement matters. (*Id.*) Mr. Moore has objected to this omission.

2

5.  Counsel for Mr. Moore were also contacted recently by two Assistant United States Attorneys – first Jane Lyons, then Claire Whittaker – who identified themselves as counsel for the FDA in connection with the *Touhy* request. Neither of them has provided any information about the FDA's progress, despite Mr. Moore's inquiries.

6.  Most recently, on May 24, 2006, counsel for Mr. Moore received a letter from the FDA's FOIA Office. (Ex. E). The letter acknowledged that Mr. Moore requested expedited processing of his *Touhy* request, which the FDA considers under FOIA for purposes of document production. (*Id.*) Further, the letter explained that the FDA was *denying* the request for expedited processing. (*Id.*) Consequently, Mr. Moore is dependent upon the SEC's parallel inter-agency *Touhy* request for any timely document production in this case.

7.  Mr. Moore will apprise the Court should it become necessary to seek relief from the current discovery schedule as a result of FDA delay.

Respectfully submitted,

/s/ Edward P. Leibensperger
Edward P. Leibensperger (BBO# 292620)
MCDERMOTT WILL & EMERY LLP
28 State Street
Boston, MA 02109-1775
(617) 535-4000

Bobby R. Burchfield (admitted *pro hac vice*)
Jason A. Levine (admitted *pro hac vice*)
MCDERMOTT WILL & EMERY LLP
600 Thirteenth Street, NW
Washington, D.C. 20005-3096
(202) 756-8000

*Attorneys for Defendant Thomas A. Moore*

Dated: June 1, 2006

3

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing STATUS REPORT ON DOCUMENT AND DEPOSITION DISCOVERY FROM THE FDA was electronically served on this 1st day of June, 2006 upon:

>Ian Roffman, Esq.
>U.S. Securities and Exchange Commission
>33 Arch Street, 23rd Floor
>Boston, MA 02110
>
>*Counsel for Plaintiff Securities and Exchange Commission*

By:  /s/ Jeffrey S. Huang
     Jeffrey S. Huang

**EXHIBIT A**

# McDermott
# Will & Emery

Boston Brussels Chicago Düsseldorf London Los Angeles Miami Munich
New York Orange County Rome San Diego Silicon Valley Washington, D.C.

Jason A. Levine
Partner
jlevine@mwe.com
202 756 8021

March 24, 2006

**VIA FACSIMILE AND COURIER**

Dr. Andrew C. von Eschenbach
Acting Commissioner
United States Food and Drug Administration
Office of the Commissioner
Parklawn Building
Mail Code: HF-1
5600 Fishers Lane
Rockville, Maryland 20856

    Re:    *Touhy* Request for *S.E.C. v. Biopure Corp.*, Civ. No. 05-11853-PBS (D. Mass)

Dear Commissioner von Eschenbach:

Pursuant to 21 C.F.R. §§ 20.1(c) and 20.2(a), on behalf of Thomas A. Moore, the former Chief Executive Officer of Biopure Corporation ("Biopure") and a defendant in the above-captioned SEC enforcement action, we hereby request the production of certain FDA documents and records, and the production of certain FDA witnesses for deposition. For the following reasons, this request complies with FDA's *Touhy* regulations.[1]

**A.    Mr. Moore Has a Compelling Need for the Requested Documents and Testimony, Which Are Narrowly Tailored To Minimize the Burden Upon the FDA.**

This case concerns public statements and disclosures that Mr. Moore and the other defendants made regarding the FDA's pre-market review of Hemopure®, a biologic developed by Biopure. With a trial date of January 15, 2007, the Court recently set deadlines of May 15, 2006 for document requests, July 1, 2006 for the production of documents, and October 31, 2006 for all depositions. The requested documents and testimony are central to Mr. Moore's defense. In addition, the Court stated on the record during a scheduling conference on March 16, 2006, that the FDA's failure to comply timely with a *Touhy* request would severely jeopardize the SEC's ability to proceed with its case. Accordingly, from the perspective of Mr. Moore and the SEC, there is a compelling need for satisfaction of Mr. Moore's request. *See* 21 C.F.R. § 20.44(a).

---

[1] As a precaution only, we are separately serving upon the FDA subpoenas for production of the same documents and witnesses. We are aware of the pending litigation concerning the FDA's amenability to the subpoena power of federal courts, and we will withdraw the subpoenas after the FDA satisfies this *Touhy* request.

