UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
:
SECURITIES AND EXCHANGE COMMISSION, :
:
                       Plaintiff,   :      Civ. A No. 05-11853-PBS
      v.                              :
:
BIOPURE CORPORATION, :
THOMAS MOORE, HOWARD RICHMAN, :
and JANE KOBER :
:
                       Defendants. :
_____:

**SECURITIES AND EXCHANGE COMMISSION'S RESPONSE
TO DEFENDANT MOORE'S STATUS REPORT ON
<u>DOCUMENT AND DEPOSITION DISCOVERY FROM THE FDA</u>**

Plaintiff Securities and Exchange Commission ("Commission") respectfully files this response to Defendant Moore's Status Report on Document and Deposition Discovery from the FDA, dated June 1, 2006.

In light of the frequent and what we thought to be productive and cooperative discussions that counsel for the Commission has had with counsel for defendant Moore concerning FDA discovery, Commission counsel was surprised by the tone and content of defendant Moore's June 1, 2006 Status Report. Accordingly, although there is no motion pending before this Court, the Commission respectfully submits this response to more fully inform the Court and correct the public record: the Commission has fully and completely cooperated in assisting defendants obtain discovery from the FDA and has at all times acted with the utmost good faith.

1.      To facilitate production of documents by the FDA, the Commission agreed to submit a document request to the FDA pursuant to regulations governing inter-agency production of documents. 21 C.F.R. § 20.85. The Commission formally submitted its request on April 21,

2006.  However, based on an understanding that the Commission's formal request would be forthcoming and pursuant to discussions between the parties, the FDA began identifying, locating and collecting documents well in advance of the Commission's formal submission.

    2.    As recently as two weeks ago, Commission counsel informed counsel for defendant Moore that the FDA was working diligently and in good faith to respond to the requests (which are extremely broad), that the FDA was making significant progress, and that the FDA anticipated producing its responsive documents in advance of the July 1 deadline.

    3.    As Commission counsel has discussed with counsel for defendant Moore on several occasions, in addition to reviewing documents for responsiveness and privilege, the FDA has a statutory obligation to review every document for trade secret and confidential commercial information.  Although this is a time-consuming process, FDA employees are actively engaged in performing these reviews.

    4.    At the moment, the FDA is preparing its production based on an understanding that defendant Moore will obtain Biopure's consent to receive Biopure's confidential commercial information.  From the beginning of this process, defendant Moore's counsel represented that he would obtain that consent, but has yet to provide the consent to the Commission.  If defendant Moore does not ultimately obtain Biopure's consent, the FDA would have to do another review of all documents to ensure that it is not producing any of Biopure's confidential commercial information to defendant Moore without Biopure's consent.

    5.    In his Status Report, defendant Moore describes purported conversations with Commission counsel relating to the activities undertaken by the FDA, apparently to imply that the Commission has not been acting in good faith.  Status Rpt ¶ 2.  These descriptions, seemingly

made in anticipation of filing a motion, are inaccurate. Contrary to defendant Moore's suggestions, the Commission has never promised production of documents without delivering them, has never promised production of documents by mid-April, and has never implied that the FDA would not meet the July 1 deadline.

6. The Commission did omit two of defendant Moore's requests from its request to the FDA. The omitted requests relate to communications between the Commission and the FDA, which the Commission has already produced in this litigation. As the Commission has stated to defendant Moore, it is unnecessary to burden the FDA, a non-party, with an obligation to collect and review the same documents that the Commission has already produced in this litigation. However, the Commission has agreed that if, during the course of the parties' ongoing discovery discussions, defendant Moore believes that responsive documents exist that the Commission has not already produced (the Commission is not aware of any), the Commission will request those from the FDA.

7. Throughout this entire process, the Commission has been transparent about the status of defendant Moore's document requests and at all times, has conveyed to defendant Moore what the FDA has told the Commission about the progess of its work. Namely, that the defendants' requests are broad and time-consuming, but that the FDA is working diligently to produce documents in advance of the deadline.

8.     To the extent that issues arise regarding the production, as they always do, the Commission intends to continue to seek to resolve them between the parties without the need for judicial intervention.

Dated: June 2, 2006
      Boston, Massachusetts                      Respectfully submitted,

                                        /s/ Ian D. Roffman
                                    Ian D. Roffman (BBO #637564)
                                    R. Daniel O'Connor (BBO# 634207)
                                    Ellen Bober Moynihan (BBO# 567598)
                                    33 Arch Street
                                    Boston, Massachusetts 02110-1424
                                    (617) 573-8900, ext. 8987 (Roffman)

                                    Counsel for Plaintiff
                                    Securities and Exchange Commission

*Served Electronically by ECF*