UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---

|  |  |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, : | |
| : | |
| Plaintiff, : | Civ. A. No. 05-11853-PBS |
| v. : | |
| : | |
| BIOPURE CORPORATION, : | |
| THOMAS MOORE, HOWARD RICHMAN, : | |
| and JANE KOBER : | |
| : | |
| Defendants. : | |

---

## CONSENT OF DEFENDANT BIOPURE CORPORATION

1.  Defendant Biopure Corporation ("Defendant Biopure") acknowledges having been served with the complaint in this action, enters a general appearance, and admits the Court's jurisdiction over Defendant Biopure and over the subject matter of this action.

2.  Without admitting or denying the allegations of the complaint (except as to personal and subject matter jurisdiction, which Defendant Biopure admits), Defendant Biopure hereby consents to the entry of the final Judgment in the form attached hereto (the "Final Judgment") and incorporated by reference herein, which, among other things:

  (a)  permanently restrains and enjoins Defendant Biopure from violation of Section 17(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77q(a)], Sections 10(b) and 13(a) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. §§ 78j(b) and 78m(a)] and Rules 10b-5, 12b-20, 13a-11 and 13a-13 promulgated thereunder [17 C.F.R §§ 240.10b-5, 240.12b-20, 240.13a-11 and 240.13a-13]; and

  (b)  orders Defendant Biopure to retain an Independent Compliance Consultant ("Consultant") not unacceptable to the staff of the Commission to conduct a comprehensive

review of Defendant Biopure's disclosure, compliance and other policies and procedures designed to prevent and detect federal securities violations of the nature involved in this matter and to propose procedures designed to ensure that all material information concerning clinical trial results and the FDA review and approval process is disclosed as required by law in a timely manner.

3.     Defendant Biopure waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

4.     Defendant Biopure waives the right, if any, to a jury trial and to appeal from the entry of the Final Judgment.

5.     Defendant Biopure enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Defendant Biopure to enter into this Consent.

6.     Defendant Biopure agrees that this Consent shall be incorporated into the Final Judgment with the same force and effect as if fully set forth therein.

7.     Defendant Biopure will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

8.     Defendant Biopure waives service of the Final Judgment and agrees that entry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendant Biopure of its terms and conditions. Defendant Biopure further agrees to provide counsel for the Commission, within thirty days after the Final Judgment is filed with the Clerk of

that upon the filing of this Consent, Defendant Biopure hereby withdraws any papers filed in this action to the extent that they deny any allegation in the complaint. If Defendant Biopure breaches this agreement, the Commission may petition the Court to vacate the Final Judgment and restore this action to its active docket. Nothing in this paragraph affects Defendant Biopure's: (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

11.     Defendant Biopure hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Defendant Biopure to defend against this action. For these purposes, Defendant Biopure agrees that Defendant Biopure is not the prevailing party in this action since the parties have reached a good faith settlement.

12.     In connection with this action and any related judicial or administrative proceeding or investigation commenced by the Commission or to which the Commission is a party, Defendant Biopure (i) agrees to require its directors, officers, employees and agents to appear and be interviewed by Commission staff at such times and places as the staff requests upon reasonable notice; (ii) will accept service by mail or facsimile transmission of notices or subpoenas issued by the Commission for documents or testimony of its directors, officers, employees and agents at depositions, hearings, or trials, or in connection with any related investigation by Commission staff; (iii) appoints Defendant Biopure's undersigned attorney as agent to receive service of such notices and subpoenas; (iv) with respect to such notices and

4

the Court, with an affidavit or declaration stating that Defendant Biopure has received and read a copy of the Final Judgment.

9.    Consistent with 17 C.F.R. 202.5(f), this Consent resolves only the claims asserted against Defendant Biopure in this civil proceeding. Defendant Biopure acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Defendant Biopure waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein. Defendant Biopure further acknowledges that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations. Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization. This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding.

10.    Defendant Biopure understands and agrees to comply with the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegation in the complaint or order for proceedings." 17 C.F.R. § 202.5. In compliance with this policy, Defendant Biopure agrees: (i) not to take any action or to make or permit to be made any public statement denying, directly or indirectly, any allegation in the complaint or creating the impression that the complaint is without factual basis; and (ii)

3

subpoenas, waives the territorial limits on service contained in Rule 45 of the Federal Rules of

Civil Procedure and any applicable local rules, *provided that the party requesting the testimony*

*reimburses Defendant Biopure's travel, lodging, and subsistence expenses at the then-prevailing*

*U.S. Government per diem rates*; and (v) consents to personal jurisdiction over Defendant

Biopure in any United States District Court for purposes of enforcing any such subpoena.

13.    Defendant Biopure agrees that the Commission may present the Final Judgment to

the Court for signature and entry without further notice.

14.    Defendant Biopure agrees that this Court shall retain jurisdiction over this matter

for the purpose of enforcing the terms of the Final Judgment.

