UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---

SECURITIES AND EXCHANGE COMMISSION, :
:
                           Plaintiff, :     Civ. A. No. 05-11853-PBS
v.                                  :

BIOPURE CORPORATION, :
THOMAS MOORE, HOWARD RICHMAN, :
and JANE KOBER :
:
                           Defendants. :

---

**CONSENT OF DEFENDANT JANE KOBER**

1.    Defendant Jane Kober ("Defendant Kober") acknowledges having been served with the complaint in this action, enters a general appearance, and admits the Court's jurisdiction over Defendant Kober and over the subject matter of this action.

2.    Without admitting or denying the allegations of the complaint (except as to personal and subject matter jurisdiction, which Defendant Kober admits), Defendant Kober hereby consents to the entry of the final Judgment in the form attached hereto (the "Final Judgment") and incorporated by reference herein, which, among other things:

    (a)    permanently restrains and enjoins Defendant Kober from violation of Section 13(a) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78m(a)] and Rules 12b-20, 13a-11 and 13a-13 thereunder [17 C.F.R §§ 240.12b-20, 240.13a-11 and 240.13a-13]; and

    (b)    orders Defendant Kober to pay a civil penalty in the amount of $40,000 under Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)].

3.    Defendant Kober agrees that she shall not seek or accept, directly or indirectly,

reimbursement or indemnification from any source, including but not limited to payment made pursuant to any insurance policy, with regard to any civil penalty amounts that Defendant Kober pays pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors. Defendant Kober further agrees that she shall not claim, assert, or apply for a tax deduction or tax credit with regard to any federal, state, or local tax for any penalty amounts that Defendant Kober pays pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors.

4. Defendant Kober waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

5. Defendant Kober waives the right, if any, to a jury trial and to appeal from the entry of the Final Judgment.

6. Defendant Kober enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Defendant Kober to enter into this Consent.

7. Defendant Kober agrees that this Consent shall be incorporated into the Final Judgment with the same force and effect as if fully set forth therein.

8. Defendant Kober will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

9. Defendant Kober waives service of the Final Judgment and agrees that entry of

the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendant Kober of its terms and conditions. Defendant Kober further agrees to provide counsel for the Commission, within thirty days after the Final Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Defendant Kober has received and read a copy of the Final Judgment.

10. Consistent with 17 C.F.R. 202.5(f), this Consent resolves only the claims asserted against Defendant Kober in this civil proceeding. Defendant Kober acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Defendant Kober waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein. Defendant Kober further acknowledges that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations. Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization. This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding.

11. Defendant Kober understands and agrees to comply with the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegation in the complaint or order for proceedings." 17 C.F.R.

§ 202.5. In compliance with this policy, Defendant Kober agrees: (i) not to take any action or to make or permit to be made any public statement denying, directly or indirectly, any allegation in the complaint or creating the impression that the complaint is without factual basis; and (ii) that upon the filing of this Consent, Defendant Kober hereby withdraws any papers filed in this action to the extent that they deny any allegation in the complaint. If Defendant Kober breaches this agreement, the Commission may petition the Court to vacate the Final Judgment and restore this action to its active docket. Nothing in this paragraph affects Defendant Kober's: (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

12. Defendant Kober hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Defendant Kober to defend against this action. For these purposes, Defendant Kober agrees that Defendant Kober is not the prevailing party in this action since the parties have reached a good faith settlement.

13. In connection with this action and any related judicial or administrative proceeding or investigation commenced by the Commission or to which the Commission is a party, Defendant Kober (i) agrees to appear and be interviewed by Commission staff at such times and places as the staff requests upon reasonable notice; (ii) will accept service by mail or facsimile transmission of notices or subpoenas issued by the Commission for documents or testimony at depositions, hearings, or trials, or in connection with any related investigation by

Commission staff; (iii) appoints Defendant Kober's undersigned attorney as agent to receive service of such notices and subpoenas; (iv) with respect to such notices and subpoenas, waives the territorial limits on service contained in Rule 45 of the Federal Rules of Civil Procedure and any applicable local rules, *provided that the party requesting the testimony reimburses Defendant Kober's travel, lodging, and subsistence expenses at the then-prevailing U.S. Government per diem rates*; and (v) consents to personal jurisdiction over Defendant Kober in any United States District Court for purposes of enforcing any such subpoena.

