UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | : |
| Plaintiff, | : Civ. A. No. 05-11853-PBS |
| v. | : |
| BIOPURE CORPORATION, THOMAS MOORE, HOWARD RICHMAN, and JANE KOBER | : |
| Defendants. | : |

## FINAL JUDGMENT AS TO DEFENDANT BIOPURE CORPORATION

The Securities and Exchange Commission having filed a Complaint and Defendant Biopure Corporation ("Defendant Biopure") having entered a general appearance; consented to the Court's jurisdiction over Defendant Biopure and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant Biopure, directly or indirectly through Defendant Biopure's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise, is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national

securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Biopure, directly or indirectly through Defendant Biopure's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise, is permanently restrained and enjoined from violating Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Biopure, directly or indirectly through Defendant Biopure's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise, is permanently restrained and enjoined from violating Section 13(a) of the Exchange Act [15 U.S.C. § 78m(a)] and Rules 12b-20, 13a-11 and 13a-13 thereunder [17 C.F.R. §§240.12b-20, 240.13a-11 and 240.13a-13] by failing to file with the Commission, in accordance with such rules and regulations as the Commission may prescribe as necessary or appropriate for the proper protection of investors and to insure fair dealing in the security, such information and documents as the Commission shall require to keep reasonably current the information and documents required to be included in or filed with an application or registration statement filed pursuant to Section 12 of the Exchange Act, or such annual reports, certified if required by the rules and regulations of the Commission by independent public accountants, and such current and quarterly reports as the Commission may prescribe, including but not limited to current reports on Form 8-K as prescribed by Rule 13a-11 [17 C.F.R. § 240.13a-11] and quarterly reports on Form 10-Q as prescribed by Rule 13a-13 [17 C.F.R. §240.13a-13], and by failing to include, in addition to the information expressly required to be included in any statement or report filed pursuant to Section 13(a) of the Exchange Act [15 U.S.C. §78m(a)], such further material information, if any, as may be necessary to make the required statements, in light of the circumstances under which they are made, not misleading.

IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED the Defendant Biopure will

3

retain, within 30 days of the date of entry of this Final Judgment, the services of an Independent Compliance Consultant ("Consultant") not unacceptable to the staff of the Commission.

(a) Defendant Biopure shall retain the Consultant to conduct a comprehensive review of its disclosure, compliance and other policies and procedures designed to prevent and detect federal securities violations of the nature alleged in this matter. Defendant Biopure shall require the Consultant, where the Consultant deems appropriate, to propose procedures designed to ensure that all material information concerning clinical trial results and the FDA review and approval process is disclosed as required by law in a timely manner. Defendant Biopure shall cooperate fully with the Consultant and shall provide the Consultant with access to its files, books, records, and personnel as reasonably requested for the review. The Consultant's compensation and expenses shall be borne by Defendant Biopure;

(b) Upon the conclusion of the review, which in no event shall be more than 90 days after the Consultant's retention is finalized, Defendant Biopure shall require the Consultant to submit a Report to Defendant Biopure and the staff of the Commission. The Report shall include a description of the review performed, the conclusions reached, the Consultant's recommendations, if any, for changes in or improvements to policies and procedures of Defendant Biopure and a procedure for implementing the recommended changes in or improvements to Defendant Biopure' policies and procedures, if any;

(c) Defendant Biopure shall adopt all recommendations contained in the Consultant's

4

Case 1:05-cv-11853-PBS   Document 116

        Report, if any; provided, however, that within 30 days after delivery of the Consultant's Report, Defendant Biopure shall in writing advise the Consultant and the staff of the Commission of any recommendations that it considers to be unnecessary or inappropriate. With respect to any recommendation that Defendant Biopure considers unnecessary or inappropriate, Defendant Biopure need not adopt that recommendation at that time but shall propose in writing an alternative policy, procedure or system designed to achieve the same objective or purpose or explain in writing why it considers any recommendation or alternative to be unnecessary or inappropriate. As to any recommendation with respect to Defendant Biopure's policies and procedures on which Defendant Biopure and the Consultant do not agree, such parties shall attempt in good faith to reach an agreement within 60 days after delivery of the Consultant's Report. In the event Defendant Biopure and the Consultant are unable to agree on an alternative proposal acceptable to the staff of the Commission, Defendant Biopure will abide by the determinations of the Consultant;

(d)    Defendant Biopure (i) shall not have the authority to terminate the Consultant, without the prior written approval of the staff of the Commission; (ii) shall compensate the Consultant, and persons engaged to assist the Consultant, for services rendered pursuant to this Final Judgment at their reasonable and customary rates; and (iii) shall not be in and shall not have an attorney-client relationship with the Consultant and shall not seek to invoke the attorney-client or any other doctrine or privilege to prevent the Consultant from transmitting any

information, reports, or documents to the staff of the Commission;

(e) Defendant Biopure shall require that the Consultant, for the period of the engagement and for a period of two years from completion of the engagement, shall not enter into any employment, consultant, attorney-client, auditing or other professional relationship with Defendant Biopure, or any of its present or former affiliates, directors, officers, employees, or agents acting in their capacity as such. Defendant Biopure shall require that any firm with which the Consultant is affiliated in performance of his or her duties under this Final Judgment shall not, without prior written consent of the staff of the Commission, enter into any employment, consultant, attorney-client, auditing or other professional relationship with Defendant Biopure, or any of its present or former affiliates, directors, officers, employees, or agents acting in their capacity as such for the period of the engagement and for a period of two years after the engagement;

(f) Within nine months from the issuance of this Final Judgment, Defendant Biopure shall provide an affidavit via certified mail to David P. Bergers, Associate District Administrator, Securities and Exchange Commission, Boston District Office, 33 Arch Street, Boston, Massachusetts 02110, that it has complied with the provisions of this paragraph IV. Such affidavit shall contain a statement describing the procedures adopted and implemented in compliance with paragraph IV. Such letter shall be submitted under cover letter which identifies Defendant Biopure as a Defendant in this action, setting forth the title and civil action number of this action and the name of this Court; and

853-PBS       t 1        File

(g)     The staff of the Commission may extend any of the deadlines contained in this paragraph IV for good cause shown.

V.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent of Defendant Biopure is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant Biopure shall comply with all of the undertakings and agreements set forth therein.

VI.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

VII.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated: 9/5/06

UNITED STATES DISTRICT JUDGE