UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v.

BIOPURE CORPORATION,
THOMAS MOORE, HOWARD RICHMAN,
and JANE KOBER

Defendants.

Civ. A No. 05-11853-PBS

**SECURITIES AND EXCHANGE COMMISSION'S MOTION TO SET A SCHEDULE FOR DISCLOSURE OF A REBUTTAL EXPERT REPORT, IF ANY**

Plaintiff Securities and Exchange Commission ("Commission"), pursuant to Rule 26(a)(2)(C) of the Federal Rules of Civil Procedure, respectfully requests that this Court set a deadline of November 3, 2006 for disclosure of an expert report in rebuttal to the report of Paul A. Gompers, if any.

In support of its Motion, the Commission states as follows:

1. On September 14, 2005, the Commission instituted this enforcement action against defendant Thomas Moore, former chief executive officer of Biopure Corporation ("Biopure"), and others for violations of the federal securities laws. The Commission charges that in 2003, defendant Moore and others misled investors about the status of Biopure's efforts to gain FDA approval for a product called Hemopure, which is intended as a blood-substitute for humans.

2. After institution of this action, and upon the defendants' request, this Court set an expedited discovery schedule.

3. On February 23, 2006, pursuant to the expedited schedule, the Commission disclosed an expert witness, Dr. Edward L. Snyder, M.D., F.A.C.P., a professor at Yale School of Medicine and Director of the Blood-Bank at Yale-New Haven Hospital. Dr. Snyder's expert opinions generally concern medical, clinical and FDA issues.

4. Prior to defendants' disclosure of any expert witnesses, two of the defendants reached a settlement with the Commission, and the remaining defendants requested a new discovery schedule.

5. On September 7, 2006, pursuant to the new discovery schedule, defendant Moore disclosed an expert report by Prof. Paul A. Gompers, an economist. Prof. Gompers's opinions generally concern an analysis of the movement of Biopure's stock price.[1]

6. On September 11, 2006, the Commission sent a subpoena scheduling Prof. Gompers's deposition for September 21 and requesting production of documents by September 14. Among other things, the Commission requested production of documents Prof. Gompers relied upon, his back-up data files and his programming. (Exhibit A hereto)

7. Due to constraints in Prof. Gompers's schedule, the Commission agreed to reschedule his deposition for October 11, 2006, the earliest date that Prof. Gompers was available (other than a federal holiday). Pursuant to an earlier agreement that experts would produce documents one week prior to their deposition, Prof. Gompers is scheduled to produce documents by October 4, 2006. (Exhibit B hereto)

8. Rule 26 of the Federal Rules of Civil Procedure provides that a rebuttal expert

---

[1] Defendant Moore also requested that the Commission agree to an extension for his disclosure of an expert witness on FDA issues. The Commission agreed to defendant Moore's request, and no deadline has been set for disclosure of defendant Moore's second expert witness.

may be disclosed 30 days after disclosure of the expert testimony that it being rebutted:

> In the absence of direction from the court or stipulation of the parties, disclosures shall be made . . . if evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under paragraph (2)(B), within 30 days after the disclosure made by the other party.

Fed. R. Civ. P. 26(a)(2)(C).

9. Here, unless otherwise ordered or agreed, the Commission would be required to disclose expert testimony to rebut Prof. Gompers's report by October 7, which is only three days after Prof. Gompers's production of documents and prior to his deposition.

10. Accordingly, the Commission respectfully requests a modest extension until November 3, 2006 to disclose a rebuttal to Prof. Gompers's report, if any. The proposed deadline is 30 days from the date Prof. Gompers is scheduled to produce documents.

11. This modest extension is necessary and appropriate because Prof. Gompers's schedule necessitated a short delay in taking his deposition and producing documents.

12. In addition, the Commission cannot adequately assess whether a rebuttal expert would even be necessary until it reviews Prof. Gompers's back-up documentation and takes his deposition, which will not be taken until October 11.

13. The proposed extension would not result in a delay in the final pre-trial hearing or trial, currently scheduled for January 2007.

14. Counsel for defendant Moore does not consent to the proposed extension. (Exhibit C hereto)

WHEREFORE, the Commission respectfully requests that this Court set a deadline of November 3, 2006 for expert disclosure in rebuttal to Prof. Gompers's report, if any.

Dated: September 20, 2006
Boston, Massachusetts

Respectfully submitted,

/s/ Ian D. Roffman

Ian D. Roffman (BBO #637564)
R. Daniel O'Connor (BBO# 634207)
Ellen Bober Moynihan (BBO# 567598)
33 Arch Street
Boston, Massachusetts 02110-1424
(617) 573-8987 (Roffman)
Counsel for Plaintiff
Securities and Exchange Commission

**Local Rule 7.1(A)(2) Certification**

I, Ian D. Roffman, certify that I conferred with opposing counsel concerning this motion. Defendant's counsel does not agree to the relief sought herein.

