UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>BIOPURE CORPORATION, THOMAS )<br>MOORE, HOWARD RICHMAN, and JANE )<br>KOBER, )<br>)<br>Defendants. ) | Civil Action No. 05-11853-PBS |

## NOTICE OF FILING

Defendant Thomas A. Moore hereby notifies the Court that he has filed the accompanying Opposition to Second Request for Extension of Time by United States Food and Drug Administration in the U.S. District Court for the District of Columbia.

Respectfully submitted,

Date: September 20, 2006
Boston Massachusetts

/s/ Jeffrey S. Huang

Edward P. Leibensperger (BBO #292620)
Bobby R. Burchfield (*pro hac vice*)
Jason A. Levine (*pro hac vice*)
Jeffrey S. Huang (BBO# 651854)
MCDERMOTT WILL & EMERY LLP
28 State Street
Boston, Massachusetts 02109
(617) 535-4000 phone
(617) 535-3800 facsimile

*Counsel for Defendant Thomas A. Moore*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE SUBPOENA IN:<br><br>SECURITIES AND EXCHANGE COMMISSION,<br><br>    Plaintiff,<br><br>    v.<br><br>BIOPURE CORPORATION, THOMAS MOORE, HOWARD RICHMAN, and JANE KOBER,<br><br>    Defendants. | MISC No. 1:06-00380 (JR)<br><br>(Related Case: Civ. No. 05-11853-PBS Pending in the U.S. District Court for the District of Massachusetts) |

RECEIVED SEP 20 2006 NANCY MAYER WHITTINGTON, CLERK U.S. DISTRICT COURT

## OPPOSITION OF THOMAS A. MOORE TO SECOND REQUEST FOR EXTENSION OF TIME BY UNITED STATES FOOD AND DRUG ADMINISTRATION

The U.S. Food and Drug Administration ("FDA") bases its second request for an extension of time on its belated steps toward satisfying Mr. Moore's motion to compel, and its intention to produce more documents (to the SEC) on October 3. This sounds quite familiar. In its first request for an extension of time, the FDA represented "that the remaining documents, for which the search has not been completed, will be available on or about September 15, 2006." *See* FDA Mot. To Extend Time at 2 (Aug. 21, 2006). Now, a full month later, the FDA has failed to fulfill this pledge, which was the *only* grounds for its extension. The FDA also continues to disregard the discovery schedule in this case, which required the completion of document production by July 1, over *10 weeks* ago. Given the history of the FDA's delays, the inaccurate information the FDA and the SEC have provided to two federal district courts and to Mr. Moore, and the absence of assurance that the FDA will fulfill its discovery obligations even by October 3 – *13 weeks* late – Mr. Moore opposes a second extension of time for the FDA.

Incredibly, the FDA attempts to portray Mr. Moore as unreasonable for filing a motion to compel because he was not "satisfied" with its "schedule for production of documents." *See* FDA 2nd Mot. To Extend Time at 2 (Sept. 18, 2006). On the contrary, Mr. Moore filed his motion precisely because the FDA had *no* schedule, and would not commit to a timeframe for producing many of the documents at issue. *See* Moore Mem. in Support of Mot. To Compel at 6 (Aug. 10, 2006). Indeed, the FDA admits that all of the steps it has taken occurred only "since defendant Moore filed his motion to compel." FDA 2nd Mot. at 2. Plainly, Mr. Moore had no choice but to file his motion to compel, and it has apparently had the effect of causing the FDA to take his discovery requests seriously – but not seriously enough.

