UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION<br><br>  Plaintiff,<br><br>  v.<br><br>BIOPURE CORPORATION, THOMAS MOORE, HOWARD RICHMAN, and JANE KOBER,<br><br>  Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)  Civil Action No. 05-11853-PBS<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## NOTICE OF FILING

Defendant Thomas A. Moore hereby notifies the Court that he has filed the accompanying Opposition to Second Request for Extension of Time by United States Food and Drug Administration in the U.S. District Court for the District of Columbia.

Respectfully submitted,

Date: September 20, 2006
      Boston Massachusetts

/s/ Jeffrey S. Huang
_____

Edward P. Leibensperger (BBO #292620)
Bobby R. Burchfield (*pro hac vice*)
Jason A. Levine (*pro hac vice*)
Jeffrey S. Huang (BBO# 651854)
MCDERMOTT WILL & EMERY LLP
28 State Street
Boston, Massachusetts 02109
(617) 535-4000 phone
(617) 535-3800 facsimile

*Counsel for Defendant Thomas A. Moore*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE SUBPOENA IN:<br><br>SECURITIES AND EXCHANGE COMMISSION,<br><br>    Plaintiff,<br><br>v.<br><br>BIOPURE CORPORATION, THOMAS MOORE, HOWARD RICHMAN, and JANE KOBER,<br><br>    Defendants. | MISC No. 1:06-00380 (JR)<br><br>(Related Case: Civ. No. 05-11853-PBS Pending in the U.S. District Court for the District of Massachusetts) |

RECEIVED SEP 20 2006 NANCY MAYER WHITTINGTON, CLERK U.S. DISTRICT COURT

## OPPOSITION OF THOMAS A. MOORE TO SECOND REQUEST FOR EXTENSION OF TIME BY UNITED STATES FOOD AND DRUG ADMINISTRATION

The U.S. Food and Drug Administration ("FDA") bases its second request for an extension of time on its belated steps toward satisfying Mr. Moore's motion to compel, and its intention to produce more documents (to the SEC) on October 3. This sounds quite familiar. In its first request for an extension of time, the FDA represented "that the remaining documents, for which the search has not been completed, will be available on or about September 15, 2006." *See* FDA Mot. To Extend Time at 2 (Aug. 21, 2006). Now, a full month later, the FDA has failed to fulfill this pledge, which was the *only* grounds for its extension. The FDA also continues to disregard the discovery schedule in this case, which required the completion of document production by July 1, over *10 weeks* ago. Given the history of the FDA's delays, the inaccurate information the FDA and the SEC have provided to two federal district courts and to Mr. Moore, and the absence of assurance that the FDA will fulfill its discovery obligations even by October 3 – *13 weeks* late – Mr. Moore opposes a second extension of time for the FDA.

Incredibly, the FDA attempts to portray Mr. Moore as unreasonable for filing a motion to compel because he was not "satisfied" with its "schedule for production of documents." *See* FDA 2nd Mot. To Extend Time at 2 (Sept. 18, 2006). On the contrary, Mr. Moore filed his motion precisely because the FDA had *no* schedule, and would not commit to a timeframe for producing many of the documents at issue. *See* Moore Mem. in Support of Mot. To Compel at 6 (Aug. 10, 2006). Indeed, the FDA admits that all of the steps it has taken occurred only "since defendant Moore filed his motion to compel." FDA 2nd Mot. at 2. Plainly, Mr. Moore had no choice but to file his motion to compel, and it has apparently had the effect of causing the FDA to take his discovery requests seriously – but not seriously enough.

Further, although the FDA correctly notes that it sent certain materials to the SEC on September 15 for ultimate production to Mr. Moore (*id.*), he has not yet received these materials, nor will he (based on experience) until September 25 or later. As for the additional 175 pages the FDA "recently identified" (*id.*), they are still being reviewed internally. Even if, hypothetically, the FDA were to produce these documents to the SEC on October 3, Mr. Moore realistically could not expect to receive them until October 13 or later – less than *one week* before the scheduled depositions of FDA staffers. Given that the underlying scheduling order in this case required the production of all documents – including the FDA's – by July 1, the prejudice that these delays are causing Mr. Moore with respect to deposition preparation is plain. In addition, one of Mr. Moore's expert disclosures is contingent upon the full FDA production, and it too is being unduly delayed by the FDA. Of course, the SEC had the benefit of full *ex parte* discovery from the FDA during the investigative phase of this case, and it now stands to gain from whatever impediments Mr. Moore faces in obtaining discovery from the FDA. This

fact renders the FDA's delays, which the SEC has failed to mitigate despite Judge Saris' admonitions, even more egregious.[1]

For these reasons, the FDA is not entitled to approval for *further* delay in satisfying Mr. Moore's nearly six-month old subpoena for an additional three weeks. On the contrary, it would be appropriate for the Court to *grant* Mr. Moore's motion to compel and require the FDA to produce the remaining documents at issue no later than five days after the Court's order.

