UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>BIOPURE CORPORATION, THOMAS MOORE, HOWARD RICHMAN, and JANE KOBER,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)  No. 05-11853-PBS<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**OPPOSITION OF THOMAS A. MOORE TO SECURITIES AND EXCHANGE COMMISSION'S MOTION TO SET A SCHEDULE FOR DISCLOSURE OF A REBUTTAL EXPERT REPORT, IF ANY**

The motion of the Securities and Exchange Commission ("SEC") should be denied for three reasons. *First*, the SEC is improperly seeking to benefit from – and worsen – the persistent delays that Mr. Moore has encountered in obtaining discovery from the FDA. The SEC attempts to support its motion by reference to the extension it agreed to for Mr. Moore's disclosure of an expert witness on FDA issues (SEC Mot. at 2 & n.1), without acknowledging that this extension was necessitated by the FDA's continuing failure to satisfy Mr. Moore's *Touhy* request (and subpoena) of *March 24*. Indeed, the FDA's compliance with Mr. Moore's discovery requests has been so dismal and dilatory that he filed a motion to compel in the Washington, D.C. federal district court on August 10, to which the FDA has responded that it will *try* to produce all of its documents on October 3 – more than *three months* after the court-imposed deadline of July 1.[1]

---

[1] Mr. Moore has apprised the Court of the motion to compel through several Notices of Filing. *See* Dkt. Nos. 109, 110, 111, 119.

Meanwhile, instead of helping Mr. Moore obtain discovery from the FDA, the SEC has repeatedly assured him that, after one production made just before July 1, the FDA had no more responsive documents. Yet Mr. Moore's motion to compel revealed that the FDA in fact still had substantial responsive materials that it had not yet even collected, much less produced.[2] Importantly, the delays, misinformation, and obstructions of the FDA and the SEC have occurred *despite* this Court's admonitions at the Scheduling Conference of March 16 that the FDA should comply with discovery requests "immediately," and that the SEC should *help* defendants obtain discovery or its case "is going to suffer." *See* Mar. 16, 2006 Tr. at 7, 9-10 (Ex. 1). In view of these events, the SEC should not now be permitted to benefit from the prejudicial discovery delays of the FDA, which the SEC abetted rather than mitigated.

*Second*, the SEC's motion conflicts with the consented-to Scheduling Order set by the Court on March 16 (Ex. 2), which did *not* provide for expert rebuttal reports. The law is plain that "when there is a discovery plan covering expert disclosures, the plan controls and not the explicit provisions of Rule 26(a)(2)(C)." *Akeva LLC v. Mizuno Corp.*, 212 F.R.D. 306, 310 (M.D.N.C. 2002) (denying request to make rebuttal expert disclosure not provided for in scheduling order). *See also* 6 James Wm. Moore *et al.*, *Moore's Federal Practice* § 26.23[1] (3d ed. 2006) ("if a Rule 16 scheduling order has been entered in the case . . . the provisions of the scheduling order and Rule 16 control" expert witness disclosures – *not* Rule 26(a)(2)). The SEC apparently believes that Fed. R. Civ. P. 26(a)(3)(C) trumps the Scheduling Order (SEC Mot. at 1,

---

[2] Relatedly, the SEC propounded an inter-agency document request to the FDA that duplicated several categories in Mr. Moore's *Touhy* request, to help speed the document production, but the SEC refused to include two categories (involving SEC-FDA communications) because it claimed that it had already provided Mr. Moore with all possibly responsive documents. In responding to Mr. Moore's motion to compel, however, the FDA produced several dozen documents in these categories that had *not* been provided by the SEC. In this respect, the SEC actually obstructed Mr. Moore's discovery efforts.

3), but the opposite is true. No expert rebuttal disclosure is permitted. Moreover, the SEC effectively waived expert testimony on the market-focused issues – namely, causation and materiality – addressed by Professor Gompers. The SEC bears the burden on proof on these issues, and thus should have disclosed its expert testimony – if any – "*before* other parties [were] required to make their expert disclosures." Fed. R. Civ. P. 26(a)(2), 1993 Adv. Comm. Notes.[3] The SEC's failure to provide an initial expert disclosure on these issues should not be rewarded.

