UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                            :
SECURITIES AND EXCHANGE COMMISSION,         :
                                            :
                  Plaintiff,                :   Civ. A No. 05-11853-PBS
         v.                                 :
                                            :
BIOPURE CORPORATION,                        :
THOMAS MOORE, HOWARD RICHMAN,               :
and JANE KOBER                              :
                                            :
                  Defendants.               :
_____ :

### SECURITIES AND EXCHANGE COMMISSION'S REPLY IN SUPPORT OF ITS MOTION TO SET A SCHEDULE FOR DISCLOSURE OF A REBUTTAL EXPERT REPORT, IF ANY

Plaintiff Securities and Exchange Commission ("Commission") respectfully submits this short reply to defendant Moore's Opposition to the Commission's Motion to Set a Schedule for Disclosure of a Rebuttal Expert. Ordinarily, a reply would not be necessary on the straight-forward issue now pending before this Court. In this case, however, the Commission respectfully seeks to address several statements made in defendant Moore's Opposition.

First, the status of document productions by the FDA is unrelated to the schedule for expert rebuttal disclosures on the subject of market reaction to Biopure's disclosures. The Commission seeks a short extension because defendant's expert's schedule necessitated a short delay in his deposition.

Second, the Commission did not previously raise the possibility of a rebuttal expert because the Commission did not expect disclosure of opinions by an economist, as defendant Moore recently disclosed. In the more than three years since the Commission began its investigation, defendant Moore had not previously raised a defense based on market reaction to

disclosures.  Indeed, defendant Moore made two submissions to the Commission requesting that no action be instituted against him -- one included purported expert opinions on a different subject -- but neither submission raised the type of market reaction defense that he has now disclosed.  The Commission does not object to his right to argue this defense now.  But the Commission should not be deprived of an opportunity to respond on a reasonable time schedule. *See Rmed Intern., Inc. v. Sloan's Supermarkets, Inc.*, No. 94-civ-5587(PKL)(RLE), 2002 WL 31780188, *3-4 (S.D.N.Y.  Dec. 11, 2002) (allowing disclosure of a rebuttal expert one month before trial and holding that "[e]xclusion of expert testimony is a 'drastic rememdy.'") (citations omitted).

      Finally, although not directly related to the schedule for a rebuttal expert now pending before this Court, defendant Moore makes an *ad hominem* accusation that Commission has obstructed his efforts to obtain discovery from the FDA.  <u>The Commission has not obstructed any discovery</u>.  To the contrary, the Commission has worked diligently and in good faith to facilitate FDA discovery.  In addition to submitting an inter-agency request to the FDA for the production of documents to defendant Moore, Commission counsel also worked continuously with defendant Moore's counsel, FDA counsel and counsel for Biopure (with whom defendant Moore has a separate agreement governing Biopure's confidential information that may be produced by the FDA) to facilitate, expedite and execute the FDA's production.  The FDA's production has taken longer than expected, but not because of obstruction or bad-faith.  Rather, the production requires that the FDA locate responsive documents and then perform a substantive review of each page for potential trade secret and confidential commercial information.  Then, pursuant to defendant Moore's agreement with Biopure (to which neither the

FDA nor the Commission are parties), Biopure reviews the production and has the option to further make confidentiality designations prior to production to Moore. This is a time-consuming process, but the Commission and to the best of the Commission's knowledge, the FDA have faithfully participated in it.

Defendant Moore's accusation that the Commission "actually obstructed" his efforts to obtain communications between the FDA and the Commission is also unfounded. The Commission produced such communications to defendants in this litigation. In a conference call between the parties' counsel about the FDA making a further production of these communications, Commission counsel took the position that it was unnecessary and burdensome to require the FDA to produce the same documents that the Commission had already produced and that it made more sense first, to determine whether there were responsive documents that had not yet been produced and then, to seek those from the FDA. That is what happened. The "several dozen documents" whose production defendant Moore accuses the Commission of obstructing consist of: internal FDA documents about its relationship with the Commission that are unrelated to Biopure, some general FDA-SEC training materials that are unrelated to Biopure, a letter from the FDA to the Commission about Biopure dating from before the relevant period, and a cover letter from the FDA granting the Commission permission to produce a document to defendants. There is simply no basis to accuse the Commission of any misconduct in connection with these documents.

Accordingly, for the foregoing reasons, in addition to the reasons stated in the Commission's Motion to Set a Schedule for Disclosure of a Rebuttal Expert, If Any, the

Commission respectfully requests that this Court set a deadline of November 3, 2006 for expert disclosure in rebuttal to Prof. Gompers's report, if any.

Dated: September 25, 2006
       Boston, Massachusetts               Respectfully submitted,


                                                  /s/ Ian D. Roffman
                                          Ian D. Roffman (BBO #637564)
                                          R. Daniel O'Connor (BBO# 634207)
                                          Ellen Bober Moynihan (BBO#  567598)
                                          33 Arch Street
                                          Boston, Massachusetts 02110-1424
                                          (617) 573-8987 (Roffman)
                                          Counsel for Plaintiff
                                          Securities and Exchange Commission

*Served Electronically by ECF*