## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION | ) )  ) |
| Plaintiff, | ) ) |
| v. | )   Civil Action No. 05-11853-PBS |
| | ) |
| BIOPURE CORPORATION, THOMAS MOORE, HOWARD RICHMAN, and JANE KOBER, | ) ) ) ) |
| Defendants. | ) ) |

### NOTICE OF FILING

Defendant Thomas A. Moore hereby notifies the Court that he has filed the

accompanying Emergency Motion for Hearing on Motion to Compel in the U.S. District Court

for the District of Columbia.

Respectfully submitted,

Date:  August 23, 2006
      Boston Massachusetts

       /s/ Jeffrey S. Huang
Edward P. Leibensperger (BBO #292620)
Bobby R. Burchfield (*pro hac vice*)
Jason A. Levine (*pro hac vice*)
Jeffrey S. Huang (BBO# 651854)
MCDERMOTT WILL & EMERY LLP
28 State Street
Boston, Massachusetts  02109
(617) 535-4000 phone
(617) 535-3800 facsimile

*Counsel for Defendant Thomas A. Moore*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Misc. No. 1:06-00380 (JR) |
| | ) | |
| BIOPURE CORPORATION, THOMAS MOORE, HOWARD RICHMAN, and JANE KOBER, | ) ) ) ) | (Related Case: Civ. No. 05-11853-PBS Pending in the U.S. District Court for the District of Massachusetts) |
| Defendants. | ) ) ) ) | |

## DEFENDANT THOMAS A. MOORE'S EMERGENCY REQUEST
## FOR HEARING ON MOTION TO COMPEL

Despite its documented history of delay in responding to Mr. Moore's March 24, 2006 *Touhy* Request, the U.S. Food and Drug Administration ("FDA") contended on October 3, 2006 that it had "adequately addressed" all of the issues and matters raised in Mr. Moore's August 10, 2006 Motion to Compel. See Exhibit A, p. 7 (FDA's Opposition to Defendant's Motion to Compel). Mr. Moore's Reply noted that FDA's "tepid and subjective assessment is wholly inadequate assurance that the FDA has actually satisfied Mr. Moore's discovery requests." See Exhibit B, p. 1 (Defendant's Reply to FDA's Opposition). Regardless, Mr. Moore's counsel subsequently proceeded in good faith to schedule and take the depositions of critical FDA staffers.

On Sunday, October 22, 2006, the Securities and Exchange Commission informed Mr. Moore's counsel that FDA would be producing additional, newly discovered responsive documents – despite the fact that Mr. Moore's counsel was to depose Franklin Stephenson of FDA the following morning on Monday, October 23, 2006 (and had already deposed Dr.

Laurence Landow). Indeed, more than halfway through Stephenson's deposition, FDA indicated that these additional documents were still forthcoming. FDA's previous and persistent delay results in continued prejudice to Mr. Moore, and it is now apparent that FDA's contentions are no assurance at all.

In view of FDA's continuing failure to fulfill its discovery obligations in responding to Mr. Moore's *Touhy* Request and parallel subpoenas, FDA is now attempting to persuade the parties that they should delay the discovery deadline in this case. Such a delay would have significant repercussions on the timing and filing of summary judgment motions, the pre-trial conference, and ultimately, the trial itself. Mr. Moore therefore seeks an emergency hearing on his August 10, 2006 Motion to Compel (attached as Exhibit C).

Respectfully submitted,

/s/ Bobby R. Burchfield

Bobby R. Burchfield
Jason A. Levine
MCDERMOTT WILL & EMERY LLP
600 Thirteenth Street, NW
Washington, D.C. 20005-3096
Tel.: (202) 756-8000

Edward P. Leibensperger
Jeffrey S. Huang
MCDERMOTT WILL & EMERY LLP
28 State Street
Boston, MA 02109-1775
Tel.: (617) 535-4000

Date: October 23, 2006                    *Counsel for Defendant Thomas A. Moore*

2

<u>**CERTIFICATE OF SERVICE**</u>

I HEREBY CERTIFY that copies of the foregoing Emergency Request for Hearing on Motion to Compel was served by first-class mail, postage pre-paid, on this 23rd day of October, 2006 upon:

> Claire Whitaker, Esq.
> Assistant United States Attorney
> Office of the U.S. Attorney for the District of Columbia
>
> Michael Shane, Esq.
> Office of Chief Counsel
> U.S. Food and Drug Administration
> 5600 Fishers Lane, Mail Code: GCF-1
> Rockville, MD 20857-0001
>
> *Counsel for United States Food and Drug Administration*

and by Federal Express, overnight delivery, upon:

> Ian D. Roffman, Esq.
> U.S. Securities and Exchange Commission
> Boston District Office
> 33 Arch Street
> Boston, MA 02110
>
> *Counsel for United States Securities and Exchange Commission*

