UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>BIOPURE CORPORATION, THOMAS )<br>MOORE, HOWARD RICHMAN, and JANE )<br>KOBER, )<br>)<br>Defendants, ) | Civil Action<br>No. 05-11853-PBS |

### MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT HOWARD RICHMAN'S MOTION TO SEVER AND STAY LITIGATION AS TO HIM

#### I.     INTRODUCTION

Pursuant to Federal Rules of Civil Procedure Rule 16(a), the Defendant Howard Richman ("Dr. Richman") respectfully submits this memorandum of law and seeks a hearing with the Court on Thursday, November 2, 2006, or as soon as practicable, for the purpose of severing the case against Dr. Richman and staying this litigation as to him. For the reasons stated in this Memorandum as well as the accompanying affidavit of Dr. Richman's counsel and its exhibits, the Court should sever Dr. Richman and stay all litigation as to him, because he is unable due to his grave medical condition to participate meaningfully in the defense of this action. In the alternative, Dr. Richman requests that the Court stay this litigation as to himself and his remaining co-Defendant, Thomas Moore.

#### II.     BACKGROUND

From the inception of this proceeding until approximately June 2006, Howard Richman has participated fully in this proceeding through counsel. During the Spring of 2006, Dr.

Richman, who resides in Houston, Texas, participated fully in the mediation of this action. *See* Affidavit of C. Fleming sworn to October 25, 2006 ("Fleming Aff.") ¶ 3. During the second such mediation session, the SEC and Dr. Richman agreed in principle on two out of the three terms of settlement of the SEC's action. *Id.* ¶ 4.[1] The one term on which the parties had not agreed but had agreed to attempt to resolve, was the amount of a financial penalty. To that end, the SEC provided blank financial forms for Dr. Richman to complete so that it could consider an appropriate penalty. *Id.* ¶ 5.

In June 2006, however, before the parties were able to finalize the terms of the proposed settlement, and before Dr. Richman was able to complete accurate financial forms, Dr. Richman was diagnosed with a particularly aggressive and advanced form of cancer. *See* **Exhibit A** to Fleming Aff.[2] In essence, Dr. Richman has been diagnosed with Colon-Rectal Cancer, Stage and Grade III which indicates that the colon cancer had spread to the stomach and invaded the abdominal cavity. *See* Fleming Aff. ¶ 7; **Ex. A**. As a result, Dr. Richman has been undergoing both surgeries and chemotherapy as treatment for the cancer. *Id.* ¶ 8; **Ex. A**.

As a result of this diagnosis and treatment (in addition to an earlier diagnosed irritable bowel syndrome, which was making him feel ill), it has been extremely and increasingly difficult to communicate effectively with Dr. Richman. *Id.* ¶ 9. His attention, understandably, has been expended in addressing his cancer and its treatment. *Id.*

In the meantime, discovery in this case has been ongoing. *Id.* ¶ 10. All parties have been extremely gracious under difficult circumstances, and Dr. Richman and we are appreciative of

---

[1] It is the collective recollection of counsel for Dr. Richman as well as notes in our file that the parties had agreed to an officer and director bar that was limited as to time. Counsel for the SEC has a different recollection on this one term. Counsel anticipates that counsel for the SEC and Dr. Richman's counsel will ultimately resolve our different recollections of the terms of the officer and director bar. In the unlikely event that we cannot resolve it, this will be another issue that needs to be addressed.

[2] All Exhibits referenced in this Memorandum are attached as exhibits to the Fleming Affidavit, filed herewith.

their flexibility and understanding. *Id.* ¶ 2. On a case-by-case basis, the SEC had agreed that counsel for Dr. Richman would not be required to participate in certain depositions without prejudice to his rights. *Id.* ¶ 10; **Ex. B**. Counsel had been advised that Dr. Richman had been diagnosed with cancer; the October 9, 2006 report verified the diagnosis.

On October 17, 2006, counsel to Dr. Richman forwarded Dr. Al-Sabbagh's report dated October 9, 2006 to counsel for Thomas Moore and the SEC and requested that both parties agree to a voluntary stay as it pertained to Dr. Richman. *Id.* ¶ 11; **Ex. C**. On October 23, 2006, counsel for Thomas Moore consented to a severance of claims and a stay of litigation only as to Dr. Richman. *Id.* ¶ 12; **Ex. D**. On October 23, 2006 counsel for the Government explained that it would not agree to a stay for Dr. Richman. *See Id.* ¶ 13; **Ex. E**. We understand the position of both parties but are required to seek a stay to protect Dr. Richman's rights.

