UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, ) ) ) Plaintiff, ) ) v. ) ) BIOPURE CORPORATION, THOMAS ) MOORE, HOWARD RICHMAN, and JANE ) KOBER, ) ) Defendants, ) | Civil Action No. 05-11853-PBS |

## AFFIDAVIT OF CATHY FLEMING IN SUPPORT OF DEFENDANT HOWARD RICHMAN'S MOTION TO SEVER AND STAY LITIGATION AS TO HIM

I, Cathy Fleming, depose and state in fact:

1.      I am a partner at Edwards Angell Palmer & Dodge LLP, and I have been admitted *pro hac vice* in this matter. I respectfully submit this affidavit in connection with the motion of Howard Richman for a severance and stay of this matter as to him due to his serious medical condition and ongoing treatment, explained more fully below and in the attached Exhibit A.

2.      At the outset we wish to advise the court that all counsel and parties have been gracious under the difficult circumstances confronting Dr. Richman, and we are appreciative. The point has come however where, due to Dr. Richman's ongoing serious medical condition and treatment, it is imperative that we seek a severance and stay of litigation as to him.

3.      Dr. Richman currently resides with his family in Houston, Texas. Dr. Richman has participated in two mediation sessions of this matter that were conducted earlier this year with Eric Green. The first such session included all Defendants, except the Defendant Moore, and was conducted in Boston on March 9, 2006. Dr. Richman participated through counsel in that session (Defendant Moore's counsel were unavailable due to a trial commitment). Dr. Richman traveled from Houston to participate in person in a second mediation session, including the SEC and Defendant Moore, as well, which was conducted in New York on April 12, 2006.

4.  At that second mediation, Dr. Richman and the SEC had agreed in principle on two out of three terms for settlement.[1]

5.  The one term on which the parties had not agreed but had agreed to attempt to resolve, was a financial penalty. To that end, the SEC provided blank financial forms for Dr. Richman to complete.

6.  Unfortunately, in June 2006, Dr. Richman was diagnosed with cancer. A copy of a letter from his treating physician, Dr. Rodwan Al-Sabbagh's dated October 9, 2006 is attached hereto as **Exhibit A**.

7.  In essence, Dr. Richman has been diagnosed with Colon-Rectal Cancer, Stage and Grade III which indicates that the colon cancer has spread to the stomach and invaded the abdominal cavity. See **Ex. A**.

8.  Dr. Al-Sabbagh states in his October 9 letter that Dr. Richman has been undergoing both surgeries and chemotherapy in treatment for the cancer. See **Ex. A**.

9.  Since June 2006, it has been increasingly difficult to communicate effectively with Dr. Richman. His attention, understandably, is expended in addressing the illness and treatment described by Dr. Al-Sabbagh.

10. In the meantime, discovery in the case has been proceeding. On a case-by-case basis, the SEC and counsel to Richman have agreed that counsel for Dr. Richman would not be required to participate in certain depositions without prejudice to his rights. See, e.g., copies of those letters, dated August 29, 2006 and September 26, 2006, attached as **Exhibit B**. The SEC is unwilling to enter into such agreements for other depositions.

11. As already noted, counsel for both the SEC and for Thomas Moore have been generally aware of Dr. Richman's diagnosis. On October 17, 2006, I forwarded Dr. Al-Sabbagh's report to both counsel and requested that they agree to a severance and voluntary stay as it pertained to Dr. Richman. See **Exhibit C**.

12. On October 23, 2006, counsel for Thomas Moore consented to a severance and stay as to Dr. Richman. See **Exhibit D**. (Counsel for Thomas Moore has not consented to and opposes a stay of the entire matter.)

13. On October 23, 2006 counsel for the Government stated that the SEC does not agree to a stay for Dr. Richman. See **Exhibit E**.

