UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | : | |
| | : | |
| Plaintiff, | : | Civ. A. No. 05-11853-PBS |
| v. | : | |
| | : | |
| BIOPURE CORPORATION, | : | |
| THOMAS MOORE, HOWARD RICHMAN, | : | |
| and JANE KOBER | : | |
| | : | |
| Defendants. | : | |

**SECURITIES AND EXCHANGE COMMISSION'S OPPOSITION TO DEFENDANT
RICHMAN'S MOTION TO SEVER AND STAY LITIGATION AS TO HIM**

Plaintiff Securities and Exchange Commission ("Commission") respectfully submits this Opposition to Defendant Howard Richman's Motion to Sever and Stay Litigation As To Him. The Commission opposes the motion to sever charges against the two remaining defendants from each other because separate trials would be inefficient, duplicative and unfairly prejudicial to the Commission. The Commission opposes the motion to stay the litigation as to defendant Richman indefinitely, but would not object to a short continuance of the final pre-trial conference and trial.

**I.   Separate Trials Would Be Inefficient,
      Duplicative and Unfairly Prejudicial To The Commission**

The Commission opposes defendant Richman's motion to sever the charges against him from the charges against defendant Moore because separate trials would be inefficient, duplicative and unfairly prejudicial to the Commission. Motions for separate trials are ordinarily reviewed pursuant to Fed. R. Civ. P. 20, 21 or 42(b). Rule 20 provides that "[a]ll persons . . . may be joined in one action as defendants if there is asserted against them jointly, severally, or in

the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a).  Rule 20(b) provides that a court "may order separate trials or make other orders to prevent delay or prejudice."  Fed. R. Civ. P. 20(b). Rule 21 permits a court to add or drop parties to an action "on such terms as are just."  Fed. R. Civ. P. 21.  Lastly, Rule 42 permits a court to order separate trials of a plaintiff's claims when doing so will be expeditious and serve the interests of judicial economy.  Fed. R. Civ. P. 42.  *See also Jeanty v. County of Orange*, 379 F. Supp.2d 533, 548-9 (S.D.N.Y. 2005) (citations omitted).

      To determine whether severance and separate trials are appropriate, courts generally consider: "(1) whether the issues sought to be tried separately are significantly different from another, (2) whether the separable issues require the testimony of different witnesses and different documentary proof, (3) whether the party opposing the severance will be prejudiced if it is granted and (4) whether the party requesting the severance will be prejudiced if it is not granted."  *Id.* (citations omitted).  The decision of whether to sever parties from an action or to order separate trials rests in the discretion of this Court.  *Id.*; *see also Gonzalez-Marin v. Equitable Life Assur. Soc. of U.S.*, 845 F.2d 1140, 1145 (1st Cir. 1988) (noting that a Rule 42(n) motion lies within the discretion of the trial court).  In addition, "the presumption is that all claims in a case will be resolved in a single trial, and it is only in exceptional circumstances where there are special and persuasive reasons for departing from this practice that distinct causes of action asserted in the same case may be made the subject of separate trials."  *Jeanty*, 379 F. Supp.2d at 549 (internal quotations and citations omitted).  *See also United Mine Workers*

*v. Gibbs*, 383 U.S. 715, 724 (1966) ("Under the Rules, the impulse is towards entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged.")

Here, the charges against defendants Richman and Moore relate to the same facts and circumstances -- Biopure's public disclosures about the status of its applications for FDA approval. In many instances, defendant Moore, who was the chief executive officer of Biopure, and defendant Richman, who was Biopure's head of regulatory affairs, acted together. Defendant Moore and defendant Richman were jointly involved in making decisions about public disclosures. They were both involved in drafting public statements and other documents. They appeared together during investor conference calls and made joint presentations. The Commission would largely expect to call the same witnesses to present its case against both. The charges against defendant Moore and Richman also raise the same legal issues as to whether the statements they made were misleading, whether their misrepresentations and omissions were material, and, because of the similar factual circumstances, whether they acted with the requisite state of mind.

The Commission would be unfairly prejudiced if charges against defendant Moore and defendant Richman were severed into separate trials. Separate trials would force the Commission to present the same evidence twice, to two separate juries. Witnesses, several of which are expected to travel from outside of Massachusetts, would have to be asked (or subpoenaed) to appear twice. Moreover, to the extent that there are a few depositions that remain to be taken, such deposition would potentially have to be taken twice. In short, separate trials would result in an inefficient and wasteful use of judicial and governmental resources, would

necessitate duplicate discovery and trials, and would impose significant burden on witnesses who are not parties to this action. *See also In re Blech Sec. Litig.*, No 94-civ-7696 (RWS), 2003 WL 1610775, at *11-12 (S.D.N.Y. Mar. 26, 2003) (denying motion for separate trials and noting that courts strongly disfavor separate trials).

In addition, in some instances, defendant Moore has also attempted to deflect his own liability by blaming defendant Richman for certain conduct. Defendant Richman's deposition is among the few depositions that has not yet taken place. At defendant Richman's counsel's request, the Commission has agreed to postpone temporarily that deposition. Allowing a trial to proceed against defendant Moore without defendant Richman, especially where the Commission has been unable to depose defendant Richman, would put the Commission in an untenable position to defend against an empty chair and would provide Moore with an opportunity to make broad representations as to what defendant Richman said to him without providing the Commission with a full opportunity to cross-examine witnesses, test the veracity of the statements or present contradictory testimony from defendant Richman.

