UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---

SECURITIES AND EXCHANGE COMMISSION, :
:
                             Plaintiff, :      Civ. A. No. 05-11853-PBS
  v. :
:
BIOPURE CORPORATION, :
THOMAS MOORE, and :
HOWARD RICHMAN :
:
                           Defendants. :

---

## CONSENT OF DEFENDANT THOMAS MOORE

1.    Defendant Thomas Moore ("Defendant Moore") acknowledges having been served with the complaint in this action, enters a general appearance, and admits the Court's jurisdiction over Defendant Moore and over the subject matter of this action.

2.    Without admitting or denying the allegations of the complaint (except as to personal and subject matter jurisdiction, which Defendant Moore admits), Defendant Moore hereby consents to the entry of the final Judgment in the form attached hereto (the "Final Judgment") and incorporated by reference herein, which, among other things:

    (a)    permanently restrains and enjoins Defendant Moore from violation of Section 17(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77q(a)], Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b)] and Rules 10b-5 and 13a-14 promulgated thereunder [17 C.F.R §§ 240.10b-5 and 240.13a-14] and from aiding and abetting violation of Section 13(a) of the Exchange Act [15 U.S.C. § 78m(a)] and Rules 12b-20, 13a-11, and 13a-13 promulgated thereunder [17 C.F.R §§ 240.12b-20, 240.13a-11, and 240.13a-13]; and

(b) orders Defendant Moore to pay a civil penalty in the amount of $120,000 under Section 20(d) of the Securities Act [15 U.S.C. §§ 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)].

3. Defendant Moore agrees that he shall not seek or accept, directly or indirectly, reimbursement or indemnification from any source, including but not limited to payment made pursuant to any insurance policy, with regard to any civil penalty amount that Defendant Moore pays pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors. Defendant Moore further agrees that he shall not claim, assert, or apply for a tax deduction or tax credit with regard to any federal, state, or local tax for any penalty amounts that Defendant Moore pays pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors.

4. Defendant Moore waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

5. Defendant Moore waives the right, if any, to a jury trial and to appeal from the entry of the Final Judgment.

6. Defendant Moore enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Defendant Moore to enter into this Consent.

7. Defendant Moore agrees that this Consent shall be incorporated into the Final Judgment with the same force and effect as if fully set forth therein.

8. Defendant Moore will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

9. Defendant Moore waives service of the Final Judgment and agrees that entry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendant Moore of its terms and conditions. Defendant Moore further agrees to provide counsel for the Commission, within thirty days after the Final Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Defendant Moore has received and read a copy of the Final Judgment.

10. Consistent with 17 C.F.R. 202.5(f), this Consent resolves only the claims asserted against Defendant Moore in this civil proceeding. Defendant Moore acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Defendant Moore waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein. Defendant Moore further acknowledges that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations. Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization. This statutory disqualification has consequences that are separate from any sanction imposed in

an administrative proceeding.

11. Defendant Moore understands and agrees to comply with the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegation in the complaint or order for proceedings." 17 C.F.R. § 202.5. In compliance with this policy, Defendant Moore agrees: (i) not to take any action or to make or permit to be made any public statement denying, directly or indirectly, any allegation in the complaint or creating the impression that the complaint is without factual basis; and (ii) that upon the filing of this Consent, Defendant Moore hereby withdraws any papers filed in this action to the extent that they deny any allegation in the complaint. If Defendant Moore breaches this agreement, the Commission may petition the Court to vacate the Final Judgment and restore this action to its active docket. Nothing in this paragraph affects Defendant Moore's: (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

12. Defendant Moore hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Defendant Moore to defend against this action. For these purposes, Defendant Moore agrees that Defendant Moore is not the prevailing party in this action since the parties have reached a good faith settlement.

13. In connection with this action and any related judicial or administrative proceeding or investigation commenced by the Commission or to which the Commission is a

party, Defendant Moore (i) agrees to appear and be interviewed by Commission staff at such times and places as the staff requests upon reasonable notice; (ii) will accept service by mail or facsimile transmission of notices or subpoenas issued by the Commission for documents or testimony at depositions, hearings, or trials, or in connection with any related investigation by Commission staff; (iii) appoints Defendant Moore's undersigned attorney as agent to receive service of such notices and subpoenas; (iv) with respect to such notices and subpoenas, waives the territorial limits on service contained in Rule 45 of the Federal Rules of Civil Procedure and any applicable local rules, provided that the party requesting the testimony reimburses Defendant Moore's travel, lodging, and subsistence expenses at the then-prevailing U.S. Government per diem rates; and (v) consents to personal jurisdiction over Defendant Moore in any United States District Court for purposes of enforcing any such subpoena.

14. Defendant Moore agrees that the Commission may present the Final Judgment to the Court for signature and entry without further notice.

