UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | : |
| Plaintiff, | : Civ. A. No. 05-11853-PBS |
| v. | : |
| BIOPURE CORPORATION, THOMAS MOORE, and HOWARD RICHMAN | : |
| Defendants. | : |

**FINAL JUDGMENT AS TO DEFENDANT THOMAS MOORE**

The Securities and Exchange Commission having filed a Complaint and Defendant Thomas Moore having entered a general appearance; consented to the Court's jurisdiction over Defendant Moore and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant Moore, directly or indirectly through Defendant Moore's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise, is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a)  to employ any device, scheme, or artifice to defraud;

(b)  to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c)  to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Moore, directly or indirectly through Defendant Moore's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise, is permanently restrained and enjoined from violating Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a)  to employ any device, scheme, or artifice to defraud;

(b)  to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c)  to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Moore, directly or indirectly through Defendant Moore's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise, is permanently restrained and enjoined from violating Rule 13a-14 [17 C.F.R. §240.13a-14] promulgated under Section 13(a) of the Exchange Act [15 U.S.C. § 78m(a)], which requires that each principal executive and principal financial officer of an issuer, or person performing similar functions, sign a certification for each report, including transition reports, filed on Form 10-Q, Form 10-QSB, Form 10-K, Form 10-KSB, Form 20-F or Form 40-F under section 13(a) of the Exchange Act, other than a report filed by an Asset-Backed Issuer or a report on Form 20-F filed under Rule 240.13a-19, in the form specified in the applicable exhibit filing requirements of such report and that such certifications be filed as an exhibit to such report.

IV.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant Moore, directly or indirectly through Defendant Moore's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise, is permanently restrained and enjoined from aiding and abetting any violation of Section 13(a) of the Exchange Act [15 U.S.C. § 78m(a)] and Rules 12b-20, 13a-11 and 13a-13 thereunder [17 C.F.R. §§240.12b-20, 240.13a-11 and 240.13a-13] by knowingly providing substantial assistance to any issuer of securities registered under Section 12 of the Exchange Act [15 U.S.C. § 78l] that fails to file with the Commission, in accordance with such

3

Case 1:05-cv-11853-PBS    Document 151-2    Filed 02/09/2007    Page 4 of 5

rules and regulations as the Commission may prescribe as necessary or appropriate for the proper protection of investors and to insure fair dealing in the security, such information and documents as the Commission shall require to keep reasonably current the information and documents required to be included in or filed with an application or registration statement filed pursuant to Section 12 of the Exchange Act, or such annual reports, certified if required by the rules and regulations of the Commission by independent public accountants, and such current and quarterly reports as the Commission may prescribe, including but not limited to current reports on Form 8-K as prescribed by Rule 13a-11 [17 C.F.R. § 240.13a-11] and quarterly reports on Form 10-Q as prescribed by Rule 13a-13 [17 C.F.R. §240.13a-13], and by failing to include, in addition to the information expressly required to be included in any statement or report filed pursuant to Section 13(a) of the Exchange Act [15 U.S.C. §78m(a)], such further material information, if any, as may be necessary to make the required statements, in light of the circumstances under which they are made, not misleading.

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Moore shall pay a civil penalty in the amount of $120,000 pursuant to Section 20(d) of the Securities Act [15 U.S.C. §§ 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)]. Defendant Moore shall make this payment within ten (10) business days after entry of this Final Judgment by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission. The payment shall be delivered or mailed to the Office of Financial Management, Securities and Exchange Commission, Operations Center, 6432 General Green Way, Mail Stop 0-3, Alexandria, Virginia 22312, and shall be accompanied by a

letter identifying Thomas Moore as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment. Defendant Moore shall simultaneously transmit photocopies of such payment and letter to the Commission's counsel in this action. Defendant Moore shall pay post-judgment interest on any delinquent amounts pursuant to 28 USC § 1961. The Commission shall remit the funds paid pursuant to this paragraph to the United States Treasury.

VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant Moore shall comply with all of the undertakings and agreements set forth therein.

VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

VIII.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated: 2/12/07

_____
UNITED STATES DISTRICT JUDGE