U.S. practice conducted through McDermott Will & Emery LLP.
600 Thirteenth Street, N.W. Washington, D.C. 20005-3096 Telephone: 202.756.8000 Facsimile: 202.756.8087 www.mwe.com

Acting Commissioner von Eschenbach
March 24, 2006
Page 2

Further, the request is narrowly tailored to seek only those documents and witnesses that are essential to Mr. Moore's defense. Responding to the request should not cause the FDA any undue burden. Indeed, in the investigatory phase of this case, the FDA produced three of its employees for sworn testimony, taken by the SEC, within seven days of the SEC's request. Mr. Moore now requests the opportunity to take the depositions of these same individuals. The FDA also produced certain documents to the SEC within nine days of the SEC's request. Hence, timely compliance with Mr. Moore's *Touhy* request should not burden the FDA, nor should any follow-up request by Mr. Moore that the FDA's responsive documents or testimony may necessitate.

In addition, Mr. Moore's depositions of the FDA employees identified herein would serve both the public interest and the FDA's own objectives. The SEC and the FDA have announced a joint task force to help protect the investing public and maintain the integrity of the securities markets. A necessary component of both goals is the right of an accused to defend himself against the SEC's allegations, particularly in view of the FDA's policy of neutrality in matters unrelated to official FDA business. *See* 21 C.F.R. § 20.1(c); FDA Regulatory Procedures Manual 10-12. Because the SEC intends to call the identified FDA employees as witnesses at trial of this case, it is crucial that Mr. Moore have a full opportunity to take their depositions. We will conduct these depositions in Washington, D.C., to minimize travel time and cost for the FDA.

**B.    Request for Production of Documents and Records Pursuant to 21 C.F.R. § 20.2(a).**

Mr. Moore hereby requests that the FDA produce to the undersigned, as promptly as possible but no later than May 1, 2006, the following documents and records:

1. All handwritten or typed notes made by the following FDA employees relating to or reflecting conversations with Biopure or any of its agents or attorneys, since July 31, 2002: Abdu Alayash, Dr. Lawrence Landow, Franklin Stephenson, and Dr. Toby Silverman.

2. All handwritten or typed notes made by the following FDA employees relating to or reflecting conversations about Biopure or Hemopure with persons other than Biopure or any of its agents or attorneys, including any staff of the SEC, since July 31, 2002: Abdu Alayash, Dr. Lawrence Landow, Franklin Stephenson, and Dr. Toby Silverman.

3. Other handwritten or typed notes or personal files of the following FDA employees relating to Biopure or Hemopure, since July 31, 2002: Abdu Alayash, Dr. Lawrence Landow, Franklin Stephenson, and Dr. Toby Silverman.

4. The final July 30, 2003 letter relating to Biopure's BLA, including any FDA "concurrence" sheets.

Acting Commissioner von Eschenbach
March 24, 2006
Page 3

5. All electronic mail (in native format) for the period January, 1, 2003 to April 30, 2004, relating to Biopure or Hemopure for which one or more of the following FDA employees are shown as authors, recipients, cc: recipients, or bcc: recipients: Abdu Alayash, Dr. Lawrence Landow, Franklin Stephenson, and Dr. Toby Silverman.

6. All drafts and electronic copies (including metadata) of the following documents:

   a. April 25, 2003 Basil Golding letter to Howard Richman regarding Biopure's IND application (FDA Reference: BB-IND 10962);

   b. May 30, 2003 Basil Golding letter to Howard Richman regarding Biopure's IND application (FDA Reference: BB-IND 10962);

   c. July 30, 2003 Basil Golding letter to Howard Richman regarding Biopure's IND application (FDA Reference: BB-IND 10962);

   d. July 30, 2003 Basil Golding letter to Howard Richman regarding Biopure's Hemopure BLA (FDA Reference STN: 125066/0);

   e. "Telecon with Biopure" memoranda by Franklin Stephenson dated July 31, 2003; August 5, 2003; August 15, 2003; August 26, 2003; and September 16, 2003;

   f. "Record of Telephone Conversation" memoranda concerning telephone contact with Howard Richman on the following dates and times: March 13, 2003 at 16:00:30; March 13, 2003 at 17:05:59; and April 8, 2003 at 16:05:48;

   g. transcription of September 10, 2003 Howard Richman voicemail to Franklin Stephenson.

7. All communications between the FDA and the SEC (and any notes or memoranda reflecting such communications) since July 31, 2002, relating to Biopure Corporation, Thomas A. Moore, Howard Richman, and/or Jane Kober.