Dated: April 13, 2006

Biopure Corporation

By

[Name of person signing for entity] Zafiris G Zafirelis
[Title] President, Chief Executive Officer
[Address] 11 Hurley St, Cambridge MA 02141

On April 13, 2006, Zafiris G Zafirelis, a person known to me,
personally appeared before me and acknowledged executing the foregoing Consent with full
authority to do so on behalf of Biopure Corp as its President, CEO

Notary Public
Commission expires:

HAZEL V. FORNEY
Notary Public
Commonwealth of Massachusetts
My Commission Expires Dec 12, 2008

Approved as to form:

Robert A. Buhlman, Esq.
Bingham McCutchen, LLP
150 Federal Street
Boston, MA 02101
Attorney for Defendant Biopure

5

BIOPURE CORPORATION CERTIFICATE OF CORPORATE RESOLUTION

I, Jane Kober, do hereby certify that I am the duly elected, qualified and acting Secretary of Biopure Corporation ("Biopure"), a Delaware corporation, and that the following is a complete and accurate copy of a resolution adopted by the Board of Directors of Biopure at a meeting held on March 22, 2006 at which a quorum was present and resolved as follows:

RESOLVED:  That each of Zaf Zafirelis, President, Francis H. Murphy, Chief Financial Officer and Barry Scott, Vice President Business Development, be and hereby is authorized to act on behalf of the Corporation, and in his sole discretion, to negotiate, approve, and make the Consent of Defendant Biopure Corporation, consistent with the Agreement in Principle, attached hereto, to the United States Securities and Exchange Commission ("Commission") in connection with the civil action filed by the Commission; in this connection, each of the aforementioned Officers be and hereby is authorized to undertake such actions as he may deem necessary and advisable, including the execution of such documentation as may be required by the Commission, in order to carry out the foregoing.

I further certify that the aforesaid resolution has not been amended or revoked in any respect and remains in full force and effect.

IN WITNESS WHEREOF, I have executed this Certificate as a sealed instrument this _13_ day of _April_, 2006.

By: _____
Jane Kober
Secretary
Biopure Corporation

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                                         :
SECURITIES AND EXCHANGE COMMISSION,  :
                                                         :
                          Plaintiff,            :        Civ. A. No. 05-11853-PBS
              v.                                    :
                                                         :
BIOPURE CORPORATION,                    :
THOMAS MOORE, HOWARD RICHMAN,  :
and JANE KOBER                              :
                                                         :
                          Defendants.          :
_____:

## FINAL JUDGMENT AS TO DEFENDANT BIOPURE CORPORATION

The Securities and Exchange Commission having filed a Complaint and Defendant

Biopure Corporation ("Defendant Biopure") having entered a general appearance; consented to

the Court's jurisdiction over Defendant Biopure and the subject matter of this action; consented

to entry of this Final Judgment without admitting or denying the allegations of the Complaint

(except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right

to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant Biopure, directly or

indirectly through Defendant Biopure's agents, servants, employees, attorneys, and all persons in

active concert or participation with them who receive actual notice of this Final Judgment by

personal service or otherwise, is permanently restrained and enjoined from violating, directly or

indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15

U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any

means or instrumentality of interstate commerce, or of the mails, or of any facility of any national

securities exchange, in connection with the purchase or sale of any security:

(a)     to employ any device, scheme, or artifice to defraud;

(b)     to make any untrue statement of a material fact or to omit to state a material fact

necessary in order to make the statements made, in the light of the circumstances

under which they were made, not misleading; or

(c)     to engage in any act, practice, or course of business which operates or would

operate as a fraud or deceit upon any person.

## II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Biopure,

directly or indirectly through Defendant Biopure's agents, servants, employees, attorneys, and all

persons in active concert or participation with them who receive actual notice of this Final

Judgment by personal service or otherwise, is permanently restrained and enjoined from violating

Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)] in the offer or sale of any security by the

use of any means or instruments of transportation or communication in interstate commerce or by

use of the mails, directly or indirectly:

(a)     to employ any device, scheme, or artifice to defraud;

(b)     to obtain money or property by means of any untrue statement of a material fact or

any omission of a material fact necessary in order to make the statements made, in

light of the circumstances under which they were made, not misleading; or

(c)     to engage in any transaction, practice, or course of business which operates or

would operate as a fraud or deceit upon the purchaser.

2

III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Biopure,

directly or indirectly through Defendant Biopure's agents, servants, employees, attorneys, and all

persons in active concert or participation with them who receive actual notice of this Final

Judgment by personal service or otherwise, is permanently restrained and enjoined from violating

Section 13(a) of the Exchange Act [15 U.S.C. § 78m(a)] and Rules 12b-20, 13a-11 and 13a-13

thereunder [17 C.F.R. §§240.12b-20, 240.13a-11 and 240.13a-13] by failing to file with the

Commission, in accordance with such rules and regulations as the Commission may prescribe as

necessary or appropriate for the proper protection of investors and to insure fair dealing in the

security, such information and documents as the Commission shall require to keep reasonably

current the information and documents required to be included in or filed with an application or

registration statement filed pursuant to Section 12 of the Exchange Act, or such annual reports,

certified if required by the rules and regulations of the Commission by independent public

accountants, and such current and quarterly reports as the Commission may prescribe, including

but not limited to current reports on Form 8-K as prescribed by Rule 13a-11 [17 C.F.R. §

240.13a-11] and quarterly reports on Form 10-Q as prescribed by Rule 13a-13 [17 C.F.R.