14. Defendant Kober agrees that the Commission may present the Final Judgment to the Court for signature and entry without further notice.

15. Defendant Kober agrees that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Final Judgment.

Dated: April 13, 2006

_____
Jane Kober

On April 13, 2006 Jane Kober, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent.

_____
Notary Public
Commission expires: 4.30.06

LAURA DYCKSON
Notary Public State of New York
No. 4775566
Qualified in Suffolk County
Commission Expires April 30, 2006

Approved as to form:

_____
Thomas J. Dougherty, Esq.
Skadden Arps Slate Meagher & Flom LLP
One Beacon Street
Boston, MA 02108
617-573-4800
Attorney for Defendant Kober

5

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, : <br> : <br> Plaintiff, : <br> v. : <br> : <br> BIOPURE CORPORATION, : <br> THOMAS MOORE, HOWARD RICHMAN, : <br> and JANE KOBER : <br> : <br> Defendants. : | Civ. A. No. 05-11853-PBS |

**FINAL JUDGMENT AS TO DEFENDANT JANE KOBER**

The Securities and Exchange Commission having filed a Complaint and Defendant Jane Kober ("Defendant Kober") having entered a general appearance; consented to the Court's jurisdiction over Defendant Kober and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant Kober, directly or indirectly through Defendant Kober's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise, is permanently restrained and enjoined from aiding and abetting any violation of Section 13(a) of the Exchange Act [15 U.S.C. § 78m(a)] and Rules 12b-20, 13a-11 and 13a-13 thereunder [17 C.F.R. §§240.12b-20, 240.13a-11 and 240.13a-13] by knowingly providing substantial assistance to any issuer of securities registered under Section 12 of the

Exchange Act [15 U.S.C. § 78l] that fails to file with the Commission, in accordance with such rules and regulations as the Commission may prescribe as necessary or appropriate for the proper protection of investors and to insure fair dealing in the security, such information and documents as the Commission shall require to keep reasonably current the information and documents required to be included in or filed with an application or registration statement filed pursuant to Section 12 of the Exchange Act, or such annual reports, certified if required by the rules and regulations of the Commission by independent public accountants, and such current and quarterly reports as the Commission may prescribe, including but not limited to current reports on Form 8-K as prescribed by Rule 13a-11 [17 C.F.R. § 240.13a-11] and quarterly reports on Form 10-Q as prescribed by Rule 13a-13 [17 C.F.R. §240.13a-13], and by failing to include, in addition to the information expressly required to be included in any statement or report filed pursuant to Section 13(a) of the Exchange Act [15 U.S.C. §78m(a)], such further material information, if any, as may be necessary to make the required statements, in light of the circumstances under which they are made, not misleading.

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Kober shall pay a civil penalty in the amount of $40,000 pursuant to Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)]. Defendant Kober shall make this payment within ten (10) business days after entry of this Final Judgment by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission. The payment shall be delivered or mailed to the Office of Financial Management, Securities and Exchange Commission, Operations Center, 6432 General Green Way, Mail Stop 0-3, Alexandria, Virginia

22312, and shall be accompanied by a letter identifying Jane Kober as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment. Defendant Kober shall simultaneously transmit photocopies of such payment and letter to the Commission's counsel in this action. Defendant Kober shall pay post-judgment interest on any delinquent amounts pursuant to 28 USC § 1961.

### III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent of Defendant Jane Kober is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant Kober shall comply with all of the undertakings and agreements set forth therein.

### IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

### V.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated: _____, \_\_\_\_\_

_____
UNITED STATES DISTRICT JUDGE