Dated: September 20, 2006

/s/ Ian D. Roffman
Ian D. Roffman

*Served Electronically by ECF*

# EXHIBIT A




UNITED STATES
SECURITIES AND EXCHANGE COMMISSION
BOSTON DISTRICT OFFICE
33 ARCH STREET
23RD FLOOR
BOSTON, MA 02110-1424
PHONE: 617-573-8900
FACSIMILE: 617-573-4590

IAN D. ROFFMAN
PHONE: 617-573-8987
EMAIL: ROFFMANI@SEC.GOV

September 11, 2006

**Via Facsimile and U.S. Mail**

Jason A. Levine
McDermott, Will & Emery
600 13th Street, N.W.
Washington, DC 20005-3096

Re: SEC v. Biopure, Civ. A. No. 05-11853-PBS (D. Mass.)

Dear Jason:

Enclosed is a Subpoena directed to Paul A. Gompers. Please let me know whether you will accept service of this Subpoena on Prof. Gompers's behalf.

The Subpoena schedules Prof. Gompers's deposition for Thursday, September 21 and, pursuant to our agreement, requests production of documents no later than one week earlier, on September 14. If you or Prof. Gompers are unavailable on Sept. 21, I would be happy to work with you to reschedule for a mutually agreeable time.

Please let me know if you would like to discuss this further.

Very truly yours,

Ian D. Roffman

# Issued by the
# UNITED STATES DISTRICT COURT
## DISTRICT OF Massachusetts

Securities and Exchange Commission,
Plaintiff,
v.

Biopure Corporation, et al
Defendants.

**SUBPOENA IN A CIVIL CASE**

CASE NUMBER: 05-CA-11853-PBS[1]
District of Massachusetts

TO: Paul A. Gompers
Morgan Hall, Room 485
Graduate School of Business Administration
Harvard University
Boston, MA 02163

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| U.S. Securities and Exchange Commission<br>33 Arch Street, 23rd Floor<br>Boston, MA 02110 | September 21, 2006 at 9:30 am |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): See Attachment A

| PLACE | DATE AND TIME |
|---|---|
| U.S. Securities and Exchange Commission<br>33 Arch Street, 23rd Floor<br>Boston, MA 02110 | September 14, 2006 at 9:30 am |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date, and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| [signature] Ian D. Roffman<br>Attorney for Plaintiff | September 11, 2006 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER Securities and Exchange Commission, 33 Arch Street
Boston, MA 02110 617-573-8987

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

[1] If action is pending in district other than district of issuance, state district under case number.

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| served | | |

| SERVED ION (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| SERVED BY (PRINT NAME) | TITLE |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on ____________________
DATE

____________________
SIGNATURE OF SERVER

____________________
ADDRESS OF SERVER

____________________

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is no limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the material or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that , subject to the provisions of clause
(c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden
(B) If a subpoena
(I) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

**ATTACHMENT A**
**Subpoena to Paul A. Gompers**
**September 11, 2006**

**DOCUMENTS REQUIRED TO BE PRODUCED**

Please produce the following documents:

1. For the period prior to August 1, 2006, all documents concerning communications between you and any Defendant or attorney thereof.

2. All documents that you considered in forming your opinions in this matter, including, but not limited to all, all documents listed on Exhibit 2 of your Report.

3. All documents concerning the analyses described in your Report, including Exhibits 3 through 5, including but not limited to all electronic and hard copy files that comprise the underlying data, programming, results, and analysis thereof.

4. All documents prepared by you or at your direction at any time for any purpose concerning any of the Defendants, the Securities and Exchange Commission, or the Federal Drug Administration.

5. All documents concerning all analyses you performed concerning Biopure Corporation (including its securities), including but not limited to all electronic and hard copy files that comprise the underlying data, programming, results, and analysis thereof, whether or not the results of such analyses are described in your Report.

6. Documents sufficient to identify any other person who assisted you in connection with any of the analyses described in your Report.

7. All drafts of your Report created prior to August 1, 2006.

8. All documents provided to you by the Defendants or any others in connection with your work in this matter, including but not limited to any documents provided for purposes of your Report whether or not referred or relied upon therein.

9. All written reports prepared pursuant to Federal Rule of Civil Procedure 26(a)(2)(B), or other documents or materials prepared to fulfil a similar function, that have been produced in the course of a dispute wherein you have testified as an expert at trial or by deposition within the preceding four years.