Further, although the FDA correctly notes that it sent certain materials to the SEC on September 15 for ultimate production to Mr. Moore (*id.*), he has not yet received these materials, nor will he (based on experience) until September 25 or later. As for the additional 175 pages the FDA "recently identified" (*id.*), they are still being reviewed internally. Even if, hypothetically, the FDA were to produce these documents to the SEC on October 3, Mr. Moore realistically could not expect to receive them until October 13 or later – less than *one week* before the scheduled depositions of FDA staffers. Given that the underlying scheduling order in this case required the production of all documents – including the FDA's – by July 1, the prejudice that these delays are causing Mr. Moore with respect to deposition preparation is plain. In addition, one of Mr. Moore's expert disclosures is contingent upon the full FDA production, and it too is being unduly delayed by the FDA. Of course, the SEC had the benefit of full *ex parte* discovery from the FDA during the investigative phase of this case, and it now stands to gain from whatever impediments Mr. Moore faces in obtaining discovery from the FDA. This

fact renders the FDA's delays, which the SEC has failed to mitigate despite Judge Saris' admonitions, even more egregious.[1]

For these reasons, the FDA is not entitled to approval for *further* delay in satisfying Mr. Moore's nearly six-month old subpoena for an additional three weeks. On the contrary, it would be appropriate for the Court to *grant* Mr. Moore's motion to compel and require the FDA to produce the remaining documents at issue no later than five days after the Court's order.

## CONCLUSION

For the foregoing reasons, Mr. Moore's motion to compel should be granted, and the FDA required to produce the remaining documents no later than five days after the Court's order.

Respectfully submitted,

_____
Bobby R. Burchfield (D.C. Bar No. 289124)
Jason A. Levine (D.C. Bar No. 449053)
McDermott Will & Emery LLP
600 Thirteenth Street, NW
Washington, D.C. 20005-3096
Tel.: (202) 756-8000
Fax: (202) 756-8087

Edward P. Leibensperger
Jeffrey S. Huang
McDermott Will & Emery LLP
28 State Street
Boston, MA 02109-1775
Tel.: (617) 535-4000
Fax: (617) 535-3800

Date:   September 20, 2006                    *Counsel for Defendant Thomas A. Moore*

---

[1] In addition, Mr. Moore notes that the FDA sought to "confer" with his counsel only on the very afternoon the latest motion to extend time was filed. After representing to this Court, and leading Mr. Moore to believe, that the outstanding document requests would be fully satisfied by September 15, it was inexcusable for the FDA to notify Mr. Moore to the contrary only *thereafter*, on September 18.

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE SUBPOENA IN: )<br>)<br>SECURITIES AND EXCHANGE )<br>COMMISSION, )<br>)<br>Plaintiff, )<br>) MISC. No. 1:06-00380 (JR)<br>v. )<br>) (Related Case: Civ. No. 05-11853-PBS<br>BIOPURE CORPORATION, THOMAS ) Pending in the U.S. District Court<br>MOORE, HOWARD RICHMAN, and JANE ) for the District of Massachusetts)<br>KOBER, )<br>)<br>Defendants. )<br>) | |

## [PROPOSED] ORDER

The Court, having considered *Non-Party United States Food and Drug Administration's* ("FDA") *Second Motion to Extend Time to Respond to Defendant Thomas Moore's Motion to Compel Responses to Subpoenas*, the *Opposition* thereto, and all pertinent argument, hereby:

1. DENIES the FDA's Motion to Extend Time;

2. GRANTS Thomas Moore's aforementioned Motion to Compel; and

3. ORDERS the FDA to produce the remaining documents at issue in the aforementioned Motion to Compel no later than five days from the date of this Order.

_____
James Robertson, U.S.D.J.

Date: _____, 2006

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that copies of the foregoing Opposition of Defendant Thomas A. Moore to Second Motion for Extension of Time was served by First-Class U.S. Mail, postage prepaid, on this 20th day of September, 2006, upon

    Claire Whitaker, Esq.
    Assistant United States Attorney
    Office of the United States Attorney for the District of Columbia
    555 Fourth Street, N.W.
    Washington, D.C. 20001

    Carl Turner, Esq.
    Office of Chief Counsel
    U.S. Food and Drug Administration
    5600 Fishers Lane, Mail Code: GCF-1
    Rockville, MD 20857-0001

    *Counsel for United States Food and Drug Administration*

and upon

    Ian D. Roffman, Esq.
    U.S. Securities and Exchange Commission
    Boston District Office
    33 Arch Street
    Boston, MA 02110

    *Counsel for United States Securities and Exchange Commission*

By: /s/ Jason A. Levine