## CONCLUSION

For the foregoing reasons, Mr. Moore's motion to compel should be granted, and the FDA required to produce the remaining documents no later than five days after the Court's order.

Respectfully submitted,

Bobby R. Burchfield (D.C. Bar No. 289124)
Jason A. Levine (D.C. Bar No. 449053)
McDermott Will & Emery LLP
600 Thirteenth Street, NW
Washington, D.C. 20005-3096
Tel.: (202) 756-8000
Fax: (202) 756-8087

Edward P. Leibensperger
Jeffrey S. Huang
McDermott Will & Emery LLP
28 State Street
Boston, MA 02109-1775
Tel.: (617) 535-4000
Fax: (617) 535-3800

Date:   September 20, 2006                        *Counsel for Defendant Thomas A. Moore*

---

[1] In addition, Mr. Moore notes that the FDA sought to "confer" with his counsel only on the very afternoon the latest motion to extend time was filed. After representing to this Court, and leading Mr. Moore to believe, that the outstanding document requests would be fully satisfied by September 15, it was inexcusable for the FDA to notify Mr. Moore to the contrary only *thereafter*, on September 18.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE SUBPOENA IN: )<br>)<br>SECURITIES AND EXCHANGE )<br>COMMISSION, )<br>)<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>)<br>BIOPURE CORPORATION, THOMAS )<br>MOORE, HOWARD RICHMAN, and JANE )<br>KOBER, )<br>)<br>)<br>Defendants. )<br>) | MISC. No. 1:06-00380 (JR)<br><br>(Related Case: Civ. No. 05-11853-PBS<br>Pending in the U.S. District Court<br>for the District of Massachusetts) |

### [PROPOSED] ORDER

The Court, having considered *Non-Party United States Food and Drug Administration's ("FDA") Second Motion to Extend Time to Respond to Defendant Thomas Moore's Motion to Compel Responses to Subpoenas*, the *Opposition* thereto, and all pertinent argument, hereby:

1. DENIES the FDA's Motion to Extend Time;

2. GRANTS Thomas Moore's aforementioned Motion to Compel; and

3. ORDERS the FDA to produce the remaining documents at issue in the aforementioned Motion to Compel no later than five days from the date of this Order.

_____
James Robertson, U.S.D.J.

Date: _____, 2006

4

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that copies of the foregoing Opposition of Defendant Thomas A. Moore to Second Motion for Extension of Time was served by First-Class U.S. Mail, postage prepaid, on this 20th day of September, 2006, upon

>Claire Whitaker, Esq.
>Assistant United States Attorney
>Office of the United States Attorney for the District of Columbia
>555 Fourth Street, N.W.
>Washington, D.C. 20001
>
>Carl Turner, Esq.
>Office of Chief Counsel
>U.S. Food and Drug Administration
>5600 Fishers Lane, Mail Code: GCF-1
>Rockville, MD 20857-0001
>
>*Counsel for United States Food and Drug Administration*

and upon

>Ian D. Roffman, Esq.
>U.S. Securities and Exchange Commission
>Boston District Office
>33 Arch Street
>Boston, MA 02110
>
>*Counsel for United States Securities and Exchange Commission*

By: _____
Jason A. Levine

ORIGINAL

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | )   MISC. No.06-00380(JR) |
| BIOPURE CORPORATION, THOMAS MOORE, HOWARD RICHMAN, and JANE KOBER, | ) ) ) ) ) |
| Defendants. | ) ) |

NON-PARTY UNITED STATES FOOD AND DRUG ADMINISTRATION'S
SECOND MOTION TO EXTEND TIME TO RESPOND TO DEFENDANT THOMAS
MOORE'S MOTION TO COMPEL RESPONSES TO SUBPOENAS

The U.S. Food and Drug Administration ("FDA") moves this Court for a second extension of time, to and including October 3, 2006, to respond to defendant Thomas Moore's motion to compel responses to his subpoena in connection with the above-captioned case. The FDA's response is presently due on September 18, 2006. Undersigned counsel has attempted to confer with counsel for Mr. Moore, who was unavailable. It is anticipated, however, that this motion will be opposed. As more fully set forth below, the FDA is compelled to request additional time to respond to Mr. Moore's motion.