*Finally*, the SEC does not acknowledge or address the significant prejudice that its requested relief would cause Mr. Moore. On March 16, the Court set a discovery deadline of October 31 and a trial date of January 15, 2007. If a rebuttal expert disclosure were scheduled for November 3 – *after* the current discovery deadline – the process of obtaining documents and deposing the witness would inevitably drag into late November or early December. During this time, Mr. Moore's intended motion for summary judgment would be correspondingly delayed, because it would need to account for the deposition of the rebuttal expert. The Court, however, made plain during the Scheduling Conference that such a delay would be most disadvantageous to Mr. Moore. Specifically, the Court stated that "*if you want to file another motion for summary judgment, you probably will need to do that really early on. Don't do it at the last minute.*" See March 16, 2006 Tr. at 24 (emphasis added). Accordingly, although Mr. Moore submits that the SEC is not entitled to a rebuttal expert disclosure at all, if one is permitted it should be due no later than October 7, with appropriate assurances of the witness's availability for deposition by or on October 31.

---

[3] Courts within the First Circuit regularly rely upon the Advisory Committee Notes when deciding procedural issues. *See, e.g., Ortiz-Lopez v Sociedad Espanola de Auxilio Mutuo y Beneficiencia de Puerto Rico*, 248 F.3d 29, 33 (1st Cir. 2001) (citing the Notes to Rule 37 when determining whether to impose sanctions); *In re Pharmaceutical Indus. Average Wholesale Price Litig.*, 230 F.R.D. 61, 80 (D. Mass. 2005) (Saris, J.) (relying on the Notes for Rule 23 to deny certification of a certain class).

## CONCLUSION

For the foregoing reasons, the SEC should be barred from submitting a rebuttal expert disclosure, or at most should be required to make this submission by October 7, 2006.

Respectfully submitted,

/s/ Jason A. Levine

Edward P. Leibensperger
Jeffrey S. Huang
MCDERMOTT WILL & EMERY LLP
28 State Street
Boston, MA 02109-1775
Tel.: (617) 535-4000

Bobby R. Burchfield
Jason A. Levine
MCDERMOTT WILL & EMERY LLP
600 Thirteenth Street, NW
Washington, D.C. 20005-3096
Tel.: (202) 756-8000

Date: September 22, 2006

*Counsel for Defendant Thomas A. Moore*

# EXHIBIT 1

Case 1:05-cv-11853-PBS    Document 120-2    Filed 09/22/2006    Page 1 of 5

Page 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

SECURITIES AND EXCHANGE COMMISSION,  )
                                     )
            Plaintiff                )
                                     )
    -VS-                             ) CA No. 05-11853-PBS
                                     ) Pages 1 - 27
BIOPURE CORPORATION, et al,          )
                                     )
            Defendants               )

STATUS CONFERENCE

BEFORE THE HONORABLE PATTI B. SARIS
UNITED STATES DISTRICT JUDGE

United States District Court
1 Courthouse Way, Courtroom 19
Boston, Massachusetts
March 16, 2006, 3:30 p.m.

LEE A. MARZILLI
OFFICIAL COURT REPORTER
United States District Court
1 Courthouse Way, Room 3205
Boston, MA  02210
(617)345-6787

Page 7

1   the SEC is going to have a problem, okay. But follow the
2   rule because without that, I'm going to deny any request for
3   a continuance. The rule has been there from the beginning of
4   time.
5           Now, maybe you didn't know about it then, but you
6   sure know about it now, and I don't understand why you
7   haven't followed the rule. That puts the laboring oar on
8   them to do it in a timely way by the time a federal judge has
9   scheduled the trial.
10          Let me ask you this: Is there any principled
11  reason why the FDA hasn't complied other than this
12  regulation? I mean, is there something like national
13  security, terrorism, something I'm not familiar with?
14          MR. ROFFMAN: Your Honor, it's actually all of
15  them. There's two separate issues. One is documents, and
16  the other is depositions. For depositions, it really is,
17  they just haven't followed the rule. And as soon as they
18  submit the request, the FDA will process it, and I think that
19  they'll be able to get the depositions.
20          THE COURT: Immediately, immediately, I mean,
21  because they can't -- you know, I know the federal
22  government, okay. I used to be chief of civil in the U.S.
23  Attorney's office a million years ago, and also -- also --
24  I've been a judge now for twelve years here, twenty years all
25  together, okay? So it can't be when the agency gets around

Page 9

1    addressed to the Commissioner of the FDA.

2              THE COURT:  Would you help because your case is
3    going to suffer?

4              MR. ROFFMAN:  I will.  And if they've done it, I've
5    never seen it.

6              THE COURT:  Do you have the letter that you've
7    written?

8              MS. FLEMING:  I don't have the letter with me, your
9    Honor.  I have the footnote which refers to the steps --

10             THE COURT:  You know, the briefing was annoying
11   because it was talking -- it's a very -- it puts the thing in
12   a totally different setting when you're talking about due
13   process clause and you don't tell me you followed the
14   regulation.  So why don't you file with me exactly what you
15   did on the Touhy regulation, all right?