By:      /s/ Jeffrey S. Huang
        Jeffrey S. Huang

3

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
SECURITIES AND EXCHANGE         )
COMMISSION,                     )
                                )
          Plaintiff,            )
                                )
     v.                         )    Misc. No. 1:06-00380(JR)
                                )
BIOPURE CORPORATION, THOMAS     )
MOORE, HOWARD RICHMAN, and      )
JANE KOBER,                     )
                                )
          Defendants.           )
_____)
```

## NON-PARTY UNITED STATES FOOD AND DRUG ADMINISTRATION'S OPPOSITION TO DEFENDANT THOMAS MOORE'S MOTION TO COMPEL

The United States Food and Drug Administration ("FDA"), by and through its

undersigned counsel, respectfully submits this opposition to defendant Thomas Moore's motion

to compel compliance with Moore's third-party subpoenas for documents and testimony from

FDA employees. As detailed below, FDA has addressed the issues raised in Moore's motion by

providing documents responsive to Moore's third-party subpoenas and complying with Moore's

request to take the depositions of four FDA employees. Because FDA has complied with

Moore's discovery requests, the pending motion should be denied as moot.

### I. BACKGROUND

Thomas Moore is one of the remaining defendants in a civil enforcement action filed by

the Securities and Exchange Commission ("SEC") in the United States District Court for the

District of Massachusetts. See SEC v. Biopure, et al., Civ. No. 05-11853 (D. Mass. filed Sept.

14, 2005). SEC's complaint alleges, among other things, that Biopure Corporation and several

of its current and former executives, including Moore, violated securities laws by

misrepresenting the status of biologic license applications pending with FDA. Id. FDA is not a

party to the case. Moreover, FDA has not participated in any of the pretrial scheduling

conferences referenced in Moore's motion to compel.

FDA, however, did provide documents to SEC, pursuant to 21 C.F.R. § 20.85, during the

course of its investigation, and permitted three employees to be deposed by SEC after receiving

written requests from SEC in accordance with FDA regulations. See 21 C.F.R. § 20.1; see also

Ex. A, Declaration Gilliam B. Conley, Director of the Division of Inspections and Surveillance,

FDA, Center for Biologics Evaluation and Research ("CBER"), Office of Compliance and

Biologics Quality (hereinafter "Conley Decl.") at ¶ 7. After SEC initiated its case in 2005, SEC

asked FDA for permission to release copies of the documents obtained from FDA, and

transcripts of the SEC's investigatory depositions of FDA employees. Id. at ¶ 8. FDA granted

SEC's request, and redacted copies of the documents and transcripts were subsequently provided

to the defendants. Id.

On March 24, 2006, Moore requested additional documents and testimony from FDA

pursuant to its disclosure regulations, 21 C.F.R. §§ 20.2 and 20.1. See Moore Mot. Compel, Exs.

1-6. Moore's request for documents identified nine separate categories of documents. Id.

Simultaneously, Moore issued third-party subpoenas for such documents and testimony to FDA.

Id.

On April 3, 2006, FDA informed Moore that, pursuant to then-applicable precedent

concerning the applicability of Rule 45 to federal agencies, see SEC v. Biopure et al., Misc. No.

05-00506, (D.D.C. Jan. 20, 2006), his subpoenas were unenforceable on FDA. See Moore Mot.

Compel, Ex. 7. FDA also explained why complying with the subpoenas would be unduly

2

burdensome. Id. FDA noted, however, that Moore's requests for testimony and documents

pursuant to 21 C.F.R. §§ 20.2 and 20.1 would be reviewed in accordance with agency

procedures. Id.

In an effort to obtain documents for Moore in an expedited manner, SEC requested the

documents from FDA under 21 C.F.R. § 20.85, which authorizes FDA to provide documents to

other federal agencies. See Ex. A, Conley Decl. at ¶¶ 3, 10. SEC's request, dated April 21,

2006, sought seven of the nine categories of documents identified in Moore's request to FDA.

See Moore Mot. Compel, Ex. 8. SEC did not request (1) communications between FDA and

SEC concerning the defendants in SEC's case, and (2) documents concerning the policy of inter-

agency cooperation between FDA and SEC. Id. at ¶ 10.

Upon receiving SEC's request, FDA completed a thorough search to obtain responsive

documents, which included direct contact with each of the FDA employees identified in Moore's

subpoenas. Id. at ¶ 11. On June 28, 2006, FDA provided SEC with approximately 400 pages

that were responsive to SEC's request for documents under 21 C.F.R. § 20.85. Ex. B, June 28,

2006 Correspondence from FDA to SEC. In providing the documents to SEC, FDA noted that

trade secret information had been redacted from some of the documents pursuant to 21 U.S.C.

331(j), which prevents the release of such information. Id. However, deliberative process

information was not redacted, nor was Biopure's confidential commercial information. Id.

Because the documents contained significant commercial information belonging to Biopure,

SEC was not permitted to release the documents directly to Moore until Biopure had reviewed

the documents and consented to their release. Id.

3

Shortly before these documents were received by Moore, the Court of Appeals for the

D.C. Circuit issued an order in an unrelated case that held that the government was subject to

Rule 45 subpoenas. See Yousuf v. Samantar, 451 F.3d 248 (D.C. Cir. 2006); Moore Mot.

Compel, Ex. 16. Consistent with this development, FDA initiated a search for documents

responsive to the two categories of documents that were in Moore's subpoenas, but omitted from

SEC's request under 21 C.F.R. § 20.85. Ex. A, Conley Decl. at ¶ 13; see also Ex. C, Declaration

of Beth Brockner Ryan, Chief of the Access Litigation and Freedom of Information Branch,

Office of Communication, Training and Manufacturers Assistance, CBER, FDA (hereinafter

"Brockner Ryan Decl.") at ¶¶ 8-9; and Ex. D, Declaration of Anne Smith, Testimony Specialist,

FDA's Office of Regulatory Affairs, Office of Enforcement, Division of Compliance Policy

(hereinafter "Smith Decl.") at ¶ 6.

On July 28, 2006, Moore requested the production of additional documents, such as

email attachments, that Moore believed should have been provided with FDA's June 28, 2006

response. See Moore Mot. Compel, Ex. 17. After receiving this request, FDA reviewed the