The purpose of this stay is not to cause a delay and is based on legitimate medical concerns. *Id.* ¶ 16. Because of Dr. Richman's illness and ongoing treatment, his counsel cannot effectively represent him in defense of this action. Moreover, given the seriousness of his medical condition and treatment, counsel believes that she cannot effectuate even settlement for him while the issue of a fine is still outstanding. *See Id.* ¶ 14. We anticipate that if Dr. Richman recovers and is able to participate meaningfully in these proceedings, that the parties will effectuate a settlement. However, at this stage, he cannot effectuate one nor can counsel guarantee to the Court that one will be effectuated. *Id.* ¶ 15.

### III.    ARGUMENT

The First Circuit has repeatedly recognized the inherent power of every court to manage and control the disposition of cases on its docket in furtherance of "the enhancement of the court's processes." *In re Atlantic Pipe Corp.*, 304 F.3d at 143. Such power is essential to what

one court has called the court's fundamental role as "a guarantor of fairness". *Weinberger v. Great Northern Nekoosa Corp.*, 925 F.2d 518, 525 (1st Cir. 1991).

In light of Dr. Richman's grave medical condition, it would be in the interests of fairness and justice to stay this litigation as to Dr. Richman. Dr. Richman is suffering from an advanced and aggressive form of colo-rectal cancer. Because of the demands of that illness and the concomitant treatment, which includes both surgery and chemotherapy, Dr. Richman has been unable to participate meaningfully since this Summer in his defense of this action. For the same reasons, he has been unable to assist counsel in reaching a final agreement on and effectuating the terms of a settlement.

Courts have generally recognized that a defendant is guaranteed the right to participate meaningfully in his or her defense. *See, e.g., Ake v. Oklahoma*, 470 U.S. 68, 76 (1985); *Little v. Streater*, 452 U.S. 1 (1981) (extending right to quasi-criminal proceedings). Where a defendant is unable to participate meaningfully in his or her defense, the appropriate remedy is to sever the claims against that defendant and stay the action as to that Defendant. *See Clark v Allen*, No. 95-2487, 1998 WL 110160 (4th. Cir. Mar. 13, 1998). In *Clark*, a group of defendants in a RICO action challenged a district court's refusal to order a continuance after one of the defendants underwent serious surgery after becoming gravely ill. The appellate court upheld the district court decision to sever the claims and defenses relating to the ailing defendant.

In Massachusetts, the *sine qua non* for standing trial is that a Defendant can participate meaningfully in his or her defense and understand the charges against him or her. Although Dr. Richman understands the charges against him, at this time he is unable to participate meaningfully in his defense. In determining whether a Defendant can participate meaningfully in his or her defense, Massachusetts courts have looked at a defendant's ability to consult with

counsel and his rational and factual understanding of the proceedings. *See Commonwealth v. Monzac*, No. 96-11376-001, 1997 WL 438 770 *5 (Mass. Super. July 21, 1997):

> The ability to consult with counsel requires the capacity to work on a cooperative basis with counsel, to communicate relevant information with counsel, to understand counsel's communications, to evaluate counsel's advice, and to make decisions regarding the exercise of legal rights.

*Id.* *6.

Dr. Richman's ability to consult effectively with counsel is seriously compromised. Confronted by this life threatening disease, he and his family are, understandably, focused on his diagnosis, treatment, and prognosis. As a result, his ability to work and communicate with counsel is sporadic at best. Counsel has concern that Dr. Richman's ability to receive, understand, and evaluate counsel's communications and advice is compromised.

As a result, because of Dr. Richman's illness, his counsel believes it cannot effectively represent him in defense of this action. *See* Fleming Aff. ¶ 14. Moreover, given the seriousness of his medical condition, counsel believes that she cannot effectuate even settlement for him while the issue of a fine is still outstanding. *See Id.*

Nevertheless, we anticipate that if Dr. Richman recovers and is able to participate meaningfully in these proceedings, that the parties will effectuate a settlement. However, at this stage, he cannot effectuate one nor can counsel guarantee to the Court that one will be effectuated. *See* Fleming Aff. ¶ 15.

We emphasize to the Court that the stay is not to cause a delay and is based on legitimate medical concerns. *Id.* ¶ 16.

In conclusion, due to Dr. Richman's medical condition and ongoing treatment, we respectfully request that this Court sever from this action claims against Dr. Richman and stay all litigation as to him until such time as he is able to participate meaningfully in his defense of this

action or its settlement. In the alternative, Dr. Richman requests that this Court stay the litigation until such time as he is in a position to participate meaningfully.

Dated October 26, 2006
Boston, Massachusetts

                                                    Respectfully submitted,

                                                  Counsel for Defendant Howard Richman

                                                  /s/ Joey H. Lee
                                                John. D. Hughes (BBO #243660)
                                                Cathy A. Fleming (*pro hac vice*)
                                                Mary-Pat Cormier (BBO #635756)
                                                Joey H. Lee (BBO #663803)
                                                EDWARDS ANGELL PALMER &
                                                    DODGE LLP
                                                111 Huntington Avenue
                                                Boston, Massachusetts 02199
                                                (617) 239-0100