---

[1] It is the collective recollection of counsel for Dr. Richman as well as notes in our file that the parties had agreed to an officer and director bar that was limited as to time. Counsel for the SEC has a different recollection on this one term. I anticipate that counsel for the SEC and we will ultimately resolve our different recollections of the terms of the officer and director bar. In the unlikely event that we cannot resolve it, this will be another issue that needs to be addressed.

14.  It has been very difficult to communicate effectively with Dr. Richman since his diagnosis. As a result of the inability to communicate, we have not been able to effectuate a settlement nor can we receive help in defense of this case. Because of the medical condition described in the October 9 letter, we are concerned that this firm is not able to represent him effectively. We further believe that at this point we cannot effectuate even settlement for him while the issue of a fine is still outstanding.

15.  We anticipate that if Dr. Richman recovers and is able to participate meaningfully in these proceedings that the parties will effectuate a settlement. However, at this stage, we cannot effectuate one nor can we guarantee to the Court that one will be effectuated.

16.  This severance and stay is not sought for purposes of delay, but is sought due to our understanding of Dr. Richman's medical condition and need for continued treatment.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY ON THIS 26th DAY OF OCTOBER, 2006.

/s/  Cathy Fleming
Cathy Fleming

# EXHIBIT A

# Radwan Al-Sabbagh, M.D., P.A.

*Gastroenterology and Nutrition*

Diplomate of the American Board of Internal Medicine
Certified in the Subspecialty of Gastroenterology

Hermann Professional Building          (713) 794-0400
6410 Fannin, Suite 1260                (Fax) (713) 794-0141
Houston, Texas 77030

Monday, October 9, 2006

To whom it may concern:

Howard Richman has been under my care since October 2005 for treatment of irritable bowel syndrome. His IBS is significantly severe. He has severe uncontrollable diarrhea and abdominal pain during the exacerbation of this disease. In addition, as of June 2006 Howard was unfortunately diagnosed with Colon-Rectal Cancer Stage and Grade III. Colon cancer is classified as stage III if the cancer has penetrated the wall of the colon, spread into the abdominal cavity, and invaded any of the local lymph nodes, but cannot be detected in other locations in the body.

These tumors are Grade III which means the increasing abnormality increases the grade (increase severity of the disease), and are Staged (the extent of the disease) :

1) Tumor (T) Size – Tis-Carcinoma in situ (limited to Surface cells)
2) Node (N)- N1-4- Increasing degrees of lymph node involvement
3) Metastases (M) – M0- No evidence at this time of distant metastases

His present course of treatment includes:

· Surgery-excision of multiple lesions and tumors
· Chemotherapy- chemotherapy drug 5-FU (fluorouracil) and Eloxatin® (oxaliplatin)

Therefore, this Multiple-method treatment (multimodality), which is treatment using two or more techniques, is increasingly recognized as an important approach for increasing a patient's chance of cure or prolonging survival.

There is no prediction of the time of the exacerbation; prognosis is undeterminable at this present time.

If you have any questions, please contact me.

Thank you,

Radwan Al-Sabbagh, MD

July 24, 2006

Dear Kathy;

Hope all is well. Here are the documents that I have completed to the best of my ability. I am also enclosing all source documents.

All the best,

Howard

# EXHIBIT B

# EDWARDS ANGELL PALMER & DODGE LLP

750 Lexington Avenue  New York, NY 10022  212.308.4411  *fax* 212.308.4844  eapdlaw.com

Cathy Fleming
212.912.2743
*fax* 888-325-9807
cfleming@eapdlaw.com

August 29, 2006

**By Fax**
Ian Roffman
Securities and Exchange Commission
Boston District Office
33 Arch Street, 23rd Floor
Boston MA 02110-1424

Re:    SEC v. Howard Richman

Dear Mr. Roffman:

This will confirm our telephone conversation this afternoon in which we agreed that in light of Howard Richman's serious medical condition, as well as the ongoing settlement discussions which were pending before Dr. Richman was diagnosed, that Dr. Richman will not attend the deposition of Dr. Snyder without any prejudice to his rights and that in the event that the SEC and Dr. Richman litigate, that Dr. Richman has not waived his right to depose Dr. Snyder. This agreement is made with the anticipation that by the end of September the SEC and counsel for Dr. Richman will confer with the Court and have updated information on Dr. Richman's medical condition.