Accordingly, the Commission respectfully requests that the Court deny defendant Richman's motion to sever at this time.[1]

---

[1] The Commission recognizes that defendant Richman's health may justify a severance at some point. However, in light of (i) the prejudice to the Commission and to non-party witnesses, (ii) continuing discovery described below, and (iii) uncertainty about defendant Richman's condition, the Commission respectfully suggests that it would be premature to sever claims against defendant Richman at this time.

## II. An Indefinite Stay Would Not be Appropriate, But The Commission Would Not Object To a Short Continuance Of the Trial

The Commission would like to bring this case to trial as quickly as possible and opposes an indefinite stay of proceedings as to defendant Richman. However, the Commission is not unsympathetic to defendant Richman's medical condition, and it does not object to entry of a case management order that provides defendant Richman and his counsel additional time to evaluate his health and to determine whether a resolution of this matter as to him is possible. The Commission also notes that defendant Richman's medical report, submitted with his Motion, is somewhat vague about his condition. In particular, the report states that his prognosis is "undeterminable at this present time," but it does not state whether his prognosis may become determinable at a later date. It also does not state the length of time his present course of treatment will take or whether defendant Richman would be physically able to stand trial or sit for a deposition now or at some later date. These matters are understandably private and sensitive. But in the absence of this information, it is difficult for the Commission to evaluate how to proceed with this action.

Currently, the close of discovery in this case is scheduled for October 31, 2006. The final pre-trial conference is scheduled for January 9, 2007, and trial is scheduled to begin on January 15, 2007. Rather than stay the charges against defendant Richman indefinitely, the Commission respectfully suggests that this Court continue the final pre-trial conference and trial for a short period of time. A short continuance would enable defendant Richman to provide a further update to the Court about his medical condition, presumably after he has received some treatment. In the meantime, the parties would continue to determine whether a resolution of

charges against defendant Richman is possible.

A short continuance would also be consistent with limited additional discovery that defendant Moore continues to pursue. As this Court is aware, defendant Moore has continued to pursue discovery from the FDA. In addition to seeking documents, in the past three weeks (just before the close of discovery), defendant Moore also attempted to serve subpoenas seeking depositions of four additional FDA employees -- in addition to the four FDA employees he has already deposed.

On October 30, 2006, Judge Robertson of the United States District Court for the District of Columbia held a hearing relating to discovery motions involving the FDA. Judge Robertson quashed three of four deposition subpoenas served by defendant Moore and ordered the fourth deposition to take place in two weeks. Judge Robertson also put in place a schedule for the further production of documents by the FDA. Specifically, the FDA will be required to collect further responsive documents within 10 days and will then be required to review such documents for trade secret and confidential information and make rolling productions to the parties in good faith. The FDA represented to the court that, once responsive documents were collected, it would take two weeks to review and redact three of four categories of documents sought by defendant Moore. The FDA was unable to estimate the length of time for review and redaction of the fourth category of documents until after it determined the volume of material that was responsive. Judge Robertson further stated that the time estimates provided by the FDA did not seem unreasonable, and he asked that the parties inform him if this Court makes any changes to the trial schedule.

In addition, other discovery is already scheduled to take place after the formal discovery

cut-off. Due to scheduling constraints, the parties have agreed that defendant Moore will not be deposed until November 7. Moreover, pursuant to an Order by Magistrate Judge Collins, the Commission is scheduled to disclose a rebuttal expert on October 31, 2006. Presumably, defendants will want to seek document discovery from and depose the Commission's rebuttal expert during November.

Accordingly, a short continuance makes sense for several reasons. Primarily, it would allow additional time to assess defendant Richman's health and to avoid the potential for separate trials. It would also allow additional time for the parties to attempt to resolve claims against defendant Richman and for defendant Moore to obtain the discovery he is seeking from the FDA.[2]

### Conclusion

For the foregoing reasons, the Commission respectfully requests that this Court deny defendant Richman's Motion to the extent that it seeks severance of claims and an indefinite stay

---

[2] The Commission does not seek a continuance of the discovery cut-off, generally. Rather, the Commission notes that a short continuance of the final pre-trial conference and of trial would be consistent with the additional discovery that is already scheduled to take place after October 31, 2006. The Commission would oppose any depositions, other than those already noticed, that might lead to additional delays.

of litigation against defendant Richman.  The Commission does not object to defendant Richman's Motion to the extent that it seeks a short continuance of the final pre-trial conference and trial.

Dated:  October 31, 2006
       Boston, Massachusetts                     Respectfully submitted,

                                            /s/ Ian D. Roffman
                                           Ian D. Roffman (BBO #637564)
                                           R. Daniel O'Connor (BBO# 634207)
                                           Ellen Bober Moynihan (BBO#  567598)
                                           33 Arch Street
                                           Boston, Massachusetts 02110-1424
                                           (617) 573-8987 (Roffman)
                                           Counsel for Plaintiff
                                           Securities and Exchange Commission

*Electronically Served by ECF*