15.  Defendant Moore agrees that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Final Judgment.

Dated: Dec 15, 2006

_____
Thomas Moore

On Dec 15, 2006, Thomas Moore, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent.

_____
Notary Public
Commission expires: Mar 9, 2016

Approved as to form:

_____
Bobby R. Burchfield
McDermott, Will & Emery LLP
600 13th Street, N.W.
Washington, DC 20005-3096
Attorney for Defendant Moore

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
JOHN BOHACH, Notary Public
City of Philadelphia, Phila. County
My Commission Expires March 9, 2010

6

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                            :
SECURITIES AND EXCHANGE COMMISSION,         :
                                            :
                        Plaintiff,          :      Civ. A. No. 05-11853-PBS
            v.                              :
                                            :
BIOPURE CORPORATION,                        :
THOMAS MOORE, and                           :
HOWARD RICHMAN                              :
                                            :
                        Defendants.         :
_____         :

**FINAL JUDGMENT AS TO DEFENDANT THOMAS MOORE**

The Securities and Exchange Commission having filed a Complaint and Defendant Thomas Moore having entered a general appearance; consented to the Court's jurisdiction over Defendant Moore and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant Moore, directly or indirectly through Defendant Moore's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise, is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

  (a) to employ any device, scheme, or artifice to defraud;

  (b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

  (c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

II.

It Is Hereby Further Ordered, Adjudged, And Decreed that Defendant Moore, directly or indirectly through Defendant Moore's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise, is permanently restrained and enjoined from violating Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

  (a) to employ any device, scheme, or artifice to defraud;

  (b) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

  (c) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Moore, directly or indirectly through Defendant Moore's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise, is permanently restrained and enjoined from violating Rule 13a-14 [17 C.F.R. §240.13a-14] promulgated under Section 13(a) of the Exchange Act [15 U.S.C. § 78m(a)], which requires that each principal executive and principal financial officer of an issuer, or person performing similar functions, sign a certification for each report, including transition reports, filed on Form 10-Q, Form 10-QSB, Form 10-K, Form 10-KSB, Form 20-F or Form 40-F under section 13(a) of the Exchange Act, other than a report filed by an Asset-Backed Issuer or a report on Form 20-F filed under Rule 240.13a-19, in the form specified in the applicable exhibit filing requirements of such report and that such certifications be filed as an exhibit to such report.

IV.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant Moore, directly or indirectly through Defendant Moore's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise, is permanently restrained and enjoined from aiding and abetting any violation of Section 13(a) of the Exchange Act [15 U.S.C. § 78m(a)] and Rules 12b-20, 13a-11 and 13a-13 thereunder [17 C.F.R. §§240.12b-20, 240.13a-11 and 240.13a-13] by knowingly providing substantial assistance to any issuer of securities registered under Section 12 of the Exchange Act [15 U.S.C. § 78l] that fails to file with the Commission, in accordance with such

rules and regulations as the Commission may prescribe as necessary or appropriate for the proper protection of investors and to insure fair dealing in the security, such information and documents as the Commission shall require to keep reasonably current the information and documents required to be included in or filed with an application or registration statement filed pursuant to Section 12 of the Exchange Act, or such annual reports, certified if required by the rules and regulations of the Commission by independent public accountants, and such current and quarterly reports as the Commission may prescribe, including but not limited to current reports on Form 8-K as prescribed by Rule 13a-11 [17 C.F.R. § 240.13a-11] and quarterly reports on Form 10-Q as prescribed by Rule 13a-13 [17 C.F.R. §240.13a-13], and by failing to include, in addition to the information expressly required to be included in any statement or report filed pursuant to Section 13(a) of the Exchange Act [15 U.S.C. §78m(a)], such further material information, if any, as may be necessary to make the required statements, in light of the circumstances under which they are made, not misleading.

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Moore shall pay a civil penalty in the amount of $120,000 pursuant to Section 20(d) of the Securities Act [15 U.S.C. §§ 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)]. Defendant Moore shall make this payment within ten (10) business days after entry of this Final Judgment by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission. The payment shall be delivered or mailed to the Office of Financial Management, Securities and Exchange Commission, Operations Center, 6432 General Green Way, Mail Stop 0-3, Alexandria, Virginia 22312, and shall be accompanied by a

letter identifying Thomas Moore as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment. Defendant Moore shall simultaneously transmit photocopies of such payment and letter to the Commission's counsel in this action. Defendant Moore shall pay post-judgment interest on any delinquent amounts pursuant to 28 USC § 1961. The Commission shall remit the funds paid pursuant to this paragraph to the United States Treasury.

VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant Moore shall comply with all of the undertakings and agreements set forth therein.

VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

VIII.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated: _____, _____

                                                _____
                                                UNITED STATES DISTRICT JUDGE