8. All documents describing or concerning the policy of inter-agency cooperation between the FDA and the SEC to increase the public's protection from false and misleading statements, including communications between the FDA and the SEC.

9. All documents describing or concerning proposed or actual revisions to CBER's Standard Operating Procedures and Policies 8405, versions #2 and #3.

Acting Commissioner von Eschenbach
March 24, 2006
Page 4

C.  **Request for Production of Witnesses for Deposition Pursuant to 21 C.F.R. § 20.1(c).**

Mr. Moore hereby requests that the FDA produce, as promptly as possible, but no later than <u>August 1, 2006</u>, the following FDA employees for deposition:

1. Abdu Alayash (date and time to be determined)

2. Dr. Lawrence Landow (date and time to be determined)

3. Dr. Toby Silverman (date and time to be determined)

4. Franklin Stephenson (date and time to be determined)

\*     \*     \*     \*     \*

Thank you for your cooperation. Please do not hesitate to contact me at (202) 756-8021 with any questions or concerns about the foregoing.

Sincerely,

*[signature]*
Jason A. Levine

On this 24th day of March, 2006, before me, the undersigned
notary public, personally appeared Jason A. Levine, whom
I personally know, who signed the preceding document in my
presence, and who swore to me that the contents of the document
are truthful and accurate to the best of his knowledge and belief.

*[signature]*
(official signature and seal of notary)

My Commission expires: *June 30, 2006*

cc:  Thomas A. Moore
     Robert Buhlman, Esq. (counsel to Biopure Corporation)
     Thomas Dougherty, Esq. (counsel to Jane Kober)
     Cathy Fleming, Esq. (counsel to Howard Richman)
     Ian Roffman, Esq. (SEC counsel)

**EXHIBIT B**



DEPARTMENT OF HEALTH & HUMAN SERVICES

Public Health Service

Food and Drug Administration
Rockville MD 20857

MCDERMOTT WILL & EMERY
JASON A LEVINE
600 THIRTEENTH STREET, N.W.
WASHINGTON DC 20005-3096

03/30/2006

In Reply refer to:
2006-4926

Your reference:

Dear Requester:

The Food and Drug Administration (FDA) has received your Freedom of Information Act (FOIA) request for records regarding:

    CBER - CORR & MEMOS

We will respond as soon as possible and may charge you a fee for processing your request. If you have any questions about your request, please call Brenda A. Dorsey, Information Technician, at (301) 827-6549 or write to us at:

    Food and Drug Administration
    Division of Freedom of Information
    5600 Fishers Lane, HFI-35
    Rockville, MD 20857

If you call or write, use the reference number above which will help us to answer your questions more quickly.

**EXHIBIT C**

# McDermott
# Will&Emery

Boston Brussels Chicago Düsseldorf London Los Angeles Miami Munich
New York Orange County Rome San Diego Silicon Valley Washington, D.C.

Jason A. Levine
Partner
jlevine@mwe.com
202.756.8021

April 24, 2006

**VIA FACSIMILE AND COURIER**

Dr. Andrew C. von Eschenbach
Acting Commissioner
United States Food and Drug Administration
Office of the Commissioner
Parklawn Building
Mail Code: HF-1
5600 Fishers Lane
Rockville, Maryland 20856

   Re: Supplement to *Touhy* Request for *SEC v. Biopure Corp., et al.*,
     Civ. No. 05-11853-PBS (D. Mass.)

Dear Commissioner von Eschenbach:

This letter supplements and incorporates by reference our *Touhy* Request submitted on March 24, 2006 on behalf of Thomas A. Moore, a defendant in the above-captioned SEC enforcement action. (*See* attachment hereto). In that Request, among other FDA witnesses, we sought the production of Dr. Abdu Alayash for deposition in this case, to occur no later than *August 1, 2006*. Counsel for the SEC has advised us that because the SEC did not designate Dr. Alayash as a potential trial witness, the FDA may require additional justification for Mr. Moore to take his deposition. Although we are quite confident that our initial *Touhy* Request provided sufficient justification, this letter clarifies the precise basis for Dr. Alayash's testimony.

As we previously explained, the case concerns public statements and disclosures that Mr. Moore and other defendants made regarding the FDA's pre-market review of Hemopure®, a biologic developed by Biopure Corporation ("Biopure"). Many of the SEC's allegations concern FDA correspondence and communications involving a Biologics License Application ("BLA") that Biopure submitted for a particular indication of Hemopure.