§240.13a-13], and by failing to include, in addition to the information expressly required to be

included in any statement or report filed pursuant to Section 13(a) of the Exchange Act [15

U.S.C. §78m(a)], such further material information, if any, as may be necessary to make the

required statements, in light of the circumstances under which they are made, not misleading.

IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED the Defendant Biopure will

retain, within 30 days of the date of entry of this Final Judgment, the services of an Independent

Compliance Consultant ("Consultant") not unacceptable to the staff of the Commission.

    (a)    Defendant Biopure shall retain the Consultant to conduct a comprehensive review

of its disclosure, compliance and other policies and procedures designed to

prevent and detect federal securities violations of the nature alleged in this matter.

Defendant Biopure shall require the Consultant, where the Consultant deems

appropriate, to propose procedures designed to ensure that all material

information concerning clinical trial results and the FDA review and approval

process is disclosed as required by law in a timely manner.  Defendant Biopure

shall cooperate fully with the Consultant and shall provide the Consultant with

access to its files, books, records, and personnel as reasonably requested for the

review.  The Consultant's compensation and expenses shall be borne by

Defendant Biopure;

    (b)    Upon the conclusion of the review, which in no event shall be more than 90 days

after the Consultant's retention is finalized, Defendant Biopure shall require the

Consultant to submit a Report to Defendant Biopure and the staff of the

Commission.  The Report shall include a description of the review performed, the

conclusions reached, the Consultant's recommendations, if any, for changes in or

improvements to policies and procedures of Defendant Biopure and a procedure

for implementing the recommended changes in or improvements to Defendant

Biopure' policies and procedures, if any;

    (c)    Defendant Biopure shall adopt all recommendations contained in the Consultant's

4

Report, if any; provided, however, that within 30 days after delivery of the Consultant's Report, Defendant Biopure shall in writing advise the Consultant and the staff of the Commission of any recommendations that it considers to be unnecessary or inappropriate.  With respect to any recommendation that Defendant Biopure considers unnecessary or inappropriate, Defendant Biopure need not adopt that recommendation at that time but shall propose in writing an alternative policy, procedure or system designed to achieve the same objective or purpose or explain in writing why it considers any recommendation or alternative to be unnecessary or inappropriate.  As to any recommendation with respect to Defendant Biopure's policies and procedures on which Defendant Biopure and the Consultant do not agree, such parties shall attempt in good faith to reach an agreement within 60 days after delivery of the Consultant's Report.  In the event Defendant Biopure and the Consultant are unable to agree on an alternative proposal acceptable to the staff of the Commission, Defendant Biopure will abide by the determinations of the Consultant;

(d)     Defendant Biopure (i) shall not have the authority to terminate the Consultant, without the prior written approval of the staff of the Commission; (ii) shall compensate the Consultant, and persons engaged to assist the Consultant, for services rendered pursuant to this Final Judgment at their reasonable and customary rates; and (iii) shall not be in and shall not have an attorney-client relationship with the Consultant and shall not seek to invoke the attorney-client or any other doctrine or privilege to prevent the Consultant from transmitting any

information, reports, or documents to the staff of the Commission;

(e)     Defendant Biopure shall require that the Consultant, for the period of the engagement and for a period of two years from completion of the engagement, shall not enter into any employment, consultant, attorney-client, auditing or other professional relationship with Defendant Biopure, or any of its present or former affiliates, directors, officers, employees, or agents acting in their capacity as such. Defendant Biopure shall require that any firm with which the Consultant is affiliated in performance of his or her duties under this Final Judgment shall not, without prior written consent of the staff of the Commission, enter into any employment, consultant, attorney-client, auditing or other professional relationship with Defendant Biopure, or any of its present or former affiliates, directors, officers, employees, or agents acting in their capacity as such for the period of the engagement and for a period of two years after the engagement;

(f)     Within nine months from the issuance of this Final Judgment, Defendant Biopure shall provide an affidavit via certified mail to David P. Bergers, Associate District Administrator, Securities and Exchange Commission, Boston District Office, 33 Arch Street, Boston, Massachusetts 02110, that it has complied with the provisions of this paragraph IV. Such affidavit shall contain a statement describing the procedures adopted and implemented in compliance with paragraph IV. Such letter shall be submitted under cover letter which identifies Defendant Biopure as a Defendant in this action, setting forth the title and civil action number of this action and the name of this Court; and

6

(g)     The staff of the Commission may extend any of the deadlines contained in this

paragraph IV for good cause shown.

V.

It Is Hereby Further Ordered, Adjudged, And Decreed that the Consent of

Defendant Biopure is incorporated herein with the same force and effect as if fully set forth

herein, and that Defendant Biopure shall comply with all of the undertakings and agreements set

forth therein.

VI.

It Is Hereby Further Ordered, Adjudged, And Decreed that this Court shall retain

jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

VII.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil

Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated:  _____, _____

_____

UNITED STATES DISTRICT JUDGE

7