**DEFINITIONS AND INSTRUCTIONS**

The Uniform Definitions set forth in Local Rule 26.5(c) of the District of Massachusetts are hereby adopted. In addition:

A. "Report" means the report entitled, Expert Report of Paul A. Gompers, SEC v. Biopure Corp., et al. (D. Mass.), September 6, 2006.

B. "You" means Paul A. Gompers and anyone working with you or at your direction in connection with your Report.

C. "Defendant" means Thomas Moore, Jane Kober, Howard Richman and Biopure Corporation, separately and collectively, and any representative, employee, attorney or agent thereof.

D. The singular includes the plural and visa versa; the words "and" and "or" shall be both conjunctive and disjunctive; the word "all" means "any and all"; the word "any" means "any and all"; the word "including" means "including without limitation."

E. "Concerning" means referring to, describing, evidencing, or constituting.

# EXHIBIT B



UNITED STATES
SECURITIES AND EXCHANGE COMMISSION
BOSTON DISTRICT OFFICE
33 ARCH STREET
23RD FLOOR
BOSTON, MA 02110-1424
PHONE: 617-573-8900
FACSIMILE: 617-573-4590

IAN D. ROFFMAN
PHONE: 617-573-8987
EMAIL: ROFFMANI@SEC.GOV

September 19, 2006

**Via Facsimile and U.S. Mail**

Jason A. Levine
McDermott, Will & Emery
600 13th Street, N.W.
Washington, DC 20005-3096

Re: SEC v. Biopure, Civ. A. No. 05-11853-PBS (D. Mass.)

Dear Jason:

Thank you for your email today. This confirms that we will take the deposition of Paul Gompers beginning at 9:30 a.m. on Wednesday, October 11. Because Prof. Gompers is only available until 4:00 pm that day, I propose that, if necessary, we complete his deposition beginning at 9:30 a.m. on Friday, October 13. I appreciate your willingness to start his deposition at 7:00 am, but because of personal child care obligations, I am not able to do so.

Under this schedule and the parties' agreement, Prof. Gompers's production of documents will be due by Wednesday, October 4.

Lastly, under the Federal Rules, the SEC would be required to disclose a rebuttal expert, if any, by October 7, unless the Court orders, or the parties stipulate, otherwise. We have not determined whether to disclose a rebuttal expert and are not in a position to do so until after the conclusion of Prof. Gompers's deposition. Accordingly, I am requesting that you agree to an extension until November 3 for disclosure of an expert in rebuttal to Prof. Gompers. This date is 30 days from the date of Prof. Gompers's scheduled document production. Please let me know at your earliest convenience whether you will agree to this schedule.

Very truly yours,

Ian D. Roffman

cc: Cathy Fleming

# EXHIBIT C

McDermott
Will & Emery

Boston Brussels Chicago Düsseldorf London Los Angeles Miami Milan
Munich New York Orange County Rome San Diego Silicon Valley Washington, D.C.

Jason A. Levine
Partner
jlevine@mwe.com
202.756.8021

September 20, 2006

**VIA FACSIMILE**

Ian D. Roffman, Esq.
U.S. Securities and Exchange Commission
Boston District Office
33 Arch Street
Boston, MA 02110

**Re: *SEC v. Biopure*, Civ. A. No. 05-11853-PBS (D. Mass.)**

Dear Ian:

In response to your letter of yesterday, I am writing to confirm that we will produce Professor Gompers for deposition at 9:30 a.m. on October 11 at the SEC's Boston District Office, with production of documents on October 4. If necessary, Professor Gompers will be available for a second session on October 13, subject to the 7-hour limitation set by the Federal Rules.

Further, we do not consent to your request for an extension of time until November 3 to provide a possible rebuttal expert disclosure to Professor Gompers. As you know, the Scheduling Order does not provide for rebuttal experts, nor did the SEC request such a provision during the Scheduling Conference. Indeed, the subject never arose. Accordingly, in our view, it is a close question whether the SEC is entitled to proffer a rebuttal expert. Moreover, given the trial schedule and the need for Mr. Moore to file a very prompt summary judgment motion, he cannot agree to expert discovery extending into November, well past the October 31 deadline.

Notwithstanding these objections to your request, we will consent to the SEC's submission of a rebuttal expert disclosure – if any – on or by October 7, as provided for by the Federal Rules. Should the SEC seek an extension of this date from Judge Saris, we reserve the right to object to the submission of a rebuttal expert disclosure at all.

Finally, I will be in touch with you shortly about the deposition of Mr. Moore.

Sincerely yours,

Jason A. Levine

cc: Bobby R. Burchfield, Esq.
Cathy Fleming, Esq.