Thomas Moore, defendant in Securities and Exchange Commission v. Biopure, et al., No. 05-11853-PBS (D.D.C. Mass.), has issued subpoenas to the FDA, for documents and depositions in connection with the above-captioned litigation in the District Court in Massachusetts. After the D.C. Circuit's ruling in Yousuf v. Samantar, 451 F.3d 248 (D.C. Cir. June 16, 2006), holding, inter alia, that a government agency is a person for the purposes of Fed. R. Civ. P. 45, the FDA attempted in good faith to work out a schedule with defendant Moore for production of

RECEIVED
SEP 18 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

nonexempt documents and depositions. Because the FDA was unable to offer a schedule for production of documents that satisfied defendant Moore, he moved this Court to compel responses. On August 21, 2006, the FDA moved for an extension of time, to and including September 18, 2006, to respond to defendant Moore's motion to compel inasmuch as it was attempting to provide the nonexempt documents and to establish a schedule for the depositions of the four FDA employees subpoenaed. That motion was granted on August 25, 2006. R. 4.

FDA continues to work diligently to satisfy defendant Moore's request for documents and testimony, and has accomplished a great deal since defendant Moore filed his motion to compel:

1.  On August 18, 2006, in response to a July 28 letter from defendant Moore to FDA and the Department of Justice, FDA produced approximately 170 pages that supplemented a June 28, 2006, release of approximately 400 pages. These documents were provided to SEC, which thereafter released them to counsel for defendant Moore after they were reviewed by Biopure pursuant to an agreement between Biopure and Moore.

2.  On August 21, 2006, FDA notified counsel for defendant Moore that FDA had approved his request to take the depositions of four FDA employees. The dates for these depositions are currently being finalized and, consistent with counsel for defendant Moore's proposals, several dates in October have been tentatively set for these depositions.

3.  On September 15, 2006, FDA provided counsel for defendant Moore with 200 pages that were responsive to his request for documents concerning the policy of inter-agency cooperation between FDA and SEC. FDA's letter to defendant Moore noted that in addition to the pages being provided directly to Moore, FDA had also sent SEC 581 pages that

supplemented FDA's previous releases and responded to defendant Moore's request for communications between FDA and SEC concerning the defendants. As with other documents, these will be provided to defendant Moore after pre-disclosure review by Biopure Corp.

4.   FDA also informed defendant Moore that approximately 175 additional pages had recently been identified by FDA and FDA was expediting its review so that they could be provided to defendant Moore as soon as possible. FDA representatives are currently reviewing these additional pages, and the documents should be ready for distribution to SEC in the near future.

5.   To the extent any documents were provided to SEC or defendant Moore in redacted form, FDA is finalizing a log of such redactions and it expects to be able to provide that log to Moore by October 3, 2006.

It should also be noted that defendant Moore will have approximately two weeks after the document production before the first of the four deposition commences.

For the foregoing reasons, the FDA moves for a second enlargement of time, to and including October 3, 2006, to respond to defendant Moore's motion to compel.

Accordingly, the FDA moves for an extension of time to respond to defendant Moore's motion to compel, to and including October 3, 2006. After defendant Moore reviews the documents, the FDA is hopeful that there will be no need to continue this litigation.

A proposed order is attached.

Respectfully submitted,

*Kenneth R. Wainstein/dah*
KENNETH L. WAINSTEIN, D.C. Bar # 451058
United States Attorney

3

_____
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

_____
CLAIRE WHITAKER, D.C. Bar # 354530
Assistant United States Attorney
United States Attorneys Office
Civil Division
555 4th Street, N.W., Room E-4204
Washington, D.C. 20530
(202) 514-7137

4

## CERTIFICATE OF SERVICE

I certify that the accompanying motion to extend time to respond to defendant Moore's motion to compel was served upon the following by mail, addressed to:

Steven J. Crimmins, Esq.
John J. Dempsey, Esq.
Bingham McCutchen LLP
1120 20th Street, NW
Suite 800
Washington, DC 20036

Robert A. Buhlman, Esq.
Donald J. Savery, Esq.
Bingham McCutchen LLP
150 Federal Street
Boston, MA 02110

Thomas J. Dougherty, Esq.
Skadden, Arps, Slate, Meagher & Flom LLP
One Beacon Street
Boston, MA 02108

John D. Hughes, Esq.
Edwards & Angell LLP
101 Federal Street
Boston MA 02110

Boby Roy Burchfied
McDermott Will & Emery LLP
600 13th St., N.W.
Washington, D.C. 2005

Edward P. Leibensperger, Esq.
McDermott Will & Emery LLP
28 State Street
Boston, MA 02109

Ian D. Roffman, Esq.
United States Securities and Exchange Commission
Boston District Office
73 Tremont Street, 6th Floor
Boston, MA 02108

5

on this 18th day of September, 2006.

*[signature]*

CLAIRE WHITAKER, D.C. BAR # 354530
Assistant United States Attorney
U.S. Attorney's Office
555 4th Street, N.W. - Civil Division
Washington, D.C. 20530
(202) 514-7137