16             MS. FLEMING:  We will do it, your Honor.  We will
17   do it.

18             THE COURT:  So let's assume that they've done it.
19   What is the FDA telling you about how quickly they can get a
20   turnaround on it?

21             MR. ROFFMAN:  Well, can I just address the
22   documents for a second because I think that's a separate
23   issue.  The FDA really has an agencywide and, I think,
24   legitimate concern about documents because they get
25   subpoenas, Congressional requests, terrorism-related

9f710079-b8d3-4592-a64a-0ab673502085

1  requests, and they have an enormous backlog. But what we can
2  do to try and get through that is -- and I've spoken briefly
3  with Mr. Moore's counsel about this -- if the defendants can
4  have what's a reasonable narrowly tailored request, there is
5  a regulation which allows us as another federal agency to
6  request outside of the FOIA regulations, and we will make the
7  request for those documents.
8       THE COURT: This isn't FOIA. This is discovery.
9  We're not talking FOIA; we're talking discovery. And so what
10 T does she have to cross and I to dot to get the documents,
11 the Touhy regulations again?
12      MR. ROFFMAN: Again, it's the Touhy regulations.
13      THE COURT: Has she done that?
14      MR. ROFFMAN: With the Touhy regulations, the FDA
15 takes the position, as they're entitled to under the law,
16 that a document subpoena gets put in the FOIA cue.
17      THE COURT: You know what? I'll find them in
18 contempt. They'll subpoena the stuff to court here. That's
19 not acceptable. Now, it has to be narrowly tailored. I'll
20 be sympathetic if it's everything but the kitchen sink, but
21 if there's an ongoing trial which the government is pressing
22 forward with, they can't do that.
23      MR. ROFFMAN: As long as it's narrowly tailored, we
24 can get the documents.
25      THE COURT: Good.

# EXHIBIT 2

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | : | |
| Plaintiff, | : | Civ. A No. 05-11853-PBS |
| v. | : | |
| BIOPURE CORPORATION, THOMAS MOORE, HOWARD RICHMAN, and JANE KOBER | : | |
| Defendants. | : | |

### [PROPOSED] JOINT SCHEDULING ORDER

Pursuant to Fed. R. Civ. P. 26(f), Local Rule 16.1 and this Court's Order, dated March 16, 2006, counsel for Plaintiff Securities and Exchange Commission ("Commission"), counsel for Defendant Thomas Moore, and counsel for defendant Howard Richman respectfully submit this proposed Joint Scheduling Order.

| | |
|---|---|
| Deadline to Make Document Requests | May 15, 2006 |
| Deadline to Complete Document Discovery | July 1, 2006 |
| Defendants' expert disclosure | August 15, 2006 |
| Discovery cut-off | October 31, 2006 |
| Final pre-trial Conference | January 9, 2007, 2:00 pm |

Dated: March 27, 2006  
      Boston, Massachusetts

Respectfully submitted,

/s/ Ian D. Roffman  
Ian D. Roffman (BBO #637564)  
R. Daniel O'Connor (BBO# 634207)  
Ellen Bober Moynihan (BBO# 567598)  
33 Arch Street  
Boston, Massachusetts 02110-1424  
(617) 573-8900, ext. 8987 (Roffman)

COUNSEL FOR PLAINTIFF  
SECURITIES AND EXCHANGE COMMISSION

/s/ Cathy A. Fleming  
John D. Hughes (BBO #243660)  
Cathy A. Fleming  
Mary Patricia Cormier (BBO #635756)  
EDWARDS, ANGELL, PALMER & DODGE LLP  
111 Huntington Ave  
Boston, MA 02199  
(617) 439-4444

COUNSEL FOR DEFENDANT  
HOWARD RICHMAN

/s/ Bobby R. Burchfield  
Edward P. Leibensperger (BBO# 292620)  
Jeffrey S. Huang (BBO# 651854)  
MCDERMOTT, WILL & EMERY LLP  
28 State Street  
Boston, MA 02109-1775  
(617) 535-4046

Bobby R. Burchfield  
Jason A. Levine  
MCDERMOTT WILL & EMERY LLP  
Washington D.C. 20005-3096  
(202) 756 - 8000

COUNSEL FOR DEFENDANT  
THOMAS MOORE

*Served Electronically*