documents provided and confirmed that certain attachments were indeed missing. See Ex. A,

Conley Decl. at ¶ 14. On August 17, 2006, FDA provided SEC with approximately 170 pages of

additional documents in response to Moore's July 28, 2006 request. Id. at ¶ 16. Consistent with

FDA's June 28, 2006 release, these documents were redacted prior to being released to SEC.

Thereafter, SEC was permitted to release the documents to Moore after pre-release review by

Biopure of its confidential commercial information. Id.

On August 10, 2006, before receiving the additional documents being assembled by

FDA, Moore filed the instant motion to compel. Moore's motion noted that certain attachments

4

were missing from documents provided by FDA. Moore Mot. Compel at 5-6. Moore stated that

FDA had not provided documents responsive to two categories identified in his subpoenas: (1)

communications between FDA and SEC concerning the defendants in SEC's case, and (2)

documents concerning the policy of inter-agency cooperation between FDA and SEC. Id.

Finally, Moore's motion asserted that FDA had not responded to his request to take the

depositions of several FDA employees. Id.

On August 21, 2006, FDA notified Moore that FDA had approved his request to take the

depositions of four FDA employees. See Ex. E, August 21 Correspondence from FDA to

Moore. These depositions are presently scheduled to take place this month.

On September 14, 2006, the Department of Justice ("DOJ"), on behalf of FDA, provided

counsel for Moore with 200 pages that were responsive to his request for documents concerning

the policy of inter-agency cooperation between FDA and SEC. Ex. F, September 14

Correspondence to Moore; Ex. D, Smith Decl. at ¶ 9. Because these documents did not contain

any confidential commercial information of Biopure's, they were provided directly to Moore.

Id.

Also on September 14, 2006, FDA sent 581 pages to SEC for release to Moore after pre-

release review by Biopure. Ex. G, September 14, 2006 Correspondence from FDA to SEC. The

581 pages included, in part, documents obtained in response to Moore's subpoena request for

communications between FDA and SEC concerning the defendants. See Ex. A, Conley Decl. at

¶ 19; Ex. C, Brockner Ryan Decl. at ¶ 10. The September 14, 2006 release also included

documents provided by an FDA employee who conducted a supplemental search for documents.

Ex. C, Conley Decl. at ¶ 19.

In addition, on September 22, 2006, FDA provided SEC with 122 additional pages that had been located by a second FDA employee who had completed supplemental search for documents. Ex. H, September 22, 2006 Correspondence from FDA to SEC. The September 22, 2006 release contained 122 pages because some of the newly-obtained documents were found to be non-responsive or duplicative. See Ex. C, Brockner Ryan Decl. at ¶ 12. As with FDA's releases on June 28, August 18, and September 14, 2006, these additional documents were redacted to prevent the release of trade secret information or information that is otherwise privileged. Id.[1] Similarly, because confidential commercial information belonging to Biopure was not redacted, the documents could only be released to Moore after pre-release review by Biopure. See Ex. H.

## II. ARGUMENT

District courts have broad discretion in reviewing discovery matters. Brune v. Internal Revenue Service, 861 F.2d 1284, 1288 (D.C. Cir. 1988); In re Multi-Piece Rim Products Liability Litigation, 653 F.2d 671, 679 (D.C. Cir. 1981) (affirming district court decision to deny motion to compel discovery from non-party witnesses). Suffice it to say, in the present situation, where the information sought in the subpoena and in the motion to compel has been provided, plaintiff's motion to compel is rendered moot.

As detailed below, FDA, a federal agency that is not a party to the underlying action, has worked diligently to comply with Moore's extensive requests for documents and testimony, and has addressed all of the matters raised in his motion to compel.

First, on June 28, 2006, FDA provided approximately 400 pages that responded to seven of the nine categories of documents identified in Moore's subpoenas. These documents were

---

[1] Privilege logs for all releases are attached as Exhibit I, hereto.

6

provided to SEC for subsequent release to Moore after pre-release review by Biopure.

Second, after being notified by Moore that FDA's June 28, 2006 release omitted certain e-mail attachments, FDA located the missing attachments and provided them to SEC for release to Moore.

Third, on August 21, 2006, FDA notified Moore that FDA had approved his request to take the depositions of FDA employees. FDA and Moore have tentatively set the depositions for October 17, 19, 23, 24, and 26.

Fourth, to the extent FDA's June 28, 2006 release did not contain documents responsive to two of the nine categories of documents identified in Moore's subpoenas, FDA located responsive documents and, on September 14, 2006, provided them either directly to Moore or to SEC for release to Moore after pre-release review by Biopure.

Fifth, on September 14 and September 22, 2006, FDA provided several hundred additional pages to SEC for release to Moore after Biopure review. These additional documents had recently been obtained from FDA employees who had completed supplemental searches for responsive materials.

FDA's efforts, both before and after Moore filed the instant motion, demonstrate a rigorous, good faith effort to comply with Moore's requests. Because the issues raised in Moore's request have been adequately addressed by FDA, and FDA has complied with Moore's requests for documents and testimony, Moore's motion should be denied as moot.

## III. CONCLUSION

For the foregoing reasons, defendant Moore's motion to compel should be denied as moot.

Respectfully submitted,

JEFFREY A. TAYLOR , D.C. Bar # 498610
United States Attorney

RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

CLAIRE WHITAKER, D.C. Bar # 354530
Assistant United States Attorney
United States Attorneys Office
Civil Division
555 4th Street, N.W., Room E-4204
Washington, D.C. 20530
(202) 514-7137

OF COUNSEL:
Daniel Meron
General Counsel

Sheldon T. Bradshaw
Chief Counsel
Food and Drug Division

Eric M. Blumberg
Deputy Chief Counsel, Litigation

Michael Shane
Associate Chief Counsel
United States Department of
Health and Human Services
Office of the General Counsel

9