Very truly yours,

Cathy Fleming

cc:    All Counsel

# EDWARDS ANGELL PALMER & DODGE LLP

750 Lexington Avenue  New York, NY 10022  212.308.4411  *fax* 212.308.4844  eapdlaw.com

Cathy Fleming
212.912.2743
*fax* 888-325-9807
cfleming@eapdlaw.com

September 26, 2006

**By Fax & Email**
Ian Roffman
Securities and Exchange Commission
Boston District Office
33 Arch Street, 23rd Floor
Boston MA 02110-1424

Re:   SEC v. Howard Richman

Dear Mr. Roffman:

This will confirm our telephone conversation yesterday in which we agreed that in light of Howard Richman's serious medical condition, as well as the ongoing settlement discussions which were pending before Dr. Richman was diagnosed, that Dr. Richman will not attend the deposition of Paul Miller without any prejudice to his rights and that in the event that the SEC and Dr. Richman litigate, that Dr. Richman has not waived his right to depose Paul Miller. This agreement is made with the anticipation that within the next several weeks (when I can reach Dr. Richman and get his doctor's report) the SEC and counsel for Dr. Richman will confer with the Court and have updated information on Dr. Richman's medical condition.

Thank you for your courtesies.

Very truly yours,

Cathy Fleming

cc:   All Counsel

# EXHIBIT C

# EDWARDS ANGELL PALMER & DODGE LLP

750 Lexington Avenue   New York, NY  10022   212.308.4411   *fax* 212.308.4844   eapdlaw.com

Cathy Fleming
212.912-2743
*fax* 888-325-9807
cfleming@eapdlaw.com

October 17, 2006

**By Fax & Mail**

Ian Roffman
Securities and Exchange Commission
Boston District Office
33 Arch Street, 23rd Floor
Boston MA 02110-1424

**CONFIDENTIAL TREATMENT
REQUESTED**

Jason A. Levine
McDermott Will & Emery
600 13th Street, NW
Washington, DC  20005

     Re:   <u>Dr. Howard Richman</u>

Counsel:

     I am enclosing a report dated October 9, 2006 from Dr. Rodwan Al-Sabbagh pertaining to his care of Dr. Richman. As you can see in the report, Dr. Richman has been very ill and has Colon-Rectal Cancer, Stage and Grade III. The report confirms that the cancer has spread into the abdominal cavity. The report further confirms that Dr. Richman has and will continue to receive surgical intervention and is currently receiving two different therapies of chemotherapy.

     The report confirms Dr. Richman's serious illness. As you both are aware, he has been unable to participate in these proceedings due to his illness and treatments. All parties have been extremely gracious and understanding of Dr. Richman's situation.

     Dr. Richman is still not in a position to participate and to assist effectively his counsel. At the point that Dr. Richman was diagnosed, we had reached an agreement in principle on two of three points with the SEC, namely that Dr. Richman would accept a five year D&O bar and would agree to an injunction for future violations (without any admissions or concessions of wrongdoing or liability). The unresolved point pertained to payment of a penalty. The SEC has been waiting for Dr. Richman's financial forms. We have been unable to supply complete forms due to our inability to communicate effectively with Dr. Richman as a result of his illness and treatment.

# EDWARDS ANGELL PALMER & DODGE LLP

We have not participated in recent discovery and depositions with the gracious agreement, for specific depositions, of the SEC that it would not prejudice Dr. Richman's rights. We do not believe we are in a position to participate at this time in any discovery or depositions given his illness. We also do not believe that we will be able to get complete and accurate financial forms at this time. Given the medical report, we do not anticipate that Dr. Richman will be able to participate effectively for the foreseeable future.