*Dr. Alayash was the FDA's scientific lead for the Hemopure BLA during the relevant time period.* He therefore was an important evaluator and decisionmaker in the FDA's review of the BLA. Furthermore, according to the SEC testimony of FDA employee Franklin Stephenson, Dr. Alayash's input was incorporated into the FDA's written response to the BLA of July 30, 2003, which is arguably the single most important document in this case. For the reasons, the testimony of Dr. Alayash is indispensable to Mr. Moore's defense.

U.S. practice conducted through McDermott Will & Emery LLP.
600 Thirteenth Street, N.W. Washington, D.C. 20005-3096  Telephone: 202.756.8000  Facsimile: 202.756.8087  www.mwe.com

Acting Commissioner von Eschenbach
April 24, 2006
Page 2

Although we have received no response from the FDA to our *Touhy* Request of March 24, 2006, we look forward to receiving the FDA's prompt consent to Mr. Moore's deposition of all four FDA witnesses identified therein, including Dr. Alayash. Please do not hesitate to contact me at (202) 756-8021 with any questions or concerns about the foregoing.

Sincerely,

*/s/ Jason A. Levine*
Jason A. Levine

On this 27th day of April, 2006, before me, the undersigned notary public, personally appeared Jason A. Levine, whom I personally know, who signed the preceding document in my presence, and who swore to me that the contents of the document are truthful and accurate to the best of his knowledge and belief.

_____
(official signature and seal of notary)

My Commission expires: June 30, 2006

cc: Thomas A. Moore
    Cathy Fleming, Esq. (counsel to Howard Richman)
    Ian Roffman, Esq. (SEC counsel)

**EXHIBIT D**



**UNITED STATES**
**SECURITIES AND EXCHANGE COMMISSION**
BOSTON DISTRICT OFFICE
33 ARCH STREET
23RD FLOOR
BOSTON, MA 02110-1424
PHONE: 617-573-8900
FACSIMILE: 617-573-4590

IAN D. ROFFMAN
PHONE: 617-573-8987
EMAIL: ROFFMANI@SEC.GOV

April 21, 2006

**Via Overnight Delivery**

Gilliam B. Conley
Center for Biologics Evaluation and Research
Office of Compliance and Biologics Quality (HFM-654)
Division of Inspections and Surveillance
Woodmont Office Complex 1
1401 Rockville Pike, Room 400S
Rockville, MD 20852

    Re:    <u>SEC v. Biopure, Civ. A. No. 05-11853-PBS (D. Mass.)</u>

Dear Mr. Conley:

    Pursuant to 21 C.F.R. § 20.85, the Securities and Exchange Commission ("Commission") is requesting that the Food and Drug Administration ("FDA") produce the documents listed below and authorize the Commission to disclose these documents to defendants in the above-referenced action. I understand that FDA is prohibited pursuant to 21 U.S.C. 331(j) from disclosing trade secret information outside the Department of Health and Human Services. To the extent that the requested documents contain confidential commercial information that belongs to Biopure Corporation ("Biopure"), the individual defendants are in the process of obtaining Biopure's consent for disclosure in connection with this matter. I will forward that consent to you when I received it.

    As counsel for the Commission has discussed with FDA counsel and with counsel for the defendants, the documents requested in this letter have been requested by defendants in the above-referenced action. The Commission is submitting this request to facilitate FDA's production of documents in compliance with FDA regulations. In making this request, the Commission expressly states that it is not taking a position as to the appropriateness of the document requests or as to the relevance or admissibility of responsive documents in the above-referenced action. The Commission further expressly reserves any and all of its rights to object to production of the requested document or to their use or admissibility in any pre-trial, trial or post-trial proceeding for any reason. Please note that the requested documents have also been the subject of other requests submitted by the defendants to the FDA in connection with this matter, and this letter is not intended to supercede defendants' other requests or to take a position as to

Letter to Gilliam B. Conley
April 21, 2006
Page 2

their compliance with applicable law or their enforceability.

**Requested Documents**

1. All handwritten or typed notes made by the following FDA employees relating to or reflecting conversations with Biopure or any of its agents or attorneys, since July 31, 2002: Abdu Alayash, Dr. Lawrence Landow, Franklin Stephenson, and Dr. Toby Silverman.

2. All handwritten or typed notes made by the following FDA employees relating to or reflecting conversations about Biopure or Hemopure with persons other than Biopure or any of its agents or attorneys, including any staff of the SEC, since July 31, 2002: Abdu Alayash, Dr. Lawrence Landow, Franklin Stephenson, and Dr. Toby Silverman.