## CERTIFICATE OF SERVICE

I certify that the accompanying Non-party FDA's Opposition to Defendant's Moore's

Motion to Compel was served on:

Steven J. Crimmins, Esq.
John J. Dempsey, Esq.
Bingham McCutchen LLP
1120 20th Street, NW
Suite 800
Washington, DC 20036

Robert A. Buhlman, Esq.
Donald J. Savery, Esq.
Bingham McCutchen LLP
150 Federal Street
Boston, MA 02110

Thomas J. Dougherty, Esq.
Skadden, Arps, Slate, Meagher & Flom LLP
One Beacon Street
Boston, MA 02108

John D. Hughes, Esq.
Edwards & Angell LLP
101 Federal Street
Boston MA 02110

Bobby Roy Burchfield, Esq.
Jason Levine, Esq.
McDermott Will & Emery LLP
600 13th St., N.W.
Washington, D.C. 20005

Edward P. Leibensperger, Esq.
McDermott Will & Emery LLP
28 State Street
Boston, MA 02109

Ian D. Roffman, Esq.
United States Securities and Exchange Commission
33 Arch St., 23rd Floor
Boston, MA 02110-1424

by first class mail, prepaid, this 3rd day of October, 2006.

CLAIRE WHITAKER, D.C. BAR # 354530
Assistant United States Attorney
U.S. Attorney's Office
555 4th Street, N.W. - Civil Division
Washington, D.C. 20530
(202) 514-7137

11

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE SUBPOENA IN:　　　　　　　　　　) | |
| 　　　　　　　　　　　　　　　　　　　) | |
| SECURITIES AND EXCHANGE　　　　　　) | |
| COMMISSION,　　　　　　　　　　　　) | |
| 　　　　　　　　　　　　　　　　　　　) | |
| 　　　　　Plaintiff,　　　　　　　　　　) | MISC No. 1:06-00380 (JR) |
| 　　　　　　　　　　　　　　　　　　　) | |
| 　　　　　v.　　　　　　　　　　　　　) | (Related Case: Civ. No. 05-11853-PBS |
| 　　　　　　　　　　　　　　　　　　　) | Pending in the U.S. District Court |
| BIOPURE CORPORATION, THOMAS　　　) | for the District of Massachusetts) |
| MOORE, HOWARD RICHMAN, and JANE　) | |
| KOBER,　　　　　　　　　　　　　　　) | **Expedited Hearing Requested** |
| 　　　　　　　　　　　　　　　　　　　) | |
| 　　　　　Defendants.　　　　　　　　　) | |
| 　　　　　　　　　　　　　　　　　　　) | |

## REPLY OF THOMAS A. MOORE TO NON-PARTY UNITED STATES FOOD AND DRUG ADMINISTRATION'S OPPOSITION TO DEFENDANT THOMAS MOORE'S MOTION TO COMPEL

After nearly two months of delay, the U.S. Food and Drug Administration ("FDA") has filed its formal opposition to Thomas Moore's Motion to Compel, dated August 10, 2006. Notably, despite its many attestations of good faith -- and very late -- effort, the FDA fails to certify that it has in fact completed its document collection, review, and production in response to Mr. Moore's subpoena and *Touhy* request of March 24, 2006. At most, the FDA states only that it has "adequately addressed" Mr. Moore's Motion. This tepid and subjective assessment is wholly inadequate assurance that the FDA has actually satisfied Mr. Moore's discovery requests.

On October 6, the day on which Mr. Moore received the FDA's brief, his counsel reiterated to the FDA the need for certification that it has in fact completed its document discovery efforts, and counsel offered to stay the Motion to Compel pending the upcoming depositions of four FDA staffers on October 17, 19, 23, 24, and 26, respectively. *See* Letter from Heather Sidwell to Claire Whitaker, Oct. 6, 2006 (Ex. A). To date, we have received no

RECEIVED

OCT 17 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

response to this letter. Accordingly, we have served a subpoena upon the FDA division that was responsible for the review of Hemopure, to inquire about its document collection and production methods, among other related topics, at a deposition on October 31. *See* Ex. B. The FDA has not yet responded to the subpoena.

In view of the FDA's refusal to certify the completion of its efforts in response to Mr. Moore's subpoena and *Touhy* request of March 24, Mr. Moore requests that the Court hold in abeyance his Motion to Compel pending the upcoming deposition of FDA staffers and the intended deposition of an FDA representative regarding document discovery. Alternatively, Mr. Moore submits that the Motion should be granted, to ensure the FDA's full compliance with its obligations in this matter.

## CONCLUSION

For the foregoing reasons, Mr. Moore requests that the Court hold in abeyance his Motion to Compel pending the upcoming deposition of FDA staffers and the intended deposition of an FDA representative regarding document discovery. Alternatively, Mr. Moore requests that the Court grant his Motion to ensure the FDA's full compliance with its obligations in this matter.

Respectfully submitted,

Bobby R. Burchfield (D.C. Bar No. 289124)
Jason A. Levine (D.C. Bar No. 449053)
McDERMOTT WILL & EMERY LLP
600 Thirteenth Street, NW
Washington, D.C. 20005-3096
Tel.: (202) 756-8000
Fax: (202) 756-8087
Edward P. Leibensperger
Jeffrey S. Huang
McDERMOTT WILL & EMERY LLP
28 State Street

2

Boston, MA  02109-1775
Tel.: (617) 535-4000
Fax: (617) 535-3800

Date:    October 17, 2006                *Counsel for Defendant Thomas A. Moore*

3

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that copies of the foregoing Reply of Thomas A. Moore to Non-Party United States Food and Drug Administration's Opposition to Defendant Moore's Motion to Compel was served by First-Class U.S. Mail, postage prepaid, on this 17th day of October, 2006, upon

>Claire Whitaker, Esq.
>Assistant United States Attorney
>Office of the United States Attorney for the District of Columbia
>555 Fourth Street, N.W.
>Washington, D.C. 20001

>Michael Shane, Esq.
>Office of Chief Counsel
>U.S. Food and Drug Administration
>5600 Fishers Lane, Mail Code: GCF-1
>Rockville, MD 20857-0001

>*Counsel for United States Food and Drug Administration*

and by Federal Express, overnight delivery, upon

>Ian D. Roffman, Esq.
>U.S. Securities and Exchange Commission
>Boston District Office
>33 Arch Street
>Boston, MA 02110

>*Counsel for United States Securities and Exchange Commission*

By:  *Heather Sidwell*
     Heather L. Sidwell

4

# McDermott
# Will & Emery

Boston Brussels Chicago Düsseldorf London Los Angeles Miami Munich
New York Orange County Rome San Diego Silicon Valley Washington, D.C.

Heather L. Sidwell
Associate
hsidwell@mwe.com
202 756 8334

October 6, 2006

**VIA FACSIMILE**

Claire Whitaker, Esq.
Assistant United States Attorney
United States Department of Justice
555 4th Street, N.W.
Civil Division
Washington, D.C. 20530

Re:     ***SEC v. Biopure***, No. 05-11853-PBS (D. Mass.), No. 1:06MS00380 (D.D.C.)
         **Certification of FDA Document Production Completion**

Dear Ms. Whitaker:

I am writing in regard to our request that the FDA provide certification that its document production obligations in the above-mentioned matter have been completed. As you will recall, in our letter to you dated September 15, 2006, we specifically requested that the FDA certify in writing the completion of its document collection efforts and document production. Despite this request, we have received no such certification, nor does the FDA's Opposition to Defendant Thomas Moore's Motion to Compel ("Opposition"), filed on October 3, 2006, provide such certification. Rather, the FDA's Opposition makes a nebulous claim that it has "adequately addressed" the issues raised in Mr. Moore's motion. Even so, we are prepared to stay Mr. Moore's motion to compel at this time. Please note, however, that we do reserve all rights – including seeking a reconvening of depositions and attorneys' fees – if the upcoming depositions of the four FDA witnesses disclose a failure by the FDA to produce all responsive documents.

Sincerely yours,

Heather L. Sidwell

cc:    Michael Shane, Esq.
        Ian Roffman, Esq.

# McDermott
# Will&Emery

Boston Brussels Chicago Düsseldorf London Los Angeles Miami Munich
New York Orange County Rome San Diego Silicon Valley Washington, D.C.

Heather L. Sidwell
Associate
hsidwell@mwe.com
202.756.8334

October 10, 2006

**BY FACSIMILE AND HAND DELIVERY**

Michael Shane, Esq.
Associate Chief Counsel
Office of Chief Counsel
U.S. Food and Drug Administration
5600 Fishers Lane
Mail Code: GCF-1
Rockville, Maryland 20857-0001

Re:    *S.E.C. v. Biopure Corp.,* Civ. No. 05-11853-PBS (D. Mass.)

Dear Mr. Shane:

In connection with the above-referenced matter, and pursuant to Federal Rules of Civil
Procedure 30(b)(6) and 45, please find the enclosed subpoena requiring a representative of the
Center for Biologics Evaluation and Research to appear and provide testimony on Tuesday,
October 31, 2006, at 9:00 a.m. at the office of McDermott Will & Emery LLP, located at 600
Thirteenth Street, N.W., Washington, DC 20005. We further request that, on or before October
20, 2006, the FDA identify to us the person or persons who will testify on the subject matters set
forth in Schedule A to the enclosed subpoena.

Although the D.C. Circuit decision in *Yousuf v. Samantar* contemplates this subpoena, if
necessary for administrative purposes, please construe this letter and accompanying materials as
a *Touhy* request as well. The testimony is necessary to the defense of Thomas Moore, defendant
in the above-referenced matter, who is entitled to examine the FDA's procedures by which it
responded to his requests for documents. The public interest is best served by the fair and
efficient conduct of this litigation, which will be facilitated by the requested deposition.

Sincerely,

Heather Sidwell

Heather L. Sidwell

Enclosures

cc:    FDA Commissioner, Dr. Andew von Eschenbach
       Claire Whitaker, Esq.
       Ian Roffman, Esq. (by facsimile only)

U.S. practice conducted through McDermott Will & Emery LLP.

600 Thirteenth Street, N.W. Washington, D.C. 20005-3096   Telephone: 202.756.8000   Facsimile: 202.756.8087   www.mwe.com

OAO 88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the

# UNITED STATES DISTRICT COURT

### DISTRICT OF    COLUMBIA

U.S. Securities and Exchange Commission

V.

Biopure Corporation, Thomas Moore, Howard Richman, □and Jane Kober

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 05-11853 -PBS □

(Pending in U.S. District Court for the District of Massachusetts)□

TO: Center for Biologics Evaluation and Research, U.S. Food and Drug Administration, c/o Michael Shane, Esq. □ Office of the Chief Counsel

Parklawn Building□     5600 Fishers Lane□     Rockville, MD 20856□

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION<br>McDermott Will & Emery LLP / 600 13th Street, NW / Washington, DC 20005 | DATE AND TIME<br>October 31, 2006, at 9:00 a.m. |
|---|---|

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): □□

| PLACE | DATE AND TIME |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br>Attorney for Defendant Thomas A. Moore     *Heather Sidwell* | DATE<br>October 10, 2006 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Heather L. Sidwell / McDermott Will & Emery LLP / 600 13th Street, NW / Washington, DC 20005 / 202.756.8000

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1]If action is pending in district other than district of issuance, state district under case number

American LegalNet, Inc.
www.USCourtForms.com

AO 88 (Rev 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | | |
|---|---|---|
| DATE SERVED: | PLACE | |
| SERVED ON (PRINT NAME) | MANNER OF SERVICE | |
| SERVED BY (PRINT NAME) | TITLE | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the

www.USCourtForms.com

provisions of clause (c) (3) (B) (iii) of this rule. such a person may in order to attend

documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

American LegalNet, Inc.
www.USCourtForms.com

### Schedule A

Pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, the matters upon

which examination of a custodian of records is requested are as follows:

1.      The document collection and review procedures employed by the United States

Food and Drug Administration (FDA) in response to requests for information from the Securities

and Exchange Commission (SEC) from January 1, 2003 to the present, regarding: (a) Biopure

Corporation ("Biopure"); (b) Biopure's public disclosures; and (c) Biopure's interactions with

the FDA.

2.      The document collection and review procedures employed by the FDA in

response to the document requests contained in defendant Thomas A. Moore's Subpoena and

*Touhy* request of March 24, 2006, and the SEC's inter-agency document request of April 21,

2006.

3.      The FDA's procedures for transmitting to the SEC the documents collected and

reviewed by the FDA in response to the requests contained in defendant Thomas A. Moore's

Subpoena and *Touhy* request of March 24, 2006, and the SEC's inter-agency document request

of April 21, 2006.

4.      The persons involved, procedures used, and conclusions reached regarding: (a)

Biopure's Biologics License Application (reference STN: 125066/0); and (b) Biopure's

Investigational New Drug Application (reference: BB-IND 10962).

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE SUBPOENA IN:<br><br>SECURITIES AND EXCHANGE<br>COMMISSION,<br><br>   Plaintiff,<br><br>   v.<br><br>BIOPURE CORPORATION, THOMAS<br>MOORE, HOWARD RICHMAN, and JANE<br>KOBER,<br><br>   Defendants. | CASE NUMBER  1:06MS00380<br><br>JUDGE: James Robertson<br><br>DECK TYPE: Miscellanous<br><br>DATE STAMP: 08/10/2006<br><br>(Related Case: Civ. No 05-11853-PBS<br>Pending in the U.S. District Court<br>for the District of Massachusetts)<br><br>**Expedited Hearing Requested** |