Given Dr. Richman's medical condition and the circumstances, we request your consent to the following. We would like to make an application to the Court to stay the matter as to Dr. Richman. We agree that if Dr. Richman recovers we will move forward to supply accurate financial forms and to effectuate a settlement. As I have advised both of you, Dr. Richman has not been well enough to be interviewed or deposed. We note that his deposition has been noticed for October 27, 2006 and we would respectfully request that given Dr. Richman's illness that the deposition notice be withdrawn on consent of the parties.

I would appreciate both of your thoughts on this and I would like to resolve how to proceed as soon as possible. I am leaving on business for Europe this evening and will have periodic access to my emails. John Hughes will be available in my absence (except Friday, October 20 or Monday, October 23, 2006).

Finally, we would appreciate it if you would keep this information confidential to respect Dr. Richman's privacy.

Very truly yours,

Cathy Fleming

Enclosure
cc:   John Hughes
      Mary-Pat Cormier

# Radwan Al-Sabbagh, M.D., P.A.

*Gastroenterology and Nutrition*

Diplomate of the American Board of Internal Medicine
Certified in the Subspecialty of Gastroenterology

Hermann Professional Building          (713) 794-0400
6410 Fannin, Suite 1260            (Fax) (713) 794-0141
Houston, Texas 77030

Monday, October 9, 2006

To whom it may concern:

Howard Richman has been under my care since October 2005 for treatment of irritable bowel syndrome. His IBS is significantly severe. He has severe uncontrollable diarrhea and abdominal pain during the exacerbation of this disease. In addition, as of June 2006 Howard was unfortunately diagnosed with Colon-Rectal Cancer Stage and Grade III. Colon cancer is classified as stage III if the cancer has penetrated the wall of the colon, spread into the abdominal cavity, and invaded any of the local lymph nodes, but cannot be detected in other locations in the body.

These tumors are Grade III which means the increasing abnormality increases the grade (increase severity of the disease), and are Staged (the extent of the disease):

1) Tumor (T) Size – Tis-Carcinoma in situ (limited to Surface cells)
2) Node (N)- N1-4- Increasing degrees of lymph node involvement
3) Metastases (M) – M0- No evidence at this time of distant metastases

His present course of treatment includes:

- Surgery-excision of multiple lesions and tumors
- Chemotherapy- chemotherapy drug 5-FU (fluorouracil) and Eloxatin® (oxaliplatin)

Therefore, this Multiple-method treatment (multimodality), which is treatment using two or more techniques, is increasingly recognized as an important approach for increasing a patient's chance of cure or prolonging survival.

There is no prediction of the time of the exacerbation; prognosis is undeterminable at this present time.

If you have any questions, please contact me.

Thank you,

Radwan Al-Sabbagh, MD

# EXHIBIT D

# Cormier, Mary Pat

**From:** JLevine@mwe.com
**Sent:** Monday, October 23, 2006 5:18 PM
**To:** Cormier, Mary Pat; Fleming, Cathy
**Cc:** BBurchfield@mwe.com
**Subject:** Re: Reply Letter to Roffman regarding Richman - SEC v. Biopure

We will not agree to a stay as to Tom. We will agree to severance and stay as to Howard.

Jason A. Levine
McDermott Will & Emery LLP
600 Thirteenth Street, N.W.
Washington, D.C. 20005-3096
Phone: (202) 756-8021
Fax: (202) 756-8087
Email: jlevine@mwe.com
http://www.mwe.com

*****************************************************************************************************************
IRS Circular 230 Disclosure: To comply with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained herein (including any attachments), unless specifically stated otherwise, is not intended or written to be used, and cannot be used, for the purposes of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter herein.
-------------------------------------------------------------------------------------------------------------------

This message is a PRIVATE communication. This message and all attachments are a private communication sent by a law firm and may be confidential or protected by privilege. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of the information contained in or attached to this message is strictly prohibited. Please notify the sender of the delivery error by replying to this message, and then delete it from your system. Thank you.
*****************************************************************************************************************

Please visit http://www.mwe.com/ for more information about our Firm.