3. Other handwritten or typed notes or personal files of the following FDA employees relating to Biopure or Hemopure, since July 31, 2002: Abdu Alayash, Dr. Lawrence Landow, Franklin Stephenson, and Dr. Toby Silverman.

4. The final July 30, 2003 letter relating to Biopure's BLA, including any FDA "concurrence" sheets.

5. All electronic mail (in native format) for the period January 1, 2003 to April 30, 2004, relating to Biopure or Hemopure for which one or more of the following FDA employees are shown as authors, recipients, cc: recipients, or bcc: recipients: Abdu Alayash, Dr. Lawrence Landow, Franklin Stephenson, and Dr. Toby Silverman.

6. All drafts and electronic copies (including metadata) of the following documents:

    a. April 25, 2003 Basil Golding letter to Howard Richman regarding Biopure's IND application (FDA Reference: BB-IND 10962);

    b. May 30, 2003 Basil Golding letter to Howard Richman regarding Biopure's IND application (FDA Reference: BB-IND 10962);

    c. July 30, 2003 Basil Golding letter to Howard Richman regarding Biopure's IND application (FDA Reference: BB-IND 10962);

04/21/06  FRI 14:25  FAX 617 424 5940        SEC-BDO                                    ☒007

Letter to Gilliam B. Conley
April 21, 2006
Page 3

      d.    July 30, 2003 Basil Golding letter to Howard Richman regarding Biopure's Hemopure BLA (FDA Reference STN: 125066/0);

      e.    "Telecon with Biopure" memoranda by Franklin Stephenson dated July 31, 2003; August 5, 2003; August 15, 2003; August 26, 2003; and September 16, 2003;

      f.    "Record of Telephone Conversation" memoranda concerning telephone contact with Howard Richman on the following dates and times: March 13, 2003 at 16:00:30; March 13, 2003 at 17:05:59; and April 8, 2003 at 16:05:48;

      g.    transcription of September 10, 2003 Howard Richman voicemail to Franklin Stephenson.

7.    All documents describing or concerning proposed or actual revisions to CBER's Standard Operating Procedures and Policies 8405, versions #2 and #3.

8.    Personnel files of the following individuals: Lawrence Landow, Toby Silverman and Franklin Stephenson.

9.    All "complete response letters" issued by the FDA between the dates January 1, 2003 and December 31, 2003.

If you have any questions about these requests or would like to discuss this matter further, please do not hesitate to contact me at 617-573-8987.

                                                  Very truly yours,

                                                  Ian D. Roffman

cc:    Jason A. Levine, counsel for defendant Thomas Moore
        Mary-Pat Cormier, counsel for defendant Howard Richman
        Michael Druckman, Michael Shane, counsel for FDA

**EXHIBIT E**



**DEPARTMENT OF HEALTH & HUMAN SERVICES**

Food and Drug Administration
Rockville MD 20857

MAY 16 2006

Jason A. Levine
McDermott, Will & Emery
600 Thirteenth St., NW
Washington, DC 20005

In Reply Refer To: 06-4926

Dear Mr. Levine:

This is in response to your request for expedited processing of your Freedom of Information Act (FOIA) request for copies of records relating to Biopure.

The Electronic Freedom of Information Act (EFOIA) Amendments of 1996 amended the FOIA by adding section (a)(6)(E), 5 U.S.C. 552(a)(6)(E), to require agencies to consider requests for expedited processing and grant them whenever a "compelling need" is shown and in other cases as determined by the agency. The term "compelling need" is defined as (1) involving "an imminent threat to the life or physical safety of an individual," or (2) in the case of a request made by "a person primarily engaged in disseminating information, urgency to inform the public concerning actual or alleged Federal Government activity."

I have determined that your request for expedited processing does not meet the criteria under the FOIA. You have not demonstrated a compelling need that involves an imminent threat to the life or physical safety of an individual. Neither have you demonstrated that there exists an urgency to inform the public concerning actual or alleged Federal Government activity. Therefore, I am denying your request for expedited processing. The responding agency office will process your request in the order in which it was received.

You may appeal this decision not to provide expedited processing of your request by writing to the Deputy Assistant Secretary for Public Affairs (Media), U.S. Department of Health and Human Services, Room 17A46, 5600 Fishers Lane, Rockville, MD 20857. You should file any such appeal within 30 days.

Sincerely yours,

Julie Zawisza
Acting Assistant Commissioner for Public Affairs