## MOTION OF DEFENDANT THOMAS A. MOORE TO COMPEL COMPLIANCE WITH FEDERAL SUBPOENAS BY THE UNITED STATES FOOD AND DRUG ADMINISTRATION

Pursuant to Federal Rules of Civil Procedure 37 and 45, and the Local Rules of this Court, defendant Thomas A. Moore requests that the Court order the United States Food and Drug Administration ("FDA") to comply with five federal subpoenas issued out of this Court on March 24, 2006. As explained in greater detail in the accompanying Memorandum of Law, the FDA has complied only partially with one of these subpoenas for the production of documents, and has failed to comply at all with the other four subpoenas for the testimony of its staffers, thereby significantly prejudicing Mr. Moore's defense in this matter. Accordingly, the relief set forth in the accompanying Memorandum of Law is appropriate.

## REQUEST FOR EXPEDITED ORAL HEARING

Pursuant to Local Rule 7(f), Mr. Moore requests an expedited oral hearing on this Motion if the Court is not inclined, for whatever reason, to grant the Motion on the basis of the parties' written submissions alone. As explained in the accompanying Memorandum of Law, the

discovery sought by the subpoenas is the cornerstone of Mr. Moore's defense, and he will be

significantly prejudiced if the FDA does not promptly provide this discovery. For these reasons,

expedited treatment is warranted.

## STATEMENT PURSUANT TO LOCAL RULE 7(m)

Counsel for Mr. Moore have conferred with counsel for the FDA in a good faith attempt

to resolve the issues involved herein, and have been unable to reach agreement. This Motion

will be opposed.

Respectfully submitted,

Bobby R. Burchfield (D.C. Bar No. 289124)
Jason A. Levine (D.C. Bar No. 449053)
McDermott Will & Emery LLP
600 Thirteenth Street, NW
Washington, D.C. 20005-3096
Tel : (202) 756-8000
Fax: (202) 756-8087

Edward P. Leibensperger
Jeffrey S. Huang
McDermott Will & Emery LLP
28 State Street
Boston, MA 02109-1775
Tel.: (617) 535-4000
Fax: (617) 535-3800

Date:   August 10, 2006          *Counsel for Defendant Thomas A. Moore*

2

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| IN RE SUBPOENA IN: | ) | |
| | ) | |
| SECURITIES AND EXCHANGE | ) | |
| COMMISSION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | MISC. No. _____ |
| v. | ) | |
| | ) | (Related Case: Civ. No. 05-11853-PBS |
| BIOPURE CORPORATION, THOMAS | ) | Pending in the U.S. District Court |
| MOORE, HOWARD RICHMAN, and JANE | ) | for the District of Massachusetts) |
| KOBER, | ) | |
| | ) | **Expedited Hearing Requested** |
| Defendants | ) | |
| | ) | |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT THOMAS A. MOORE'S MOTION TO COMPEL COMPLIANCE WITH FEDERAL SUBPOENAS BY THE UNITED STATES FOOD AND DRUG ADMINISTRATION

Thomas Moore urges the Court to compel the United States Food and Drug Administration ("FDA") to comply with subpoenas issued out of this Court on March 24, 2006, in accordance with the D.C. Circuit's decision in *Yousuf v. Samantar*, 2006 U.S. App. LEXIS 14750 (D.C. Cir. June 16, 2006), which holds that federal agencies are susceptible to subpoenas issued pursuant to Fed. R. Civ. P. 45 even if they are not parties to the underlying litigation. *Id.* at *23-27. Even though instructed on March 16, 2006, by Judge Saris, the judge presiding over the underlying case, to comply with a proper discovery request "*immediately*," the FDA has taken *138 days* and still not come close to complete compliance. The documents and deposition testimony sought by Mr. Moore are crucial to his defense in this action, and the FDA's seemingly interminable delays will cause him serious prejudice if not halted by this Court.

The FDA has not produced the key documents, or authorized the depositions of four staffers, requested by Mr. Moore via subpoenas (and a "*Touhy*" request) dated *March 24, 2006*.

Exs. 1-5 (subpoenas to FDA and staffers) and 6 (*Touhy* request).[1]  These documents, and the

staffers' testimony, go to the heart of this case, but the FDA has failed even to advise Mr. Moore

as to whether or when he will receive the documents or authorization to depose the staffers.

Meanwhile, Mr. Moore suffers significant continuing harm to his reputation, employability, and

income every day the action is pending.  For this reason, merely acquiescing in the FDA's

delays, and potentially a later trial date, is not a viable option for Mr. Moore.  The D.C. Circuit

has now agreed that unending delays by federal agencies in discovery are unacceptable, by ruling

in *Yousuf* that they must comply with subpoenas in civil litigation even if they are not parties to

the underlying suit.  *See* 2006 U.S. App. LEXIS 14750 at *23-27.

Accordingly, Mr. Moore asks this Court to enforce his subpoenas directed to the FDA.

Specifically, Mr. Moore requests that the Court order the FDA to: (1) produce all documents that

are responsive to his FDA subpoena of March 24, 2006, no later than 10 calendar days from the

date of the Order; and (2) produce for deposition the four FDA staffers identified by subpoenas

of the same date, no later than 30 calendar days from the date of the Order.

## STATEMENT OF THE CASE

Mr. Moore's subpoenas arise out of a securities enforcement action brought by the SEC

against Biopure Corporation, two of its former executives (Mr. Moore, the former Chief

Executive Officer, and Howard Richman, a former Vice President), and its current General

Counsel (Jane Kober) before Judge Saris in the United States District Court for the District of

Massachusetts.  *SEC v. Biopure Corp. et al.*, Civ. No. 05-11853 (D. Mass., filed Sept. 14, 2005).

The SEC alleges that the defendants engaged in a fraudulent scheme to misrepresent and conceal

---

[1] The FDA's *Touhy* regulations, 21 C.F.R. § 20.1 *et seq.*, govern its processing and treatment of document and deposition requests.  *See Touhy v. Ragen*, 340 U.S. 462, 467 (1951) (federal agencies authorized to promulgate regulations governing procedures for producing documents and testimony).

from investors certain facts about Biopure's applications for FDA approval of Hemopure. The SEC's entire case is based upon the FDA's review of these applications, its communications with Biopure regarding the applications, and the steps the FDA and defendants believed were necessary to obtain marketing approval in the United States.