1

# EXHIBIT E

10/23/06 MON 08:18 FAX 617 424 5940        SEC-BDO                                    001



# FAX TRANSMISSION
## UNITED STATES SECURITIES AND EXCHANGE COMMISSION
### BOSTON DISTRICT OFFICE
### 33 ARCH STREET
### BOSTON, MASSACHUSETTS 02110

| | |
|---|---|
| TO: | Jason A. Levine |
| | McDermott, Will & Emery |
| FAX: | 202-756-8087 |
| PHONE: | 202-756-8021 |
| | |
| TO: | Cathy A. Fleming |
| | Edwards Angell Palmer & Dodge LLP |
| FAX: | 212-308-4844 |
| PHONE: | 212-912-2743 |
| | |
| FROM: | Ian D. Roffman |
| PHONE: | 617-573-8987 |
| DATE: | October 23, 2006 |
| TOTAL PAGES: | 2 |
| COMMENTS: | |

THIS FACSIMILE TRANSMISSION IS INTENDED ONLY FOR THE PERSON TO WHOM IT IS ADDRESSED AND MAY CONTAIN INFORMATION THAT IS PRIVILEGED, CONFIDENTIAL OR OTHERWISE PROTECTED FROM DISCLOSURE. DISSEMINATION, DISTRIBUTION OR COPYING OF THIS FACSIMILE OR THE INFORMATION HEREIN BY ANYONE OTHER THAN THE INTENDED RECIPIENT IS PROHIBITED. IF YOU HAVE RECEIVED THIS FACSIMILE TRANSMISSION IN ERROR PLEASE RETURN IT TO THE UNITED STATES SECURITIES AND EXCHANGE COMMISSION BY MAIL.

IF YOU DO NOT RECEIVE ALL THE PAGES, PLEASE CALL IMMEDIATELY AT (617) 573-8900.



**UNITED STATES**
**SECURITIES AND EXCHANGE COMMISSION**
BOSTON DISTRICT OFFICE
33 ARCH STREET
23ʳᴰ FLOOR
BOSTON, MA 02110-1424
PHONE: 617-573-8900
FACSIMILE: 617-573-4590

IAN D. ROFFMAN
PHONE: 617-573-8987
EMAIL: ROFFMANI@SEC.GOV

October 23, 2006

<u>Via Facsimile and U.S. Mail</u>

Cathy A. Fleming
Edwards, Angell, Palmer & Dodge LLP
750 Lexington Avenue
New York, NY 10022

Re:    <u>SEC v. Biopure, Civ. A. No. 05-11853-PBS (D. Mass.)</u>

Dear Cathy:

Thank you for your October 17, 2006 letter regarding Howard Richman's condition. The Commission will agree to withdraw the Notice of Deposition of Defendant Howard Richman provided that counsel for defendant Moore and you each agree that the Commission may take defendant Richman's deposition at a later date, including after the close of discovery. Please let me know if that agreement is acceptable.

The Commission, however, cannot agree to stay its case against defendant Richman while continuing to litigate against defendant Moore. As we have discussed, significant discovery, including non-party depositions, is ongoing. This discovery relates to the charges against both defendants. If defendant Richman were excused from participating in discovery, there would exist a potential that the ongoing discovery, including all of the depositions, would have to be conducted a second time. This situation would unfairly prejudice both the Commission and the non-parties who are participating in discovery.

However, as we have discussed, I am available to continue to discuss a potential resolution of charges against defendant Richman at your convenience.

Very truly yours,

Ian D. Roffman

cc: Jason A. Levine