Despite these facts, by letter dated April 3, 2006, the FDA refused to comply with Mr. Moore's subpoenas and asked that they be withdrawn (which Mr. Moore did *not* do). Ex. 7 (FDA letter). After the submission of an inter-agency *Touhy* request by the United States Securities and Exchange Commission ("SEC") on April 21, 2006 (Ex. 8), the FDA has produced *some* of the documents sought by Mr Moore. Ex. 9 (FDA transmittal letter). However, as discussed below, the FDA has not produces many of the key documents at issue, even though it expressly *waived* any pertinent privilege. *Id.* The FDA has also failed to indicate whether or when it will make the requested witnesses available for deposition

Importantly, the FDA is no passive bystander in this case. Instead, it appears that the FDA referred the case to the SEC, and assisted with formulating the allegations contained in the Complaint. For example, an FDA letter to the SEC staff on August 8, 2003 – now one of the SEC's key Exhibits – opines that a press release issued by Biopure on August 1, 2003 "may not be a fair and accurate disclosure of information to public investors." Ex. 10. Even before the SEC filed its Complaint, the FDA produced selected documents to the SEC and made witnesses freely available for interviews and investigative depositions by SEC counsel – all without formal process. Yet the FDA has not timely responded to formal process from Mr Moore.

The FDA has been on notice of Mr. Moore's personal need for the documents and testimony at issue since the defendants jointly filed a *Touhy* request on January 12, 2006. During a March 16, 2006 scheduling conference (prior to the decision in *Yousuf*), the presiding judge in

3

the District of Massachusetts, Judge Saris, admonished the SEC that, upon the submission of a new *Touhy* request for documents and depositions, the FDA should comply "immediately" or face a possible contempt citation *and* negative ramifications for the SEC's case at trial. *See* Mar. 16, 2006 Tr. at 7, 9-10 (Ex. 11). By agreement of all present, Judge Saris set a deadline of July 1 – 106 days later – for *all* document production, and specifically stated that it intended for this deadline to apply to the FDA. *Id.* at 18. Judge Saris also indicated that counsel for the SEC, Ian Roffman, should help defendants obtain discovery from the FDA, because otherwise the SEC's case "is going to suffer." *Id.* at 9. Judge Saris also set a deadline of October 31, 2006, for the close of all discovery, and set the trial date for January 15, 2007. *Id.* at 18, 24.

Acting promptly, on March 24, Mr. Moore submitted a proper, limited *Touhy* request seeking, as did his subpoenas of the same date: (1) nine narrow categories of FDA documents, including drafts of several individual documents; and (2) the depositions of four FDA staffers who were deeply involved in the review of Hemopure that is central to this case – Mr. Franklin Stephenson, and Drs. Toby Silverman, Laurence Landow, and Abdu Alayash. Ex. 6.[2] Mr. Moore's *Touhy* request was carefully targeted to obtain only highly relevant information and imposed no undue burden on the FDA. Tellingly, the FDA has *not* objected to any aspect of Mr. Moore's *Touhy* request.

Because of the compelling and time-sensitive need for the requested documents, Mr. Moore sought expedited processing in accordance with 21 C.F.R. § 20.44(a). The FDA *denied* this request by letter dated May 16, 2006, and stated that it would place Mr. Moore's *Touhy*

---

[2] In response to a concern voiced by the FDA to Mr. Roffman, Mr. Moore supplemented his *Touhy* request on April 24, 2006 (Ex. 12), to provide additional grounds for the deposition of Dr. Alayash, whom the SEC has not designated as a trial witness, unlike the other three identified FDA staffers.

document request at the back of the FOIA queue. Ex. 13. These actions guaranteed that the FDA would *not* produce documents in time for a January 2007 trial.

Apparently anticipating this outcome, on April 21, the SEC had submitted an inter-agency *Touhy* request on behalf of Mr. Moore, in an effort to receive a speedier response from the FDA as a sister agency. Ex. 8. Critically, however, the SEC's inter-agency request *omitted* two categories of documents that Mr. Moore sought in his subpoena and *Touhy* request – namely, documents relating to: (1) FDA-SEC communications about the defendants; and (2) inter-agency cooperation in enforcement matters. *Compare* Exs. 1, 6 *with* Ex. 8. These materials are relevant in view of the FDA's role as the *instigator* of this lawsuit. On May 3, 2006, counsel for Mr. Moore requested that the SEC conform its inter-agency request to his *Touhy* request. Ex. 14 (letter to Mr. Roffman). The SEC refused. Ex. 15 (letter from Mr. Roffman) Meanwhile, Mr. Moore's subpoena remained pending.

The FDA thereafter responded to the SEC's inter-agency request on Wednesday, June 28, 2006 – nearly the last possible day under the schedule set by Judge Saris. Ex. 9.[3] Of course, the FDA's production omitted the communications between the FDA and the SEC that Mr. Moore sought but the SEC did not request. The FDA also withheld substantive documents bearing upon the evaluation of Hemopure, including many attachments to produced e-mail communications, even though these documents were plainly responsive to several categories of the *Touhy* request (and to Mr. Moore's subpoena). Importantly, the FDA *waived* its "deliberative process privilege" with respect to these materials, and so has no grounds for

---

[3] Because Biopure required the opportunity to review the FDA's document production for purposes of ensuring their confidentiality *before* their dissemination to Mr. Moore, he did not ultimately receive the documents until *July 13*.

withholding them from production. *Id.* Moreover, FDA also did not respond to Mr. Moore's longstanding *Touhy* request to depose the four FDA staffers.

On July 11, 2006, counsel for Mr. Moore wrote to the FDA, advising it of the D.C. Circuit's decision in the *Yousuf* case, and requesting prompt and full compliance with his subpoenas of March 24, 2006. Ex. 16. On July 28, counsel for Mr. Moore notified the FDA in writing of the shortcomings of its document production. Ex. 17. In response, on August 3, FDA Associate General Counsel Carl Turner verbally indicated that the FDA would seek to produce the missing email attachments on or about August 11, but he professed an inability to make any commitments about whether or when the FDA would produce the remainder of the documents or approve the deposition of the four staffers separately subpoenaed by Mr. Moore. During another conversation with Mr. Turner on August 9, he confirmed the FDA's intention to produce the missing email attachments on August 14, and stated that the FDA had authorized a search for the unproduced FDA-SEC communications and inter-agency enforcement materials, but he was not able to estimate how long that search would take. Mr. Turner had no further information about the FDA's timetable or intentions with respect to the depositions and other documents at issue.

<u>ARGUMENT</u>

**THE FDA SHOULD BE ORDERED TO COMPLY FULLY AND PROMPTLY WITH MR. MOORE'S SUBPOENAS OF MARCH 24, 2006.**

As the D.C. Circuit held in the recent *Yousuf* decision, the Government and its agencies are "persons" within the meaning of Fed. R. Civ. P. 45, and accordingly are subject to subpoena regardless of whether they are parties to the underlying litigation. 2006 U.S. App. LEXIS 14750, at *23-*27. The FDA falls squarely within the ambit of Rule 45 and is subject to Mr. Moore's subpoenas. Indeed, the FDA did *not* dispute its susceptibility to subpoena when advised of the *Yousuf* decision by letter dated July 11, 2006. Ex. 16. Yet despite the pendency of Mr. Moore's

6

subpoena (and identical *Touhy* request) for *138 days*, the FDA has failed to comply fully with his straightforward and limited document and deposition requests.

Mr. Moore's defense is already suffering from the FDA's delays. For example, on August 30, Mr. Moore's counsel will depose the SEC's testifying expert witness, whose expert opinions turn on his interpretation of certain communications to Biopure from the FDA. Yet Mr. Moore still has not received various internal documents from the FDA that are crucial to his effective deposition of this expert witness. Further, Mr. Moore's own expert disclosure is due on September 6, yet his testifying expert witness may require the full evaluative record of the FDA in order to form thorough opinions. Further delay from the FDA may gravely impede the work of Mr. Moore's testifying expert.

Mr. Moore's defense would be prejudiced even further if he were forced to proceed to trial without the full discovery he has sought from the FDA. Yet he would be equally prejudiced by any significant delay of the trial date to accommodate the agency, given the serious economic and reputational harms that he suffers from the mere pendency of this lawsuit. Mr. Moore, in other words, is caught between the proverbial "rock" and "a hard place." Against the background of the continuing harms he is suffering, the FDA's inaction may be more than mere bureaucratic inertia.

The SEC, in contrast, has had the benefit of full discovery from the FDA during the investigative phase of this case, and it now stands to gain from whatever impediments Mr. Moore faces in obtaining discovery from the FDA. For these reasons, at the scheduling conference held nearly five months ago (prior to the *Yousuf* decision), Judge Saris clearly instructed the FDA to comply with a reasonable *Touhy* request "*immediately*," not "when the agency gets around to it." March 16, 2006 Tr. at 7 (Ex. 11). The FDA has not done so.

Accordingly, Mr. Moore urges the Court to order the FDA to comply, finally and fully, with the outstanding subpoenas dated March 24, 2006. Given the exigencies of the situation, Mr. Moore requests that the Court order FDA to: (1) produce all remaining documents that are responsive to his document subpoena within 10 calendar days from the date of the Court's Order; and (2) produce the four subpoenaed FDA witnesses for depositions within 30 calendar days from the date of the Court's Order.

## CONCLUSION

For the foregoing reasons, Mr. Moore urges the Court to grant his Motion to Compel. A proposed Order to this effect is submitted herewith.

Respectfully submitted,

Bobby R. Burchfield (D.C. Bar No. 289124)
Jason A. Levine (D.C. Bar No. 449053)
McDermott Will & Emery LLP
600 Thirteenth Street, NW
Washington, D.C. 20005-3096
Tel.: (202) 756-8000
Fax: (202) 756-8087

Edward P. Leibensperger
Jeffrey S. Huang
McDermott Will & Emery LLP
28 State Street
Boston, MA 02109-1775
Tel.: (617) 535-4000
Fax: (617) 535-3800

Date:    August 10, 2006                    *Counsel for Defendant Thomas A. Moore*

8

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| IN RE SUBPOENA IN: | ) |
| | ) |
| SECURITIES AND EXCHANGE | ) |
| COMMISSION, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| BIOPURE CORPORATION, THOMAS | ) |
| MOORE, HOWARD RICHMAN, and JANE | ) |
| KOBER, | ) |
| | ) |
| Defendants. | ) |
| | ) |

MISC. No. _____

(Related Case: Civ. No. 05-11853-PBS
Pending in the U.S. District Court
for the District of Massachusetts)

**[PROPOSED] ORDER**

The Court, having considered Defendant Thomas A. Moore's Motion to Compel, the

Memoranda of Law in support thereof and in opposition thereto, and all pertinent argument,

hereby ORDERS that the United States Food and Drug Administration ("FDA") shall:

(1)     produce all documents that are responsive to Mr. Moore's subpoena to the FDA

of March 24, 2006, no later than 10 calendar days from the date of this Order; and

(2)     produce for deposition, no later than 30 days from the date of this Order, the

following employees whose testimony was subject to Mr. Moore's subpoenas of

March 24, 2006: (a) Mr. Franklin Stephenson; (b) Dr. Toby Silverman; (c) Dr.

Laurence Landow; and (d) Dr. Abdu Alayash.

_____
United States District Judge

9

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that copies of the foregoing Motion to Compel and Memorandum of Law were served by hand delivery on this 10th day of August, 2006, upon

> Claire Whitaker, Esq.
> Assistant United States Attorney
> Office of the United States Attorney for the District of Columbia
> 555 Fourth Street, N.W.
> Washington, D.C. 20001

> Carl Turner, Esq.
> Office of Chief Counsel
> U.S. Food and Drug Administration
> 5600 Fishers Lane, Mail Code: GCF-1
> Rockville, MD 20857-0001

> *Counsel for United States Food and Drug Administration*

and by Federal Express, overnight delivery, upon

> Ian D. Roffman, Esq.
> U.S. Securities and Exchange Commission
> Boston District Office
> 33 Arch Street
> Boston, MA 02110

> *Counsel for United States Securities and Exchange Commission*

By: _____
Jason A. Levine

10